**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

Southern _____ District of Texas _____
(State)

Case number (*If known*): _____ Chapter 11

☐ Check if this is an
amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy 04/19

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

| | | |
|---|---|---|
| 1. | **Debtor's name** | Sanchez Energy Corporation |

2. **All other names debtor used in the last 8 years**

Include any assumed names, trade names, and *doing business as* names

3. **Debtor's federal Employer Identification Number** (EIN)

4 5 _ 3 0 9 0 1 0 2

4. **Debtor's address**

**Principal place of business**

1000 ____ Main Street ____
Number    Street

Suite 3000

Houston ____ TX ____ 77002
City    State    ZIP Code

Harris County
County

**Mailing address, if different from principal place of business**

_____ _____
Number    Street

_____
P.O. Box

_____ _____ _____
City    State    ZIP Code

**Location of principal assets, if different from principal place of business**

_____ _____
Number    Street

_____
City    State    ZIP Code

5. **Debtor's website** (URL)    www.sanchezenergycorp.com

6. **Type of debtor**

☑ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))
☐ Partnership (excluding  LLP)
☐ Other. Specify: _____

| Debtor | Sanchez Energy Corporation | Case number (if known) |
|---|---|---|
| | Name | |

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☑ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

2  1  1  1

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☐ Chapter 7

☐ Chapter 9

☑ Chapter 11. *Check all that apply*:

　　☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625 (amount subject to adjustment on 4/01/22 and every 3 years after that).

　　☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

　　☐ A plan is being filed with this petition.

　　☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

　　☑ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

　　☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☑ No

☐ Yes. District _____ When _____ Case number _____
　　　　　　　　　　　　　　　　　MM / DD / YYYY

　　　District _____ When _____ Case number _____
　　　　　　　　　　　　　　　　　MM / DD / YYYY

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No

☑ Yes. Debtor  See Rider 1　　　　　　Relationship  Affiliate

　　　District  Southern District of Texas　　When  08/11/2019
　　　　　　　　　　　　　　　　　　　　　　　　MM / DD / YYYY

　　　Case number, if known _____

| Debtor | Sanchez Energy Corporation | Case number (if known)_____ |
|---|---|---|
| | Name | |

**11. Why is the case filed in *this district*?**

Check all that apply:

☑ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☑ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (Check all that apply.)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
Number          Street

_____

_____
City                                    State          ZIP Code

**Is the property insured?**

☐ No

☐ Yes. Insurance agency _____

Contact name _____

Phone _____

---

**Statistical and administrative information**

**13. Debtor's estimation of available funds**

Check one:

☑ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors**

| ☐ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
|---|---|---|
| ☐ 50-99 | ☐ 5,001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☑ 10,001-25,000 | ☐ More than 100,000 |
| ☐ 200-999 | | |

**15. Estimated assets**

| ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
|---|---|---|
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

Debtor   Sanchez Energy Corporation _____   Case number *(if known)* _____
    Name

**16. Estimated liabilities**

- ☐ $0-$50,000
- ☐ $50,001-$100,000
- ☐ $100,001-$500,000
- ☐ $500,001-$1 million

- ☐ $1,000,001-$10 million
- ☐ $10,000,001-$50 million
- ☐ $50,000,001-$100 million
- ☐ $100,000,001-$500 million

- ☐ $500,000,001-$1 billion
- ☑ $1,000,000,001-$10 billion
- ☐ $10,000,000,001-$50 billion
- ☐ More than $50 billion

---

| | **Request for Relief, Declaration, and Signatures** |
|---|---|

**WARNING --** Bankruptcy fraud is a serious crime.  Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

- ▪ The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

- ▪ I have been authorized to file this petition on behalf of the debtor.

- ▪ I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   08/  11/2019
              MM / DD / YYYY

✖ /s/ Gregory Kopel _____     Gregory Kopel _____
Signature of authorized representative of debtor     Printed name

Title  Executive Vice President and General Counsel _____

---

**18. Signature of attorney**

✖  /s/ Matthew D. Cavenaugh _____     Date   08/  11/2019
Signature of attorney for debtor                            MM  / DD / YYYY

Matthew D. Cavenaugh _____
Printed name

Jackson Walker L.L.P. _____
Firm name

1401      McKinney Street, Suite 1900 _____
Number    Street

Houston _____   TX _____   77010 _____
City                                         State     ZIP Code

(713) 752-4284 _____   mcavenaugh@jw.com _____
Contact phone                                Email address

24062656 _____   TX _____
Bar number                                   State

---

Official Form 201A (12/15)

*[If debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11 of the Bankruptcy Code, this Exhibit "A" shall be completed and attached to the petition.]*

*[Caption as in Form 416B]*

## Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11

1. If any of the debtor's securities are registered under Section 12 of the Securities Exchange Act of 1934, the SEC file number is ___001-35372___.

