IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re:<br><br>SANCHEZ ENERGY CORPORATION *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 19-34508 (MI)<br><br>(Jointly Administered) |

**STATEMENT OF OFFICIAL COMMITTEE OF
UNSECURED CREDITORS IN RESPONSE TO EXPEDITED
APPLICATION OF THE UNITED STATES TRUSTEE FOR
ORDER APPROVING APPOINTMENT OF CHAPTER 11 EXAMINER**
[Related Docket Nos. 638, 735, 797, 804, 820, 833]

The Official Committee of Unsecured Creditors (the "Committee") of Sanchez Energy Corporation and the other above-captioned debtors (the "Debtors"), by and through its undersigned counsel, respectfully states as follows (the "Statement") regarding the *Expedited Application of the United States Trustee for Order Approving Appointment of Chapter 11 Examiner* [Dkt. No. 797] (the "Examiner Application").

**STATEMENT**

1. On November 26, 2019, the ad hoc group of unsecured noteholders moved the Court to direct the United States Trustee (the "U.S. Trustee") to appoint an examiner in these chapter 11 cases to investigate, among other things, "transactions and transfers between and among the Debtors and any non-Debtor affiliates," "transactions and transfers between and among the Debtors and any insiders, officers, directors, or principals of the Debtors," and "inter-company

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Sanchez Energy Corporation (0102); SN Palmetto, LLC (3696); SN Marquis LLC (0102); SN Cotulla Assets, LLC (0102); SN Operating, LLC (2143); SN TMS, LLC (0102); SN Catarina, LLC (0102); Rockin L Ranch Company, LLC (0102); SN EF Maverick, LLC (0102); SN Payables, LLC (0102); and SN UR Holdings, LLC (0102). The location of the Debtors' service address is 1000 Main Street, Suite 3000, Houston, Texas 77002.

transactions and transfers between the Debtors." Emerg. Mot. at 33, Dkt. No. 638. The Court granted that motion, commenting:

> I would assume that we're not going to get somebody that's never heard of Chapter 11 before. And I would also assume we're going to get somebody that knows a whole lot more about type curves than I do. So if they can meet those two requirements, they're probably going to be somebody that is going to meet the goal.

Tr. of Dec. 12, 2019 Hr'g, at 39:18-40:8, Dkt. No. 749.

2. After the U.S. Trustee appointed an examiner, *see* Examiner Appl., the Court ordered the U.S. Trustee to "supplement his motion with a description of the proposed Examiner's qualifications in the oil and gas industry, along with a description of any particular expertise in the type of exploration and production undertaken by the Debtors in these cases." Order to Suppl., Dkt. No. 804. The U.S. Trustee filed its supplement on January 14, 2020. *See* Suppl. to Expedited Appl., Dkt. No. 820. The U.S. Trustee's proposed appointment is unquestionably subject to the Court's approval. *See* 11 U.S.C. § 1104(d).

3. The Committee does not yet hold a firm position on whether the U.S. Trustee's candidate is an appropriate choice to be the examiner. Clearly, the nominee appears to have significant experience in restructurings. Equally clearly, the nominee lacks adequate experience of his own in the oil and gas industry. He has proposed to associate himself with others, including a petroleum engineer who has such experience; however, if the examiner's scope requires him to delve into industry-specific issues, then that team could become an additional (and potentially duplicative) burden to bankruptcy estates that are already paying for the Debtors' internal engineering team, the Chief Restructuring Officer's engineering team, and the outside advisors of the Debtor and the Committee. The Court appears to have recognized this reality when it indicated that the examiner will not be allowed to retain professionals without "good cause." *See* Order at 2, Dkt. No. 833.

4.      In considering the Examiner Application, the Court should consider that the Committee's own investigation into related-party transactions is already well underway. The Committee has served extensive document requests on the Debtors, related parties, and several of the Debtors' advisors, and has served deposition and examination notices on eleven current and former directors and officers, with more to come. *See, e.g.*, Rule 2004 Examination Notices, Dkt. Nos. 675–679, 706–708, 760–766, 787, 793, 814–817, 823–824. The Committee's advisors have reviewed more than 75,000 documents produced by the Debtors and related parties, reviewed thoroughly the report prepared for the Special Committee of Sanchez Energy Corporation's board, and met with the Special Committee's counsel and the Chief Restructuring Officer to advance the Committee's investigation. The Committee's pace has been quick, and the investigation should be complete in relatively short order after which the Committee will wish to prosecute any claims expeditiously.

5.      On the assumption that the examiner will be allowed to retain few or no separate professionals, the U.S. Trustee's selection may not have the adequate experience to report on the matters that the Committee is investigating. The Committee is, of course, mindful that another round of the appointment process would risk delaying the Committee from prosecuting and settling claims that its investigation identifies. Accordingly, the Committee respectfully suggests that, if the Court does not accept the U.S. Trustee's proposed appointment, the Court nevertheless go forward with the February 3, 2020 hearing on the examiner's scope to clarify the requirements for the position.

*/s/ Simon R. Mayer*
**LOCKE LORD, LLP**
Philip G. Eisenberg (TX Bar No. 24033923)
Elizabeth M. Guffy (TX Bar No. 08592525)
Simon R. Mayer (TX Bar No. 24060243)
JPMorgan Chase Tower
600 Travis Street, Suite 2800
Houston, Texas 77002
Telephone: (713) 226-1200
Facsimile: (713) 223-3717
peisenberg@lockelord.com
eguffy@lockelord.com
simon.mayer@lockelord.com

*Counsel to the Official Committee of Unsecured Creditors*

**MILBANK LLP**
Dennis F. Dunne (*pro hac vice*)
Evan R. Fleck (*pro hac vice*)
Benjamin M. Schak (*pro hac vice*)
55 Hudson Yards
New York, New York 10001-2163
Telephone: (212) 530-5000
Facsimile: (212) 530-5219
DDunne@Milbank.com
EFleck@Milbank.com
BSchak@Milbank.com

- and -

Andrew M. Leblanc (*pro hac vice*)
Aaron L. Renenger (*pro hac vice*)
1850 K Street NW, Suite 1100
Washington, DC 20006
Telephone: (202) 835-7500
Facsimile: (202) 263-7586
ALeblanc@Milbank.com
ARenenger@Milbank.com

*Counsel to the Official Committee of Unsecured Creditors*

## **CERTIFICATE OF SERVICE**

I certify that on January 17, 2020, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

*/s/ Simon R. Mayer*
Simon R. Mayer