IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|   |   |
|---|---|
| In re | Chapter 11 |
| SANCHEZ ENERGY CORPORATION, *et al.*, | Case No. 19-34508 (MI) |
| Debtors.[1] | (Jointly Administered) <br> Re: Docket Nos. 222, 292, 670, 673, 724 |

### STIPULATION AND AGREED ORDER CONSENSUALLY RESOLVING GAVILAN'S MOTION TO MODIFY AUTOMATIC STAY

This Stipulation and Agreed Order (the "**Order**") is entered into by and among: (a) the debtors and debtors in possession (the "**Debtors**"); and (b) Gavilan Resources, LLC ("**Gavilan**" and, together with the Debtors, the "**Parties**"), in each case by and through respective undersigned counsel, with regard to *Gavilan Resources, LLC's Motion for Relief from the Automatic Stay to Allow Completion of Arbitration* [Docket No. 222] (the "**Lift Stay Motion**"). The Parties, subject to Court approval, have agreed to entry of this Order.

### RECITALS

**WHEREAS** Gavilan filed the Lift Stay Motion on August 23, 2019, seeking relief from the automatic stay to allow the Arbitration[2] to proceed;

**WHEREAS** the Debtors filed their *Objection of the Debtors to Gavilan Resources, LLC's Motion for Relief from the Automatic Stay to Allow Completion of Arbitration* [Docket No. 292] (the "**Debtors' Objection**") on September 12, 2019;

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Sanchez Energy Corporation (0102); SN Palmetto, LLC (3696); SN Marquis LLC (0102); SN Cotulla Assets, LLC (0102); SN Operating, LLC (2143); SN TMS, LLC (0102); SN Catarina, LLC (0102); Rockin L Ranch Company, LLC (0102); SN EF Maverick, LLC (0102); SN Payables, LLC (0102); and SN UR Holdings, LLC (0102). The location of the Debtors' service address is 1000 Main Street, Suite 3000, Houston, Texas 77002.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Lift Stay Motion.

**WHEREAS** the Secured Notes Ad Hoc Group and the Official Committee of Unsecured Creditors each filed a joinder to the Debtors' Objection [Docket Nos. 670 and 673, respectively]; and

**WHEREAS** at the hearing upon the Lift Stay Motion before this Court on December 12, 2019, the Parties agreed that (i) the Arbitration and the underlying dispute should be resolved by this Court with a trial to begin on March 9, 2020 at 8:30 a.m. (Prevailing Central Time), (ii) the matter, including discovery, will continue to be stayed until January 23, 2020, (iii) pre-trial briefing by Gavilan and the Debtors will be due on March 2, 2020, and (iv) the Court will conduct a pre-trial conference on March 3, 2020.

## ORDER

**NOW THEREFORE, IT IS HEREBY ORDERED THAT THE MOTION IS CONSENSUALLY RESOLVED AS FOLLOWS:**

1. The Arbitration is transferred by consent of the Parties to the Bankruptcy Court. The Parties hereby waive their rights to have the matter in dispute resolved by arbitration as set forth by the procedures in the Joint Development Agreement.

2. The Clerk of the Court shall open an adversary proceeding (the "**Gavilan Adversary Proceeding**") as defined in Part VII of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") under the following caption:

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re | ) ) | Chapter 11 |
| SANCHEZ ENERGY CORPORATION, *et al.*, | ) ) ) | Case No. 19-34508 (MI) |
| Debtors.[1] | ) ) ) ) | (Jointly Administered) Re: |
| GAVILAN RESOURCES, LLC, | ) ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Adversary Proceeding No. _____ |
| SN EF MAVERICK, LLC, *et al.* | ) ) ) | |
| Defendants. | ) ) ) | |

  3. The Gavilan Adversary Proceeding shall be opened solely for docket control purposes and administrative convenience. Consistent with this purpose, federal pleading standards shall not apply.

  4. The following Arbitration pleadings are deemed filed in the Gavilan Adversary Proceeding and will be admitted by counsel as evidentiary exhibits at a later date:

   A. Gavilan's Original Statement of Claim
   B. Sanchez's Answer & Counterclaims
   C. Gavilan's Answer to Counterclaims
   D. Gavilan's Motion for Partial Summary Judgment on Sanchez's Counterclaims
   E. Briefing on Gavilan's Motion for Partial Summary Judgment on Sanchez's Counterclaims
   F. Order on Gavilan's Motion for Partial Summary Judgment on Sanchez's Counterclaims
   G. Gavilan's Unopposed Motion for Leave to File Supplemental Claim (attaching Supplemental Claim)
   H. Order Granting Leave to File Supplemental Claim

5. All future pleadings related to this dispute shall be filed in the Gavilan Adversary Proceeding.

6. Relatedly, the Parties' initial disclosures, Gavilan's affirmative expert disclosures and report and both Parties' document productions from the Arbitration are deemed to have been served in the Gavilan Adversary Proceeding, and the four depositions previously taken in the Arbitration (of Holly Griffin Simons, Scott Dunlap, Ryan Sullivan, and Joe Ketzner) are deemed to have been taken in the Gavilan Adversary Proceeding. Because initial disclosures were made during the Arbitration, the Parties shall not be required to serve initial disclosures under Bankruptcy Rule 7026(a)(1).

7. Part VII of the Bankruptcy Rules shall apply to the Gavilan Adversary Proceeding from the date of this Order forward, except as otherwise indicated herein. Expert disclosures and discovery shall remain governed by the federal rules, as previously agreed in the Arbitration.

