**United States Bankruptcy Court, Southern District of Texas**

Fill in this information to identify the case (Select only one Debtor per claim form):

☑ Sanchez Energy Corporation (19-34508)    ☐ SN TMS, LLC (19-34513)
☐ SN Palmetto, LLC (19-34509)              ☐ Rockin L Ranch Company, LLC (19-34515)
☐ SN Marquis LLC (19-34510)                ☐ SN EF Maverick, LLC (19-34516)
☐ SN Cotulla Assets, LLC (19-34511)        ☐ SN Payables, LLC (19-34517)
☐ SN Operating, LLC (19-34512)             ☐ SN UR Holdings, LLC (19-34518)

Official Form 410

# Proof of Claim

04/19

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense (other than a claim entitled to priority under 11 U.S.C. § 503(b)(9)). Make such a request according to 11 U.S.C. § 503.

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed.** That date is on the notice of bankruptcy (Form 309) **that you received.**

## Part 1: Identify the Claim

**1. Who is the current creditor?**
Wilmington Savings Fund Society, FSB as Indenture Trustee on behalf of the 7.25% Senior Secured First Lien Notes Due 2023
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor _____

**2. Has this claim been acquired from someone else?**
☑ No
☐ Yes. From whom? _____

**3. Where should notices and payments to the creditor be sent?**
Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

Contact phone (302) 573-3218
Contact email glewis@wsfsbank.com

Where should payments to the creditor be sent? (if different)

Contact phone _____
Contact email _____

**4. Does this claim amend one already filed?**
☑ No
☐ Yes. Claim number on court claims registry (if known) _____
Filed on ___ / ___ / _____ MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**
☑ No
☐ Yes. Who made the earlier filing? _____

---

Claim Number: 216

Modified Official Form 410                    Proof of Claim                    page 1

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
|---|---|

| 6. Do you have any number you use to identify the debtor? | ☑ No<br>☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ___ ___ ___ ___ |
|---|---|
| 7. How much is the claim? | $ See attached statement. . **Does this amount include interest or other charges?**<br>☐ No<br>☒ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A). |
| 8. What is the basis of the claim? | Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.<br>Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).<br>Limit disclosing information that is entitled to privacy, such as health care information. |
| 9. Is all or part of the claim secured? | ☐ No<br>☑ Yes. The claim is secured by a lien on property.<br><br>**Nature of property:**<br>☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*<br>☐ Motor vehicle<br>☑ Other. Describe: See attached statement.<br><br>**Basis for perfection:** See attached statement.<br>Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)<br><br>**Value of property:** $ See attached statement.<br><br>**Amount of the claim that is secured:** $ See attached statement.<br><br>**Amount of the claim that is unsecured:** $ See attached statement. (The sum of the secured and unsecured amounts should match the amount in line 7.)<br><br>**Amount necessary to cure any default as of the date of the petition:** $ See attached statement.<br><br>**Annual Interest Rate** (when case was filed) _____ %<br>☐ Fixed<br>☐ Variable |
| 10. Is this claim based on a lease? | ☑ No<br>☐ Yes. **Amount necessary to cure any default as of the date of the petition.** $ _____ |
| 11. Is this claim subject to a right of setoff? | ☑ No<br>☐ Yes. Identify the property: _____ |

| | | |
|---|---|---|
| 12. **Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?** A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☑ No<br>☐ Yes. *Check one:* | **Amount entitled to priority** |
| | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| | ☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| | ☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(____) that applies. | $_____ |
| | * Amounts are subject to adjustment on 4/01/22 and every 3 years after that for cases begun on or after the date of adjustment. | |
| 13. **Is all or part of the claim entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9)?** | ☑ No<br>☐ Yes. **Indicate the amount of your claim arising from the value of any goods received by the Debtor within 20 days before the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of such Debtor's business. Attach documentation supporting such claim.** | $_____ |

### Part 3: Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

Check the appropriate box:

