IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |
|---|---|
| In re | Chapter 11 |
| SANCHEZ ENERGY CORPORATION, *et al.*, | Case No. 19-34508 (MI) |
| Debtors.[1] | (Jointly Administered) |

**PRELIMINARY OBJECTION OF GAVILAN RESOURCES, LLC TO DEBTORS' EMERGENCY MOTION PURSUANT TO SECTION 365(a) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 9019 FOR ENTRY OF AN ORDER (A) APPROVING A SETTLEMENT WITH CERTAIN MIDSTREAM COUNTERPARTIES AND (B) AUTHORIZING THE ASSUMPTION OF <u>CERTAIN RELATED CONTRACTS, AS AMENDED</u>**

Gavilan Resources, LLC ("**Gavilan**") by and through undersigned counsel submits this preliminary objection to the *Debtors' Emergency Motion Pursuant to Section 365(a) of the Bankruptcy Code and Bankruptcy Rule 9019 for Entry of an Order (A) Approving a Settlement with Certain Midstream Counterparties and (B) Authorizing the Assumption of Certain Related Contracts, As Amended* (ECF No. 1309) (the "**Settlement Motion**") filed in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**") and respectfully states as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Sanchez Energy Corporation (0102); SN Palmetto, LLC (3696); SN Marquis LLC (0102); SN Cotulla Assets, LLC (0102); SN Operating, LLC (2143); SN TMS, LLC (0102); SN Catarina, LLC (0102); Rockin L Ranch Company, LLC (0102); SN EF Maverick, LLC (0102); SN Payables, LLC (0102); and SN UR Holdings, LLC (0102). The location of the Debtors' service address is 1000 Main Street, Suite 3000, Houston, Texas 77002.

## PRELIMINARY OBJECTION

1. There is no "emergency" requiring expedited consideration of the Debtors' Settlement Motion. Gavilan agrees with Occidental Petroleum Corporation, Western Midstream Partners LP, GSO, and UnSub[2] that the hearing scheduled for June 18, 2020 should be adjourned and re-set to allow the parties in interest no less than the standard 21-days objection period in order to take relevant discovery, establish the necessary record, and have the Court decide the issue with all of the critical facts before it.

2. To date, the Debtors have moved slowly with respect to dealing with their midstream and operational contracts, delaying their decision and the resolution of the assumption or rejection of such contracts until after confirmation of the Plan.[3] In order to avoid litigation over this unusual Plan confirmation structure, the Debtors agreed they would continue to perform under the various midstream and operational contracts until the assumption or rejection of such contracts was resolved by the Court. *See Order Approving Disclosure Statement and Confirming Second Amended Joint Chapter 11 Plan of Reorganization of Sanchez Energy Corporation and Its Debtor Affiliates* (ECF No. 1212) at ¶ 24. The objection deadline for the proposed assumption or rejection of those executory contracts is set for June 22, 2020, four days after the requested hearing date for consideration of the Settlement Agreement. The Debtors are now changing course and asking the Court to approve the Settlement Agreement, including the assumption of certain executory contracts, on an emergency basis in a way that undercuts the Debtors' prior agreement, and this Court's prior orders, to continue performing under the midstream and operational contracts until

---

[2] "GSO" means GSO ST Holdings LP, GSO ST Holdings Associates LLC. "Unsub" means SN EF Unsub, LP.

[3] Capitalized terms not otherwise defined herein shall have the meaning given to such terms in the Settlement Motion.

the assumption or rejection issues are resolved—a process that is integrally related to the issues underlying the Settlement Agreement.

3. The Debtors argue that emergency relief under the Settlement Motion is necessary due to the expiration of the Professional Fee Settlement contained in the Plan, which the Debtors claim expires on June 19, 2020. Therefore, according to the Debtors, the Plan must go effective before then as, otherwise, the Debtors will allegedly be forced to liquidate. This type of argument by the Debtors is not new. Indeed, the Debtors acted similarly in order to expedite confirmation and consummation of the Plan. Yet, approximately 45-days later, the Plan has still not become effective.

4. The Debtors' newfound desire to move quickly in dealing with their midstream and operational contracts cannot come at the expense of Gavilan's substantive and procedural rights. Indeed, there are significant legal and factual issues that need to be addressed in connection with the Court's consideration of the Settlement Motion. For example, a condition to the effectiveness of the Settlement Agreement is that the Debtors deliver *Gavilan's* Comanche oil and natural gas volumes so that the Debtors can get reduced midstream rates for their Catarina production. Absent Gavilan's consent—which cannot be presumed—there appears to be little support for the economic premise underpinning the Settlement Agreement. Moreover, because the Settlement Agreement appears to primarily benefit non-debtors SNMP and Catarina Midstream—not Debtor SN EF Maverick, LLC—this is a transaction that requires a proper evaluation period.

5. In light of factual issues raised by the Settlement Motion, Gavilan has requested informal discovery from the Debtors and Gavilan must be given sufficient time to conduct such discovery and prepare its objection.

6. In addition to needing sufficient time to conduct discovery and consider the issues presented by the Settlement Motion, the Court should also delay a decision on the Settlement Motion so that the impact of this Court's upcoming ruling in the operatorship dispute between Debtor SN EF Maverick, LLC and Gavilan can be fully considered in evaluating the Settlement Agreement.

7. Therefore, Gavilan respectfully requests the Court deny emergency consideration of the Settlement Motion, set the Settlement Motion on, at least, regular notice, provide Gavilan until June 27, 2020 to file an objection, and adjourn the hearing noticed for June 18, 2020 for a date after June 27, 2020.

## **RESERVATION OF RIGHTS**

8. Gavilan and certain of its affiliates each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on May 15, 2020. *In re Gavilan Resources, LLC*, Case No. 20-32656 (DRJ) (Bankr. S.D. Tex.). Gavilan, therefore, reserves all rights to assume or reject its own executory contracts pursuant to section 365 of the Bankruptcy Code, including certain of those contracts which the Debtors purport to assume or reject pursuant to the Settlement Agreement and the Confirmation Order.

9. Gavilan further reserves the right to amend or supplement this Preliminary Objection, raise additional objections to the Settlement Motion, including, among other things, to the nature of releases provided under the Settlement Agreement, and to seek any other or further relief.

## CONCLUSION

Based on the foregoing, Gavilan respectfully requests that the Court deny the Debtors' request for emergency consideration of the Settlement Motion, set the same for a date after June 27, 2020, and grant such other and further relief as the Court may deem just and proper.

Dated: June 12, 2020
      Houston, Texas

                                         /s/ Alfredo R. Pérez
                                        Alfredo R. Pérez

                                        **WEIL, GOTSHAL & MANGES LLP**
                                        Alfredo R. Pérez (TX 15776275)
                                        Brenda Funk (TX 24012664)
                                        700 Louisiana Street, Suite 1700
                                        Houston, Texas  77002
                                        Telephone: (713) 546-5000
                                        Facsimile:  (713) 224-9511
                                        Emails:  Alfredo.Perez@weil.com;
                                        Brenda.Funk@weil.com

                                        - and -

                                        Garrett Fail (admitted *pro hac vice*)
                                        767 Fifth Avenue
                                        New York, New York  10153
                                        Telephone:  (212) 310-8000
                                        Facsimile:  (212) 310-8007
                                        Email:  Garrett.Fail@weil.com

                                        *Proposed Attorneys for Gavilan Resources, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 12, 2020, a true and correct copy of the foregoing preliminary objection was served by e-mail on the parties who receive electronic notice in these cases pursuant to the Court's ECF filing system.

                                           */s/ Alfredo R. Pérez*
                                           Alfredo R. Pérez