2. The following financial data is the latest available information and refers to the debtor's condition on ___06/30/2019___.

    a. Total assets                  $ 2,159,915,332

    b. Total debts (including debts listed in 2.c., below)     $ 2,854,673,930

    c. Debt securities held by more than 500 holders

Approximate number of holders:

| | | | | |
|---|---|---|---|---|
| secured ☐ | unsecured ☐ | subordinated ☐ | $ _____ | _____ |
| secured ☐ | unsecured ☐ | subordinated ☐ | $ _____ | _____ |
| secured ☐ | unsecured ☐ | subordinated ☐ | $ _____ | _____ |
| secured ☐ | unsecured ☐ | subordinated ☐ | $ _____ | _____ |
| secured ☐ | unsecured ☐ | subordinated ☐ | $ _____ | _____ |

    d. Number of shares of preferred stock               3,130,514 (aggregate)

    e. Number of shares common stock                100,075,338

Comments, if any:   Individual series of preferred stock: 619,502 (Series A); 2,511,012 (Series B)

3. Brief description of debtor's business:   Sanchez Energy Corporation and its debtor and non-debtor affiliates are an independent exploration and production company focused on the acquisition and development of U.S. onshore oil and natural gas resources.

4. List the names of any person who directly or indirectly owns, controls, or holds, with power to vote, 5% or more of the voting securities of debtor:

A.R. Sanchez, Jr.

## RIDER 1

Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

As of the date hereof, each of the entities listed below (the "Debtors") filed a petition in this Court for relief under chapter 11 of title 11 of the United States Code. The Debtors will move for joint administration of these cases under the case number assigned to the chapter 11 case of Sanchez Energy Corporation.

1. Sanchez Energy Corporation

2. SN Palmetto, LLC

3. SN Marquis LLC

4. SN Cotulla Assets, LLC

5. SN Operating, LLC

6. SN TMS, LLC

7. SN Catarina, LLC

8. Rockin L Ranch Company, LLC

9. SN EF Maverick, LLC

10. SN Payables, LLC

11. SN UR Holdings, LLC

## **CERTIFICATE**

The undersigned, Gregory Kopel, an Authorized Officer of the Company, hereby certifies as follows:

a)  I am a duly qualified and elected officer of the Company, and, as such, I am familiar with the facts herein certified and duly authorized to certify the same on behalf of the Company.

b)  Attached hereto is a true, complete and correct copy of the resolutions of the Board, duly adopted in accordance with the Company's bylaws.

c)  Such resolutions have not been amended, altered, annulled, rescinded or revoked and are in full force and effect as of the date hereof.  There exists no other subsequent resolution of the Board relating to the matters set forth in the resolutions attached hereto.

IN WITNESS WHEREOF, the undersigned has executed this certificate as of the date first set forth above.


By:     /s/ Gregory Kopel_____
Name: Gregory Kopel
Title:  Executive Vice President and General
        Counsel

**OMNIBUS RESOLUTIONS
OF THE BOARDS OF DIRECTORS AND SOLE MEMBERS
OF THE COMPANIES SET FORTH ON <u>ANNEX A</u>**

August 10, 2019

The board of directors or sole members, as applicable (each, a "***Governing Body***"), of each applicable entity set forth on <u>Annex A</u> attached hereto (each, a "***Company***" and collectively, the "***Companies***"), on behalf of such Company and each of such Company's direct or indirect subsidiaries that is also a Company and set forth on <u>Annex A</u>, for such Company and in such Company's (or Company subsidiary's) capacity as the direct or indirect member and/or manager, as applicable, of such other Company subsidiary, hereby take the following actions and adopt the following resolutions, pursuant to the applicable certificate of incorporation, bylaws, operating agreement, limited liability company agreement or similar document of each respective Company (as amended, restated, amended and restated, supplemented or otherwise modified on or prior to the date hereof, as applicable, a "***Governing Document***") and the applicable laws of the state of formation of each such Company, as set forth next to each such Company's name on <u>Annex A</u>:

**Chapter 11 Filing**

>   **WHEREAS**, the Special Committee (the "***Special Committee***") of the Board of Directors of Sanchez Energy Corporation (the "***Board***") has been duly charged with considering, evaluating and negotiating strategic and/or financial alternatives for Sanchez Energy Corporation, including the possibilities of seeking alternative financing, or undertaking a sale, restructuring, reorganization, or other recapitalization transaction and related financing involving Sanchez Energy Corporation and/or one or more of its direct and indirect subsidiaries, including the Companies (each of the foregoing and any combination of the foregoing, a "***Transaction***"), and taking certain other actions with respect thereto;

>   **WHEREAS**, the Special Committee, in consultation with the Companies' management (the "***Management***") and financial, restructuring and legal advisors (collectively, the "***Advisors***") and in consideration of all the applicable facts and circumstances has (i) determined that it is advisable and in the best interests of the Companies and their respective creditors and other parties in interest that the Companies file voluntary petitions for relief (the "***Chapter 11 Cases***") under chapter 11 of title 11 of the United States Code (the "***Bankruptcy Code***") and (ii) recommended that each Governing Body (x) authorize, empower and direct the filing of the Chapter 11 Cases under the provisions of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Texas or another court of proper jurisdiction, (y) employ legal counsel, accountants, financial advisors or other professionals such Companies' officers deem necessary, appropriate or desirable, each to represent and assist each respective Company in carrying out its duties under the Bankruptcy Code and any applicable law, and to take any and all actions to advance each such Company's rights and obligations and (z) otherwise take the actions and adopt the resolutions set forth below;

**WHEREAS**, each Governing Body considered presentations by each Company's Management and Advisors, including, but not limited to, materials regarding the liabilities and liquidity situation of each Company, the Transactions and other strategic alternatives available to it and the effect of the foregoing on each such Company's business;

**WHEREAS**, each Governing Body has had the opportunity to consult with the Management and the Advisors of each respective Company and fully consider each of the Transactions and other strategic alternatives available to each such Company; and

**WHEREAS**, after careful consideration of all of the facts and circumstances relating to the Chapter 11 Cases, each Governing Body has determined that it is advisable and in the best interests of the Companies and their respective creditors and other parties in interest that the Companies file the Chapter 11 Cases.