8. The Debtors may, but are not required to, file an Answer to Gavilan's Supplemental Claim no later than January 24, 2020.

9. Discovery, including fact and expert discovery, is hereby stayed until January 23, 2020.

10. Notwithstanding anything to the contrary in the Bankruptcy Rules, the limitations on discovery agreed to by the Parties in the Arbitration shall remain in effect in the Gavilan Adversary Proceeding. Specifically, (i) each Party remains limited to a total of five fact-witness depositions to span a total of 25 hours, with no deposition lasting longer than six hours; (ii) either Party can seek to take an additional deposition (and, if necessary, exceed the 25-hour total time time) for "good cause;" (iii) neither Party will take a corporate representative

deposition; and (iv) notwithstanding these limitations, each Party will be able to depose any expert(s) identified by the other Party, but any such deposition(s) are limited to six hours each.

11. Any rebuttal expert disclosures and reports shall be exchanged on or before February 17, 2020.

12. Discovery shall be complete by February 21, 2020.

13. The Parties will exchange proposed witness and exhibit lists on or before February 27, 2020.  The Parties will meet and confer regarding proposed witnesses and exhibits on or before February 28, 2020.

14. The Parties will file pre-trial briefing and proposed witness and exhibit lists on or before noon (Prevailing Central Time) on March 2, 2020.

15. The Parties will appear for a pre-trial conference on March 3, 2020 at 1:30 p.m. (Prevailing Central Time).  The Parties will be prepared at the pre-trial conference to address any outstanding disputes regarding proposed witnesses and exhibits.

16. Trial on the Gavilan Adversary Proceeding shall commence on March 9, 2020 at 8:30 a.m. (Prevailing Central Time) and will continue on March 10, 2020 and further at the convenience of the Court to conclude no later than March 13, 2020.

17. Nothing contained herein shall be construed as an admission of liability by the Debtors or Gavilan regarding any claim or cause of action arising from, or relating to, the Arbitration or any other matter.

18. The Debtors and Gavilan are authorized to take all steps necessary or appropriate to carry out the relief granted in this Order.

19. Notwithstanding the applicability of Rule 4001(a)(3) of the Bankruptcy Rules, the terms and provisions of this Order shall be immediately effective and enforceable upon the entry of this Order.

20. This Court shall retain jurisdiction to hear and determine all matters arising from, or related to, the implementation, interpretation, or enforcement of this Order.

Signed: January 27, 2020

                                                  Marvin Isgur
                                      United States Bankruptcy Judge

| JACKSON WALKER L.L.P. | AKIN GUMP STRAUSS HAUER & FELD LLP |
|---|---|
| Matthew D. Cavenaugh (TX 24062656) | Marty L. Brimmage, Jr. (TX 00793386) |
| 1401 McKinney Street, Suite 1900 | Lacy M. Lawrence (TX 24055913) |
| Houston, Texas 77010 | 2300 N. Field Street, Suite 1800 |
| Telephone: (713) 752-4284 | Dallas, Texas 75201 |
| Facsimile: (713) 308-4184 | Telephone: (214) 969-2800 |
| Email: mcavenaugh@jw.com | Facsimile: (214) 969-4343 |
| | Email: mbrimmage@akingump.com |
| |          llawrence@akingump.com |

                                                                        – and –

Ira S. Dizengoff (admitted *pro hac vice*)
Jason P. Rubin (admitted *pro hac vice*)
Naomi Moss (admitted *pro hac vice*)
One Bryant Park
New York, New York 10036
Telephone: (212) 872-1000
Facsimile: (212) 872-1002
Email:    idizengoff@akingump.com
               jrubin@akingump.com
               nmoss@akingump.com

                                    – and –

James Savin (admitted *pro hac vice*)
2001 K Street, N.W.
Washington, D.C. 20006
Telephone: (202) 887-4000
Facsimile: (202) 887-4288
Email:    jsavin@akingump.com

*Counsel for the Debtors and Debtors in Possession*

6

<div style="column: left">

**VINSON & ELKINS LLP**
David S. Meyer (admitted *pro hac vice*)
Jessica C. Peet (admitted *pro hac vice*)
666 Fifth Avenue, 26th Floor
New York, New York 10103-0040
Telephone: (212) 237-0000
Facsimile: (212) 237-0100
Email: dmeyer@velaw.com;
jpeet@velaw.com

– and –

Matthew R. Stammel (TX 24010419)
Jordan W. Leu (TX 24070139)
2001 Ross Avenue, Suite 3900
Dallas, Texas 75201
Telephone: (214) 220-7700
Facsimile: (214) 220-7716
Email: mstammel@velaw.com
jleu@velaw.com

– and –

James D. Thompson III (TX 19918500)
Andrew J. Geppert (TX 24097733)
1001 Fannin Street, Suite 2500
Houston, Texas 77002
Telephone: (713) 758-2222
Facsimile: (713) 758-2346
Email: jthompson@velaw.com
ageppert@velaw.com

</div>

<div style="column: right">

*/s/ Alfredo R. Pérez*
Alfredo R. Pérez

**WEIL, GOTSHAL & MANGES LLP**
Alfredo R. Pérez (TX 15776275)
Brenda Funk (TX 24012664)
700 Louisiana Street, Suite 1700
Houston, Texas 77002
Telephone: (713) 546-5000
Facsimile: (713) 224-9511
Email: alfredo.perez@weil.com;
brenda.funk@weil.com

– and –

Garrett Fail (admitted *pro hac vice*)
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Email: garrett.fail@weil.com

*Attorneys for Gavilan Resources, LLC*

</div>