☐ I am the creditor.
☑ I am the creditor's attorney or authorized agent.
☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

**Signature:** *Jonathan I. Levine*
Jonathan I. Levine (Jan 8, 2020)

**Email:** jonathan.levine@arnoldporter.com

**Print the name of the person who is completing and signing this claim:**

| | | |
|---|---|---|
| Name | Jonathan I. Levine | |
| | First name    Middle name    Last name | |
| Title | Partner | |
| Company | Arnold & Porter Kaye Scholer LLP | |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. | |
| Address | 250 West 55th Street | |
| | Number      Street | |
| | New York         NY       10019 | |
| | City            State    ZIP Code | |
| Contact phone | 212-836-7010    Email  jonathan.levine@arnoldporter.com | |

**Attach Supporting Documentation** (limited to a single PDF attachment that is less than 5 megabytes in size and under 100 pages):

☒ I have supporting documentation.   ☐ I do **not** have supporting documentation.
   (attach below)

📎 Attachment

**PLEASE REVIEW YOUR PROOF OF CLAIM AND SUPPORTING DOCUMENTS AND REDACT ACCORDINGLY PRIOR TO UPLOADING THEM. PROOFS OF CLAIM AND ATTACHMENTS ARE PUBLIC DOCUMENTS THAT WILL BE AVAILABLE FOR ANYONE TO VIEW ONLINE.**

**IMPORTANT NOTE REGARDING REDACTING YOUR PROOF OF CLAIM AND SUPPORTING DOCUMENTATION When you submit a proof of claim and any supporting documentation you must show only the last four digits of any social-security, individual's tax-identification, or financial-account number, only the initials of a minor's name, and only the year of any person's date of birth. If the claim is based on the delivery of health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information.**

**A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information. The responsibility for redacting personal data identifiers (as defined in Federal Rule of Bankruptcy Procedure 9037) rests solely with the party submitting the documentation and their counsel. Prime Clerk and the Clerk of the Court will not review any document for redaction or compliance with this Rule and you hereby release and agree to hold harmless Prime Clerk and the Clerk of the Court from the disclosure of any personal data identifiers included in your submission. In the event Prime Clerk or the Clerk of the Court discover that personal identifier data or information concerning a minor individual has been included in a pleading, Prime Clerk and the Clerk of the Court are authorized, in their sole discretion, to redact all such information from the text of the filing and make an entry indicating the correction.**

Official Form 410

# Instructions for Proof of Claim

United States Bankruptcy Court						12/15

**These instructions and definitions generally explain the law. In certain circumstances, such as bankruptcy cases that debtors do not file voluntarily, exceptions to these general rules may apply. You should consider obtaining the advice of an attorney, especially if you are unfamiliar with the bankruptcy process and privacy regulations.**

> **A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.**
> 18 U.S.C. §§ 152, 157 and 3571.

## How to fill out this form

- **Fill in all of the information about the claim as of the date the case was filed.**

- **Fill in the caption at the top of the form.**

- **If the claim has been acquired from someone else, then state the identity of the last party** who owned the claim or was the holder of the claim and who transferred it to you before the initial claim was filed.

- **Attach any supporting documents to this form.**
  Attach redacted copies of any documents that show that the debt exists, a lien secures the debt, or both. (See the definition of *redaction* on the next page.)

  Also attach redacted copies of any documents that show perfection of any security interest or any assignments or transfers of the debt. In addition to the documents, a summary may be added. Federal Rule of Bankruptcy Procedure (called "Bankruptcy Rule") 3001(c) and (d).

- **Do not attach original documents because attachments may be destroyed after scanning.**

- **If the claim is based on delivering health care goods or services, do not disclose confidential health care information. Leave out or redact confidential information both in the claim and in the attached documents.**

- **A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, individual's tax identification number, or financial account number, and only the year of any person's date of birth.** See Bankruptcy Rule 9037.