**NOW, THEREFORE, BE IT RESOLVED**, that in the judgment of each Governing Body, it is advisable and in the best interests of each respective Company, its creditors and other parties in interest, that each Company shall be, and hereby is, authorized, empowered and directed to file or cause to be filed the Chapter 11 Cases under the provisions of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Texas or another court of proper jurisdiction; and

**RESOLVED**, that the Chief Executive Officer, President, Chief Financial Officer, General Counsel and any other duly appointed officer of each Company (each, an "***Authorized Officer***" and collectively, the "***Authorized Officers***"), acting alone or with one or more other Authorized Officers be, and hereby are, authorized, empowered and directed to execute and file on behalf of each respective Company all petitions, schedules, lists and other motions, papers or documents (including the filing of financing statements) as necessary to commence the Chapter 11 Cases and obtain chapter 11 relief, and to take any and all action that they deem necessary, appropriate or desirable to obtain such relief, including, without limitation, any action necessary, appropriate or desirable to maintain the ordinary course operation of each such Company's business.

**Retention of Professionals**

**NOW, THEREFORE, BE IT RESOLVED**, that the applicable Authorized Officers, acting alone or with one or more other applicable Authorized Officers, be, and hereby are, authorized, empowered and directed to employ: (i) the law firm of Akin Gump Strauss Hauer & Feld LLP, as general bankruptcy counsel, (ii) the law firm of Jackson Walker LLP, as co-bankruptcy counsel, (iii) Moelis & Company LLC, as financial advisor, (iv) Alvarez & Marsal North America, LLC, as restructuring advisor, (v) Prime Clerk LLC, as notice and claims agent and (vi) any other legal counsel, accountants, financial advisors or other professionals such Authorized Officers deem necessary, appropriate or desirable, each to represent and assist each respective Company in carrying out its duties under the Bankruptcy Code and any applicable law, and to take any and all actions to advance each such Company's rights and obligations, including, without limitation, filing any motions, objections, replies, applications or pleadings, and in connection therewith, such Authorized

2

Officers, with power of delegation, are hereby authorized, empowered and directed to execute (under the common seal of each respective Company, if appropriate) appropriate retention agreements, pay appropriate retainers and to cause to be filed any appropriate applications for authority to retain such services; and

**RESOLVED**, that the applicable Authorized Officers, acting alone or with one or more other applicable Authorized Officers, be, and hereby are, with power of delegation, authorized, empowered and directed to execute (under the common seal of each respective Company, if appropriate) and file all petitions, schedules, motions, lists, applications, pleadings and other papers and, in connection therewith, to employ and retain all assistance by legal counsel, accountants, financial advisors and other professionals  and to take and perform any and all further acts and deeds that the Authorized Officers in their sole discretion deem necessary, appropriate or desirable in connection with the matters authorized in these resolutions.

## Debtor-In-Possession Financing

**WHEREAS**, reference is made to the draft Debtor-In-Possession Credit Agreement previously provided to and reviewed by the Board (together with all exhibits, schedules and annexes thereto, the "***DIP Credit Agreement***") by and among Sanchez Energy Corporation, as the borrower (the "***Borrower***") and to be a debtor and debtor-in-possession under Chapter 11 of the Bankruptcy Code, an administrative agent (the "***DIP Agent***"), the lenders from time to time party thereto (collectively, the "***DIP Lenders***") and any other agents with respect thereto;

**WHEREAS**, the Borrower has requested that the DIP Lenders provide a senior secured debtor-in-possession term loan credit facility to the Borrower;

**WHEREAS**, the obligation of the DIP Lenders to make the extensions of credit to the Borrower is subject to, among other things, the Borrower entering into the DIP Credit Agreement and the relevant Companies satisfying certain conditions in the DIP Credit Agreement;

**WHEREAS**, after careful consideration of all the facts and circumstances related to the DIP Credit Agreement and the other DIP Loan Documents (as defined below), the Special Committee has (i) determined that each Company will obtain benefits from the DIP Loan Documents and it is in the best interests of each Company that each Company enter into each DIP Loan Document to which it is a party and to perform its obligations thereunder, including guaranties, if any, and the granting of security interests in all or substantially all of its assets, (ii) determined that the transactions contemplated by the DIP Loan Documents, including the granting of any liens or security interests and the issuance of any guaranties, are (x) advisable and in the best interests of the Companies, (y) necessary and convenient to the conduct, promotion and attainment of the business of the Companies, and (z) reasonably expected to directly or indirectly benefit the Companies, and (iii) recommended that each Company, if a party thereto, (y) enter into the DIP Credit Agreement and the other DIP Loan Documents and any and all other documents, certificates, instruments, agreements, intercreditor agreements, any amendment or any

3

other modification required to consummate the transactions contemplated by the DIP Credit Agreement and each other DIP Loan Document in the name of, and on behalf of, each such Company, in the form, and with such changes, modifications and amendments thereto, as any Authorized Officer of the applicable Company may in his or her sole discretion approve, and (z) otherwise take the actions and adopt the resolutions set forth below;

**WHEREAS**, each Company will obtain benefits from the DIP Credit Agreement and it is in the best interests of each Company that the Borrower enters into the DIP Credit Agreement and performs its obligations thereunder; and

**WHEREAS**, collectively, each Company will obtain benefits from the DIP Credit Agreement and any ancillary or related loan documents (the "***DIP Loan Documents***") and it is in the best interests of each Company that each Company enter into each DIP Loan Document to which it is a party and to perform its obligations thereunder, including guaranties, if any, and the granting of security interests in all or substantially all of its assets.