- **For a minor child, fill in only the child's initials and the full name and address of the child's parent or guardian.** For example, write *A.B., a minor child* (*John Doe, parent, 123 Main St., City, State*). See Bankruptcy Rule 9037.

## Confirmation that the claim has been filed

To receive confirmation that the claim has been filed, enclose a stamped self-addressed envelope and a copy of this form. You may view a list of filed claims in this case by visiting the Claims and Noticing Agent's website at http://cases.primeclerk.com/sanchezenergy.

## Understand the terms used in this form

**Administrative expense:** Generally, an expense that arises after a bankruptcy case is filed in connection with operating, liquidating, or distributing the bankruptcy estate. 11 U.S.C. § 503.

**Claim:** A creditor's right to receive payment for a debt that the debtor owed on the date the debtor filed for bankruptcy. 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Claim Pursuant to 11 U.S.C. §503(b)(9):** A claim arising from the value of any goods received by the Debtor within 20 days before the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of the Debtor's business. Attach documentation supporting such claim.

**Creditor:** A person, corporation, or other entity to whom a debtor owes a debt that was incurred on or before the date the debtor filed for bankruptcy. 11 U.S.C. §101 (10).

**Debtor:** A person, corporation, or other entity who is in bankruptcy. Use the debtor's name and case number as shown in the bankruptcy notice you received. 11 U.S.C. § 101 (13).

**Evidence of perfection:** Evidence of perfection of a security interest may include documents showing that a security interest has been filed or recorded, such as a mortgage, lien, certificate of title, or financing statement.

**Information that is entitled to privacy:** A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, an individual's tax identification number, or a financial account number, only the initials of a minor's name, and only the year of any person's date of birth. If a claim is based on delivering health care goods or services, limit the disclosure of the goods or services to avoid embarrassment or disclosure of confidential health care information. You may later be required to give more information if the trustee or someone else in interest objects to the claim.

**Priority claim:** A claim within a category of unsecured claims that is entitled to priority under 11 U.S.C. §507(a). These claims are paid from the available money or property in a bankruptcy case before other unsecured claims are paid. Common priority unsecured claims include alimony, child support, taxes, and certain unpaid wages.

**Proof of claim:** A form that shows the amount of debt the debtor owed to a creditor on the date of the bankruptcy filing. The form must be filed in the district where the case is pending.

**Redaction of information:** Masking, editing out, or deleting certain information to protect privacy. Filers must redact or leave out information entitled to **privacy** on the *Proof of Claim* form and any attached documents.

**Secured claim under 11 U.S.C. §506(a):** A claim backed by a lien on particular property of the debtor. A claim is secured to the extent that a creditor has the right to be paid from the property before other creditors are paid. The amount of a secured claim usually cannot be more than the value of the particular property on which the creditor has a lien. Any amount owed to a creditor that is more than the value of the property normally may be an unsecured claim. But exceptions exist; for example, see 11 U.S.C. § 1322(b) and the final sentence of 1325(a).

Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment may be a lien.

**Setoff:** Occurs when a creditor pays itself with money belonging to the debtor that it is holding, or by canceling a debt it owes to the debtor.

**Unsecured claim:** A claim that does not meet the requirements of a secured claim. A claim may be unsecured in part to the extent that the amount of the claim is more than the value of the property on which a creditor has a lien.

### Offers to purchase a claim

Certain entities purchase claims for an amount that is less than the face value of the claims. These entities may contact creditors offering to purchase their claims. Some written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court, the bankruptcy trustee, or the debtor. A creditor has no obligation to sell its claim. However, if a creditor decides to sell its claim, any transfer of that claim is subject to Bankruptcy Rule 3001(e), any provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.) that apply, and any orders of the bankruptcy court that apply.