**NOW, THEREFORE, BE IT RESOLVED**, that the DIP Credit Agreement and each other DIP Loan Document, and the transactions contemplated by the DIP Credit Agreement (including, without limitation, the borrowings thereunder) and each other DIP Loan Document, the transactions contemplated thereby and the guaranties, liabilities, obligations, security interests granted and notes issued, if any, in connection therewith, be and hereby are authorized, adopted and approved (in the form, and with such changes, modifications and amendments thereto, as any Authorized Officer of the applicable Company may in his or her sole discretion approve);

**RESOLVED**, that each Company will obtain benefits from the DIP Credit Agreement and it is in the best interests of each Company that the Borrower enters into the DIP Credit Agreement and performs its obligations thereunder;

**RESOLVED**, that each Company will obtain benefits from the DIP Credit Agreement and the other DIP Loan Documents and it is in the best interests of each Company that each Company enters into the DIP Loan Documents to which it is a party and performs its obligations thereunder, including guaranties, if any, and the granting of security interests in all or substantially all of its assets, as applicable;

**RESOLVED**, that each Company's execution and delivery of, and its performance of its obligations (including guaranties and the granting of liens) in connection with, the DIP Credit Agreement and the other DIP Loan Documents are hereby, in all respects, authorized and approved;

**RESOLVED**, that each of the Authorized Officers, acting alone or with one or more Authorized Officers, is hereby authorized, empowered and directed to negotiate the terms of, and to execute, deliver and perform under, the DIP Credit Agreement and the other DIP Loan Documents and any and all other documents, certificates, instruments, agreements, intercreditor agreements, any amendment or any other modification required to

consummate the transactions contemplated by the DIP Credit Agreement and each other DIP Loan Document in the name of, and on behalf of, each Company, in the form, and with such changes, modifications and amendments thereto, as any of the applicable Authorized Officers may in his or her sole discretion approve, which approval shall be conclusively evidenced by his or her execution thereof, and which such execution by any of the Authorized Officers is hereby authorized to be by facsimile, engraved or printed as deemed necessary and preferable;

**RESOLVED**, that each of the applicable Authorized Officers, acting alone or with one or more other applicable Authorized Officers be, and hereby are, authorized, empowered and directed in the name of, and on behalf of, each respective Company to (i) seek authorization to enter into the DIP Credit Agreement and each other DIP Loan Document and to seek approval of the use of cash collateral pursuant to a postpetition financing order in interim and final form and (ii) negotiate, execute and deliver any and all agreements, instruments or documents, by or on behalf of each such Company, necessary to implement the postpetition financing, including providing for adequate protection to the prepetition secured lenders (the "***Secured Lenders***") in accordance with section 361 of the Bankruptcy Code, as well as any additional or further agreements for entry into the DIP Credit Agreement and each other DIP Loan Document and the use of cash collateral in connection with each such Company's Chapter 11 Cases, which agreements may require each such Company to grant adequate protection and liens to each such Company's Secured Lenders and each other agreement, instrument or document to be executed and delivered in connection therewith, by or on behalf of each such Company pursuant thereto or in connection therewith, all in the form of and with such changes therein and additions thereto as any of the applicable Authorized Officers may in his or her sole discretion approve, which approval shall be conclusively evidenced by the taking of such action or by the execution and delivery thereof;

**RESOLVED**, that (i) the terms and provisions of the DIP Credit Agreement, (ii) each other DIP Loan Document to which each respective Company is a party, (iii) the grant of security interests in, pledges of and liens on all or substantially all of the assets now or hereafter owned by each such Company as collateral (including pledges of equity and personal property as collateral) under the DIP Loan Documents, and (iv) the guaranty of obligations by each such Company under the DIP Loan Documents that is to be a guarantor thereunder, from which each such Company will derive value, be and hereby are authorized, adopted and approved, and any applicable Authorized Officer or other officer of each Company, acting alone or with one or more other applicable Authorized Officers or such other officer, is hereby authorized, empowered and directed, in the name of, and on behalf of, each such Company, to take such actions and negotiate or cause to be prepared and negotiated and to execute, deliver, perform and cause the performance of, each of the transactions contemplated by the DIP Credit Agreement, in the form, and with such changes, modifications and amendments thereto, as any Authorized Officer of the applicable Company may in his or her sole discretion approve, and such other agreements, fee letters, commitment letters, certificates, instruments, receipts, petitions, motions or other papers or documents to which each such Company is or will be a party or any order entered into in connection with the Chapter 11 Cases (collectively with the DIP Loan Documents, the

"***Financing Documents***"), incur and pay or cause to be paid all related fees and expenses, with such changes, additions and modifications thereto as an Authorized Officer executing the same shall approve;

**RESOLVED**, that each respective Company, as debtor and debtor-in-possession under the Bankruptcy Code be, and hereby is, authorized, empowered and directed to incur any and all obligations and to undertake any and all related transactions on substantially the same terms as contemplated under the Financing Documents (collectively, the "***Financing Transactions***"), including guaranties and the granting of liens on its assets to secure such obligations and the refinancing of the obligations outstanding pursuant to the Borrower's existing credit agreement;