### Please send completed Proof(s) of Claim to:

Sanchez Energy Corporation Claims Processing Center
c/o Prime Clerk LLC
850 3rd Avenue, Suite 412
Brooklyn, NY 11232

**Do not file these instructions with your form**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |
|---|---|
| In re: | ) Chapter 11 |
|  | ) |
| SANCHEZ ENERGY CORPORATION, *et al.*,[1] | ) Case No. 19-34508 (MI) |
|  | ) |
| Debtors. | ) (Jointly Administered) |
|  | ) |

**ADDENDUM TO PROOF OF CLAIM OF
WILMINGTON SAVINGS FUND SOCIETY, FSB, AS INDENTURE
TRUSTEE FOR 7.25% SENIOR SECURED FIRST LIEN NOTES DUE 2023**

1. Wilmington Savings Fund Society, FSB ("**Claimant**"), as Indenture Trustee for those certain 7.25% Senior Secured First Lien Notes due 2023 (the "**Notes**") issued by Sanchez Energy Corporation ("**Sanchez**") and guaranteed by certain of its affiliated debtors and debtors-in-possession (together with Sanchez, the "**Debtors**") under that certain Indenture dated as of February 14, 2018 (as amended, supplemented, or otherwise modified, the "**Indenture**"), submits this Addendum to its Proof of Claim (together with this Addendum, the "**Claims**"). This Addendum constitutes a part of the Proof of Claim and is incorporated therein by reference. Copies of certain supporting documents relating to the Claims set forth below are also incorporated by reference into this Proof of Claim.

2. On August 11, 2019 (the "**Petition Date**"), the Debtors filed voluntary petitions for relief under chapter 11 of Title 11 of the United States Code, 11 U.S.C. § 101 *et seq*. (as amended,

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Sanchez Energy Corporation (0102); SN Palmetto, LLC (3696); SN Marquis LLC (0102); SN Cotulla Assets, LLC (0102); SN Operating, LLC (2143); SN TMS, LLC (0102); SN Catarina, LLC (0102); Rockin L Ranch Company, LLC (0102); SN EF Maverick, LLC (0102); SN Payables, LLC (0102); and SN UR Holdings, LLC (0102). The location of the Debtors' service address is 1000 Main Street, Suite 3000, Houston, Texas 77002.

the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Southern District of Texas (the "**Court**").

3.  Pursuant to Section 6.09 of the Indenture, the Trustee is expressly authorized to file this Proof of Claim on behalf of all holders of the Notes and is entitled to collect, receive, and distribute any money, securities, or other property payable or deliverable upon conversion or exchange of the Notes.

4.  Pursuant to the *Order (I) Setting Bar Dates for Filing Proofs of Claim, Including Requests for Payment Under Section 503(B)(9); (II) Establishing Amended Schedules Bar Date and Rejection Damages Bar Date; (III) Approving the Form of and Manner for Filing Proofs of Claim, Including Section 503(B)(9) Requests; and (IV) Approving Notice of Bar Dates* (Docket No. 617) (the "**Bar Date Order**"), the Court established January 10, 2020 as the deadline to assert claims against the Debtors that arose prior to the Petition Date. Pursuant to the Bar Date Order and paragraph 29 of the *Interim Order (I) Authorizing Debtors (A) To Obtain Postpetition Financing Pursuant to 11 U.S.C. §§ 105, 361, 362, 363(b), 364(c)(2), 364(c)(3), 364(d)(1) and 364(e) and (B) To Utilize Cash Collateral Pursuant to 11 U.S.C. § 363, (II) Granting Adequate Protection Pursuant to 11 U.S.C. §§ 361, 362, 363, 364, and 507(b), and (III) Scheduling Final Hearing Pursuant to Bankruptcy Rules 4001(b) and (c)* (Docket No. 144) (the "**Interim DIP Order**"), Claimant was authorized to file a single master proof of claim for any claims arising under the Indenture on behalf of itself and the holders of the Notes (collectively, the "**Noteholders**") in the jointly-administered cases of Sanchez Energy Corporation.