**RESOLVED**, that each of the applicable Authorized Officers, acting alone or with one or more other applicable Authorized Officers, be, and hereby are, authorized, empowered and directed in the name of, and on behalf of, each respective Company, as debtor and debtor-in-possession, to take such actions as in his or her sole discretion is determined to be necessary, appropriate or desirable to execute, deliver and file: (i) the Financing Documents and such agreements, certificates, instruments, guaranties, notices and any and all other documents, including, without limitation, any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions and extensions of any Financing Documents, which shall in his or her sole discretion be necessary, appropriate or desirable, which determination shall be conclusively evidenced by his or her execution, delivery or filing thereof, to facilitate the Financing Transactions, (ii) all petitions, schedules, lists and other motions, papers or documents, which shall in his or her sole discretion be necessary, appropriate or desirable, which determination shall be conclusively evidenced by his or her execution, delivery or filing thereof, (iii) such other instruments, certificates, notices, assignments and documents as may be reasonably requested by the DIP Agent or other parties in interest and (iv) such forms of deposit account control agreements, officer's certificates and compliance certificates as may be required by the Financing Documents;

**RESOLVED**, that each of the applicable Authorized Officers, acting alone or with one or more other applicable Authorized Officers, be, and hereby are, authorized, empowered and directed in the name of, and on behalf of, each respective Company to file or to authorize the DIP Agent or other applicable party in interest to file any Uniform Commercial Code ("***UCC***") financing statements, any other equivalent filings, any intellectual property or real estate filings and recordings and any necessary assignments for security or other documents in the name of each respective Company that the DIP Agent or such other party deems necessary or convenient to perfect any lien or security interest granted under the Financing Documents, including any such UCC financing statement containing a generic description of collateral, such as "all assets," "all property now or hereafter acquired" and other similar descriptions of like import, and to execute and deliver, and to record or authorize the recording of, such mortgages and deeds of trust in respect of real property of each such Company and such other filings in respect of intellectual and other property of each such Company, in each case as the DIP Agent or such other party may reasonably request to perfect the security interests of the DIP Agent or such other party under the Financing Documents;

**RESOLVED**, that each of the applicable Authorized Officers, acting alone or with one or more other applicable Authorized Officers, be, and hereby are, authorized, empowered and directed in the name of, and on behalf of, each respective Company to take all such further actions, including, without limitation, to pay or approve the payment of all fees and expenses payable in connection with the Financing Transactions and all fees and expenses incurred by or on behalf of each such Company in connection with the foregoing resolutions, in accordance with the terms of the Financing Documents, which shall in his or her sole discretion be necessary, appropriate or desirable to perform each Company's obligations under or in connection with the Financing Documents or any of the Financing Transactions and to fully carry out the intent of the foregoing resolutions;

**RESOLVED**, that each of the applicable Authorized Officers, acting alone or with one or more other applicable Authorized Officers, be, and hereby are, authorized, empowered and directed in the name of, and on behalf of, each respective Company, to execute and deliver any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions and extensions of the postpetition financing or any of the Financing Documents or to do such other things which shall in his or her sole discretion be necessary, appropriate or desirable to give effect to the foregoing resolutions, which determination shall be conclusively evidenced by his or her execution thereof; and

**RESOLVED**, that to the extent any Company serves as the sole member, managing member, equivalent manager or other governing body (each, a "***Controlling Company***") of any other Company (each, a "***Controlled Company***"), each applicable Authorized Officer of the applicable Controlling Company, acting alone or with one or more other applicable Authorized Officers, is authorized, empowered and directed to take each of the actions described in or authorized by these resolutions on behalf of the applicable Controlled Company.

**General**

**NOW, THEREFORE, BE IT RESOLVED**, that in addition to the specific authorizations heretofore conferred upon the applicable Authorized Officers, each of the applicable Authorized Officers (and their designees and delegates) be, and hereby are, authorized, empowered and directed in the name of, and on behalf of, each respective Company, to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver and file any and all such agreements, certificates, instruments and other documents and to pay all expenses, including, but not limited to, filing fees, in each case as in such Authorized Officer's sole discretion, shall be necessary, appropriate or desirable in order to fully carry out the intent and accomplish the purposes of the resolutions adopted herein;

**RESOLVED**, that in addition to the specific authorizations conferred by the foregoing resolutions upon the Authorized Officers, the Authorized Officers are, and each of them individually hereby is, authorized, empowered, and directed in the name and on behalf of each Company and of any Company subsidiaries (to the extent also a Company), as applicable, to do or cause to be done all further acts and things (including, but not limited

to, (i) the approval, execution and delivery of all such agreements, instruments, certificates and other documents; (ii) adopting resolutions or executing written consents on behalf of any applicable entity in its capacity as a general partner, limited partner, manager, member or other security or right holder of or in another entity; and (iii) voting interests or otherwise exercising rights on behalf of a Company or other entity in its capacity as a general partner, limited partner, manager, member or other security or right holder of or in another entity) as the Authorized Officers doing the same or causing thereof, deem necessary, desirable, or appropriate in order to carry into effect the purposes and intent of the foregoing resolutions; with the doing of the same or causing the same to be done by any such Authorized Officer establishing conclusively such Authorized Officer's authority and, if specific forms of resolutions are necessary, desirable, or appropriate to accomplish the transactions contemplated by the foregoing resolutions, then the same shall be deemed to have been and hereby are adopted, and any appropriate officer, including any Authorized Officer, is authorized to certify the adoption of all such resolutions as though such resolutions are part of this resolution;