## DOCUMENTS RELATING TO CLAIM

5.  The Claims asserted herein arise from or are related to, among other things, (a) the Indenture; (b) the form of Note annexed as Exhibit 1 thereto; and (c) that certain Collateral Trust

Agreement dated as of February 14, 2018 (as amended, supplemented, or otherwise modified, the "**Collateral Trust Agreement**," and collectively, along with all other documents relating to the Notes, the "**Claim Documents**").

6. Pursuant to the Bar Date Order and the Interim DIP Order, Claimant is not required to attach any instruments, agreements, or other documents evidencing the Claims to its Proof of Claim. However, upon reasonable written request to counsel to Claimant at the address below, Claimant will make available copies of any Claim Documents to the extent such Claim Documents are in the possession or control of Claimant and Claimant is not prohibited by contract or applicable law from sharing such supporting documents.

## DESCRIPTION OF CLAIMS

7. As of the Petition Date, the Debtors party to or otherwise obligated under the Claim Documents (including each of the Guarantors, as such term is defined in the Indenture) are liable to Claimant and/or the Noteholders in the aggregate principal amount of not less than $500,000,000.00, plus any other amounts owing under the Claim Documents, including, without limitation, all accumulated and unpaid interest, fees, premium, and expenses, plus contingent unliquidated claims as described herein.

8. As set forth in the Claim Documents and the Interim DIP Order, the Claims are secured by a legal, valid, binding, perfected, enforceable first priority lien and security interest in all Collateral, as contemplated by the Indenture and set forth in greater detail in the Collateral Trust Agreement.

9. Without limiting any of the foregoing, Claimant, on behalf of itself and the Noteholders, reserves all of its rights to assert claims for interest (including, without limitation, postpetition interest or interest at the applicable default rate), any applicable premium, fees, costs, charges, expenses, disbursements, liabilities, losses, damages, indemnification, reimbursement

and/or contribution, and other amounts, including, without limitation, legal fees and expenses (including, without limitation, in connection with the preparation, filing, and prosecution of this Proof of Claim), that existed or arose prior to, or that exist or arise on or after, the date of the first filing of this Proof of Claim, whether prior to, on or subsequent to the Petition Date, in each case to the extent or as may be permitted, provided, and/or contemplated in the Claim Documents or under applicable law.

10. Pursuant to Section 7.07 of the Indenture, Claimant has a lien prior to the Notes on all money or property collected on account of the Notes. Claimant specifically claims and reserves its right to the charging lien. Accordingly, Claimant hereby demands that any distributions on account of this Proof of Claim be made through Claimant pursuant to Section 6.09 of the Indenture and Rule 3021 of the Federal Rules of Bankruptcy Procedure, as applicable, so that Claimant may assert its charging lien rights.

## **RESERVATION OF RIGHTS**

11. Claimant expressly reserves any and all defenses, counterclaims, or objections, including without limitation, any right of setoff, recoupment, or similar right, remedy, or defense against any claims asserted by or on behalf of the Debtors, if any, including without limitation, any claims asserted against Claimant and/or any of the Noteholders.

12. The filing of this Proof of Claim is not an election of remedies and is without prejudice to Claimant's or any Noteholder's rights to assert claims against third parties, whether arising out of or relating to the facts and circumstances underlying this Proof of Claim or otherwise. Claimant, on behalf of itself and the Noteholders, hereby expressly preserves any and all rights (including any lien rights), claims, interests, causes of action, defenses, counterclaims or objections, or any similar rights, remedies, or defenses, whether arising at law or in equity, against all persons or entities (including any of the Debtors), whether in this Court or elsewhere, whether