**RESOLVED**, that the Governing Body of each respective Company has received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions as may be required by the Governing Documents of each such Company or hereby waives any right to have received such notice;

**RESOLVED**, that all acts of the Special Committee and all acts, actions and transactions relating to the matters contemplated by the foregoing resolutions done in the name of, and on behalf of, each respective Company, which acts would have been approved by the foregoing resolutions except that such acts were taken before the adoption of these resolutions, are hereby, in all respects, approved and ratified as the true acts and deeds of each such Company with the same force and effect as if each such act, transaction, agreement or certificate has been specifically authorized in advance by resolution of the applicable Governing Body; and

**RESOLVED**, that each of the applicable Authorized Officers, acting alone or with one or more other applicable Authorized Officers (and their designees and delegates) be, and hereby are, authorized, empowered and directed to take all actions or to not take any action in the name of each respective Company with respect to the transactions contemplated by these resolutions hereunder, as such Authorized Officer shall deem necessary or desirable in such Authorized Officer's sole discretion to effectuate the purposes of the transactions contemplated herein.

*****

## ANNEX A

| Company | Jurisdiction |
|---|---|
| Sanchez Energy Corporation | Delaware |
| SN Palmetto, LLC | Delaware |
| SN Marquis LLC | Delaware |
| SN Cotulla Assets, LLC | Texas |
| SN Operating, LLC | Texas |
| SN TMS, LLC | Delaware |
| SN Catarina, LLC | Delaware |
| Rockin L Ranch Company, LLC | Delaware |
| SN Payables, LLC | Delaware |
| SN EF Maverick, LLC | Delaware |
| SN UR Holdings, LLC | Delaware |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

|  |  |
|---|---|
| In re: | ) |
|  | ) Chapter 11 |
| SANCHEZ ENERGY CORPORATION, | ) |
|  | ) Case No. 19-___ (___) |
| Debtor. | ) |
|  | ) |

**LIST OF EQUITY SECURITY HOLDERS[1]**

| Debtor | Equity Holder | Address of Equity Holder | Type of Equity Security | Percentage of Equity Held |
|---|---|---|---|---|
| Sanchez Energy Corporation | A.R. Sanchez, Jr. |  | Common Stock | 6.25% |

---

[1] This list reflects holders of five percent or more of Sanchez Energy Corporation's common stock. This list serves as the disclosure required to be made by the debtor pursuant to Rule 1007 of the Federal Rules of Bankruptcy Procedure. By the *Debtors' Emergency Motion for Entry of an Order (I) Extending Time to File (A) Schedules of Assets and Liabilities, (B) Schedules of Current Income and Expenditures, (C) Schedules of Executory Contracts and Unexpired Leases, (D) Statements of Financial Affairs, and (E) Rule 2015.3 Financial Reports; (II) Waiving the Requirement to File a List of Equity Security Holders; and (III) Granting Related Relief* filed contemporaneously herewith, the debtor is requesting a waiver of the requirement under Rule 1007 to file a list of all of its equity security holders.

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| SANCHEZ ENERGY CORPORATION, | ) Case No. 19-___ (___) |
| | ) |
| Debtor. | ) |
| | ) |

## <u>CORPORATE OWNERSHIP STATEMENT</u>

Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following are corporations, other than a government unit, that directly or indirectly own 10% or more of any class of the debtor's equity interest.

| Shareholder | Approximate Percentage of Shares Held |
|:---:|:---:|
| N/A | - |

**Fill in this information to identify the case and this filing:**

Debtor Name    Sanchez Energy Corporation

United States Bankruptcy Court for the:    Southern    District of   Texas
                                                    (State)

Case number (*If known*): _____

## Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors   12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.**

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
- ☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ☐ *Schedule H: Codebtors* (Official Form 206H)
- ☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ☐ Amended *Schedule* _____
- ☒ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ☒ Other document that requires a declaration _____ List of Equity Security Holders, Corporate Ownership Statement _____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   08/11/2019      ✗ /s/ Gregory Kopel
            MM / DD / YYYY        Signature of individual signing on behalf of debtor

                                Gregory Kopel
                                Printed name

                                Executive Vice President and General Counsel
                                Position or relationship to debtor

<table>
<tr><td colspan="2">Fill in this information to identify the case:</td></tr>
<tr><td colspan="2">Debtor name   Sanchez Energy Corporation</td></tr>
<tr><td colspan="2">United States Bankruptcy Court for the:  Southern District of Texas</td></tr>
<tr><td colspan="2">Case number (If known):  _____</td></tr>
</table>