currently existing or arising in the future, against whom it determines to have claims. Without limiting the generality of the foregoing, the execution and filing of this Proof of Claim is not and shall not be deemed to be: (a) a waiver or release of any of the terms or provisions of any of the Claim Documents; (b) a waiver or release of Claimant's or any Noteholder's rights against any entity or person that may be liable for all or any part of the claims asserted herein; (c) a consent by Claimant or any Noteholder to the jurisdiction of this Court with respect to any proceeding commenced in these cases against or otherwise involving the Debtors and/or Claimant; (d) a waiver of any of Claimant's or any Noteholder's rights to have the claims asserted hereby and any defenses, counterclaims or objections thereto determined before a jury, by arbitration, or before any other judicial or administrative body having jurisdiction; (e) a waiver or release of any rights under chapter 5 of the Bankruptcy Code; or (f) a waiver or release of any lien or security interest. To the extent necessary to preserve any of the foregoing rights, Claimant hereby makes any necessary demands.

13. Claimant, on behalf of itself and the Noteholders, hereby expressly preserves any and all rights, privileges, protections, or other benefits granted pursuant to the Interim DIP Order. For the avoidance of doubt, any and all grants of Adequate Protection within the Interim DIP Order are unaffected by the filing of this Proof of Claim.

14. The claims asserted herein are subject to adjustment and amendment for a variety of reasons, including, without limitation, as a result of future events, the discovery and analysis of additional information, the correction of any errors, the resolution of disputes, and the assertion of any rights of setoff and/or recoupment. In that regard, Claimant reserves the right to amend or supplement this Proof of Claim accordingly or to set forth the basis for the claims asserted hereby with more particularity as Claimant obtains more information. Claimant further reserves the right

to amend or supplement this Proof of Claim to assert additional claims and causes of action based upon the facts set forth herein or that are raised in proofs of claim filed by any Noteholders.

15. In executing and filing this Proof of Claim, Claimant does not waive or release: (a) rights and remedies against any other person or entity that may be liable for all or part of the Claims set forth herein, whether an affiliate or subsidiary of the Debtors, an assignee, guarantor, or otherwise (a "**Liable Party**"); (b) any obligation owed to it, or any right to any security that may be determined to be held by any Liable Party or for Claimant's benefit; (c) any past, present or future defaults (or events of default) by the Debtors, or others; or (d) any right to the subordination, in favor of Claimant, on behalf of itself and the Noteholders, of indebtedness or liens held by other creditors of the Debtors.

## NOTICE

16. All notices to Claimant should be sent to:

>   Wilmington Savings Fund Society, FSB
>   500 Delaware Avenue
>   Wilmington, DE 19801
>   Attn: Geoffrey J. Lewis, Vice President

with a copy to

>   Arnold & Porter Kaye Scholer LLP
>   250 West 55th Street
>   New York, NY 10019-9601
>   Attn: Jonathan I. Levine, Esq.

Dated: January 8, 2020

# Electronic Proof of Claim

Final Audit Report                                                                                      2020-01-08

| | |
|---|---|
| Created: | 2020-01-08 |
| By: | Prime Clerk (epoc@primeclerk.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAAcp3-phoEBf_BJJTWBRW-ctaOQGsT5wsO |

## "Electronic Proof of Claim" History

- Web Form created by Prime Clerk (epoc@primeclerk.com)
  2020-01-08 - 3:09:22 PM GMT

- Jonathan I. Levine (jonathan.levine@arnoldporter.com) uploaded the following supporting documents:
  - Attachment
  2020-01-08 - 3:17:24 PM GMT

- Web Form filled in by Jonathan I. Levine (jonathan.levine@arnoldporter.com)
  2020-01-08 - 3:17:24 PM GMT- IP address: 192.203.255.80

- (User email address provided through API User-Agent: Mozilla/5.0 (Windows NT 10.0; Win64; x64) AppleWebKit/537.36 (KHTML, like Gecko) Chrome/73.0.3683.103 Safari/537.36)
  2020-01-08 - 3:17:27 PM GMT- IP address: 192.203.255.80

- Signed document emailed to Prime Clerk (epoc@primeclerk.com) and Jonathan I. Levine (jonathan.levine@arnoldporter.com)
  2020-01-08 - 3:17:27 PM GMT