☐  Check if this is an amended filing

## Official Form 204

## Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders

12/15

**A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.**

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim | Indicate if claim is contingent, unliquidated, disputed | Amount of unsecured claim<br>If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | DELAWARE TRUST COMPANY<br>251 LITTLE FALLS DRIVE<br>WILMINGTON, DE  19808 | GREGORY DANIELS<br>TRUST ADMINISTRATOR<br><br>Phone: (877) 374-6010<br>Fax: (302) 636-8666<br>Email: GREGORY.DANIELS@DELAWARETRUST.COM | 6.125% Senior Notes due 2023 (Includes Unpaid Interest) | | | | $1,185,218,750 |
| 2 | DELAWARE TRUST COMPANY<br>251 LITTLE FALLS DRIVE<br>WILMINGTON, DE  19808 | GREGORY DANIELS<br>TRUST ADMINISTRATOR<br><br>Phone: (877) 374-6010<br>Fax: (302) 636-8666<br>Email: GREGORY.DANIELS@DELAWARETRUST.COM | 7.75% Senior Notes due 2021 | | | | $600,000,000 |
| 3 | MARATHON OIL EF LLC<br>5555 SAN FELIPE STREET<br>HOUSTON, TX  77056-2723 | LEE TILLMAN<br>PRESIDENT & CEO<br><br>Phone: (713) 629-6600<br>Fax: (713) 296-2952<br>Email: LTILLMAN@MARATHONOIL.COM | JIB Payables | Unliquidated | | | $8,897,886 |
| 4 | GAVILAN RESOURCES LLC<br>345 PARK AVENUE<br>43RD FLOOR<br>NEW YORK, NY  10154 | ANGELO ACCONCIA<br>SENIOR MANAGING DIRECTOR<br><br>Phone: (212) 583-5000<br>Email: ACCONCIA@BLACKSTONE.COM | Prepaid Capital Expenditures | Unliquidated | | | $3,781,007 |
| 5 | LEGEND ENERGY SERVICES LLC<br>5801 BROADWAY RD<br>SUITE 210<br>OKLAHOMA CITY, OK  73118 | TREY INGRAM<br>CEO<br><br>Phone: (405) 600-1264<br>Fax: (405) 608-8851<br>Email: TREY.INGRAM@LEGENDENERGYSERVICES.COM | Trade Payables | | | | $2,316,296 |
| 6 | VEOLIA WATER SOLUTIONS<br>23885 NETWORK PLACE<br>CHICAGO, IL  60673 | ANTOINE FREROT<br>PRESIDENT<br><br>Phone: (412) 809-6000<br>Fax: (919) 677-0082<br>Email: AFREROT@VEOLIA.COM | Trade Payables | | | | $1,079,297 |
| 7 | KODIAK GAS SERVICES LLC<br>15320 HIGHWAY 105 WEST STE 210<br>MONTGOMERY, TX  77356 | DAVID MARRS<br>CEO<br><br>Phone: (936) 539-3300<br>Fax: (936) 539-3301<br>Email: DAVID.MARRS@KODIAKGAS.COM | Trade Payables | | | | $1,073,589 |

Debtor __Sanchez Energy Corporation__
Name

Case Number (if known)

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim | Indicate if claim is contingent, unliquidated, disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 8 PILOT THOMAS LOGISTICS 201 NORTH RUPERT STREET FORT WORTH, TX 76107 | DENNIS CASSIDY CEO Phone: (817) 877-8300 Email: DENNIS.CASSIDY@PILOTTHOMAS.COM | Trade Payables | | | | $943,915 |
| 9 HALLIBURTON ENERGY SERVICES INC 3000 NORTH SAM HOUSTON PARKWAY EAST HOUSTON, TX 77032 | JEFF MILLER CEO Phone: (281) 871-4000 Fax: (281) 876-4455 Email: JEFF.MILLER@HALLIBURTON.COM | Trade Payables | | | | $904,076 |
| 10 NABORS DRILLING USA INC 515 W GREENS RD, STE 1200 HOUSTON, TX 77067 | ANTHONY PETRELLO CEO Phone: (281) 874-0035 Fax: (432) 550-9993 Email: ANTHONY.PETRELLO@NABORS.COM | Trade Payables | | | | $793,064 |
| 11 TENARIS GLOBAL SVS USA CORP. 2200 WEST LOOP SOUTH, SUITE 800 HOUSTON, TX 77027 | PAOLO ROCCA CEO Phone: (713) 767-4400 Fax: (713) 167-4444 Email: PROCCA@TENARIS.COM | Trade Payables | | | | $764,565 |
| 12 DANOS LLC 3878 WEST MAIN STREET GRAY, LA 70359 | GARRET "HANK" DANOS OWNER Phone: (985) 219-3313 Fax: (985) 219-3986 Email: HDANOS@DANOS.COM | Trade Payables | | | | $650,316 |
| 13 RUSCO OPERATING LLC 98 SAN JACINTO BLVD STE 550 AUSTIN, TX 78701 | XUAN YONG OWNER Phone: (512) 501-5452 Email: XUAN@RIGUP.COM | Trade Payables | | | | $649,613 |
| 14 EAGLE FORD TX LP 5555 SAN FELIPE, SUITE 1175 HOUSTON, TX 77056 | ILRAE PARK PRESIDENT Phone: (713) 552-9090 Fax: (713) 552-1898 Email: ILRAE.PARK@KNOC.COM | Prepaid Capital Expenditures | Unliquidated | | | $632,617 |
| 15 MONARCH SILICA LLC 22631 CAMPBELLTON RD. SAN ANTONIO, TX 78264 | PAUL A WELCH CEO Phone: (281) 889-9279 Email: PWELCH@MONARCHSILICA.COM | Trade Payables | | | | $564,673 |
| 16 KNOWLES ENTERPRISES LLC 2381 RIVER ROAD GRAND JUNCTION, CO 81505 | MIKE KNOWLES PRESIDENT Phone: (970) 434-1912 Fax: (970) 523-8998 Email: MIKE@KNOWLESTRANSPORTATION.COM | Trade Payables | | | | $555,234 |

Debtor ___Sanchez Energy Corporation___
Name
Case Number (if known)

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim | Indicate if claim is contingent, unliquidated, disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 17 AVEDA TRANSPORTATION & ENERGY SERV 333 NORTH SAM HOUSTON PKWY EAST, SUITE 1200 HOUSTON, TX  77060 | RONNIE WITHERSPOON PRESIDENT & CEO Phone: (403) 264-4950 Fax: (403) 262-9195 | Trade Payables | | | | $537,500 |
| 18 MS DIRECTIONAL LLC 3335 POLLOK DRIVE CONROE, TX  77303 | ALLEN R. NEEL CEO Phone: (936) 442-2500 Fax: (936) 442-2599 Email: ALLEN.NEEL@MSENERGY.COM | Trade Payables | | | | $513,677 |
| 19 C&J SPEC-RENT SERVICES INC 3990 ROGERDALE HOUSTON, TX  77042 | DON GAWICK PRESIDENT & CEO Phone: (713) 325-6000 Fax: (713) 758-5962 Email: DON.GAWICK@CJES.COM | Trade Payables | | | | $502,000 |
| 20 MITSUI E&P TEXAS LP 1300 POST OAK BLVD. SUITE 1800 HOUSTON, TX  77056 | KAZUHIKO GOMI PRESIDENT & CEO Phone: (713) 960-0023 Email: K.GOMI@MITSUI.COM | Prepaid Capital Expenditures | Unliquidated | | | $477,773 |
| 21 ACTS OILFIELD SERVICES LLC 304 CHETUMAL DRIVE LAREDO, TX  78045 | VICTOR GARCIA PRESIDENT Phone: (956) 251-8699 Fax: (956) 568-2198 | Trade Payables | | | | $475,811 |
| 22 CACTUS WELLHEAD LLC 920 MEMORIAL CITY WAY, SUITE 300 HOUSTON, TX  77024 | SCOTT BENDER PRESIDENT & CEO Phone: (713) 626-8800 Email: SCOTT.BENDER@CACTUSWELLHEAD.COM | Trade Payables | | | | $453,117 |
| 23 TIDAL LOGISTICS INC 12319 BUSINESS HWY 287 FORT WORTH, TX  76179 | CHARLES FANGUY JR. PRESIDENT Phone: (817) 839-1480 Email: CFANGUY@TIDALLOGISTICS.COM | Trade Payables | | | | $428,691 |
| 24 ARCHROCK PARTNERS 9807 KATY FREEWAY SUITE 100 HOUSTON, TX  77024 | D BRADLEY CHILDERS CEO Phone: (281) 836-8000 Fax: (302) 636-5454 Email: CHILDERSDB@COMCAST.NET | Trade Payables | | | | $414,234 |
| 25 AMPRO STRATEGIC ALLIANCE 136 OLD SAN ANTONIO ROAD SUITE 303 BOERNE, TX  78006 | PRATT DOUCET PRESIDENT Phone: (210) 626-2225 Fax: (210) 626-2226 Email: PRATT@AMPROSAFETY.COM | Trade Payables | | | | $356,177 |

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim | Indicate if claim is contingent, unliquidated, disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
|---|---|---|---|---|---|---|
| 26  STEVENS TANKER DIVISION LLC<br>9757 MILITARY PARKWAY<br>DALLAS, TX  75227 | STEVEN L. AARON<br>CEO<br><br>Phone: (866) 780-8320<br>Fax: (800) 434-7068<br>Email: STEVENAARON@STEVENSTRANSPORT.COM | Trade Payables | | | | $320,151 |
| 27  INNOVEX DOWNHOLE SOLUTIONS INC<br>4310 NORTH SAM HOUSTON PARKWAY EAST<br>HOUSTON, TX  77032 | ADAM ANDERSON<br>CEO<br><br>Phone: (281) 602-7815<br>Fax: (281) 602-7894<br>Email: AANDERSON@TEAMOILTOOLS.COM | Trade Payables | | | | $312,720 |
| 28  GRYPHONESP LLC<br>1210 ANTOINE DR.<br>HOUSTON, TX  77055 | MICHAEL MCCOY<br>MANAGER<br><br>Phone: (844) 363-7723<br>Email: MICHAEL@ESPSAFETYNET.COM | Trade Payables | | | | $286,142 |
| 29  MCKINSEY AND COMPANY<br>55 EAST 52ND STREET, 21ST FLOOR<br>NEW YORK, NY  10022 | DOMINIC BARTON<br>MANAGING PARTNER<br><br>Phone: (212) 446-7000<br>Fax: (212) 446-8575<br>Email: DOMINIC_BARTON@MCKINSEY.COM | Trade Payables | Contingent, Unliquidated, Disputed | | | Undetermined |
| 30  CRESCENT DRILLING & PRODUCTION INC.<br>2400 VETERANS MEMORIAL BLVD SUITE 110<br>KENNER, LA  70062-8711 | SCOTT MCDONALD<br>PRESIDENT & CEO<br><br>Phone: (504) 467-5100<br>Fax: (504) 467-5175<br>Email: SCOTT.MCDONALD@CRESCENTDRILLING.COM | Trade Payables | Contingent, Unliquidated, Disputed | | | Undetermined |

Note: Unsecured amounts contain projected estimates of pre-petition liability as of the Petition Date and are subject to change as accrued liabilities become invoiced.