**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| SANCHEZ ENERGY CORPORATION, *et al.*,[1] | ) | Case No. 19-34508 (MI) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |

**ORDER APPROVING DEBTORS' MOTION (A) AUTHORIZING THE
SALE OF THE DEBTOR'S ASSETS FREE AND CLEAR OF LIENS, CLAIMS,
INTERESTS, AND ENCUMBRANCES TO WHITE RIVER SPV 2 LLC, (B)
AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF CERTAIN
EXECUTORY CONTRACTS AND UNEXPIRED LEASES IN CONNECTION
THEREWITH, AND (C) GRANTING RELATED RELIEF**
[Relates To ECF No. _____]

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession

for entry of an order (this "Order"), (a) approving the form of Assignments, Bill of Sale, and

Conveyance substantially in the forms attached hereto as **Exhibits 1-6** (the "Assignment") by and

between Sanchez Energy and White River SPV 2 LLC (the "Buyer" or "White River"), dated June

1, 2020 (the "Effective Time"), which provides for (a) the sale of certain of the Debtors Mississippi

and Louisiana assets (the "Assets") to White River in a private sale free and clear of all liens,

claims, interests, and encumbrances (as more fully defined in paragraph 6 below, the "Liens,

Claims, and Interests") to the fullest extent permitted by § 363(f) of the Bankruptcy Code (the

"Sale"); and (b) authorizing the assumption and assignment of certain executory contracts and

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Sanchez Energy Corporation (0102); SN Palmetto, LLC (3696); SN Marquis LLC (0102); SN Cotulla Assets, LLC (0102); SN Operating, LLC (2143); SN TMS, LLC (0102); SN Catarina, LLC (0102); Rockin L Ranch Company, LLC (0102); SN EF Maverick, LLC (0102); SN Payables, LLC (0102); and SN UR Holdings, LLC (0102). The location of the Debtors' service address is 1000 Main Street, Suite 3000, Houston, Texas 77002.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

unexpired leases associated with the Assets, and (c) granting other related relief, all as more fully set forth in the Motion; and this Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that it may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion before this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interest of the Debtors' estate, its creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion was given to all parties entitled to such notice under the Bankruptcy Code and Bankruptcy Rules, is appropriate under the circumstances, and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is **HEREBY ORDERED THAT:**

### General Provisions

1.      The Motion is granted and the relief requested therein with respect to the Sale is granted and approved in its entirety, as set forth herein.

2.      All objections to the Motion or relief requested therein, if any, that have not been withdrawn, waived, or settled as announced to this Court at the Hearing or by stipulation filed with this Court, and all reservations of rights included therein, are hereby overruled on the merits.

### Approval of the Sale

3.     The Assignments are hereby approved, and the Debtors are authorized to take any and all actions necessary or appropriate to consummate the Sale.

4.     The Debtors have satisfied all requirements of §§ 363(b) and 363(f) of the Bankruptcy Code, and all other requirements and standards applicable to a sale outside the ordinary course of business, free and clear of all Liens, Claims, and Interests.

### Sale and Transfer of Assets

5.     Pursuant to §§ 105 and 363(b) of the Bankruptcy Code, the Debtors, and their directors, officers, employees, and agents have the necessary corporate power and are authorized and directed to take any and all actions necessary to: (a) consummate the Sale of the Assets to the Buyer pursuant to and in accordance with the terms and conditions of the Assignment, (b) close the Sale of the Assets as contemplated by the Assignment and this Order, and (c) execute and deliver, perform under, consummate, implement, and close fully the Assignment, together with all documents, instruments, and agreements necessary or appropriate to consummate the transaction pursuant to the Assignment.

6.     Pursuant to §§ 105(a), 363(b) and 363(f) of the Bankruptcy Code, the Debtors are authorized to transfer, and upon the closing shall have transferred, all of the Debtors' right, title, and interest in and to, and possession of, the Assets to Buyer, which shall be immediately vested in Buyer subject to the terms of the Assignments.  All such Liens, Claims, and Interests shall attach to the proceeds of the Sale of the Assets (if any) in the order of their priority, with the same validity, force, and effect that they had against the Assets prior to entry of this Order, subject to any claims and defenses that the Debtor may possess with respect thereto.

7.     This Order shall be binding in all respects upon the Debtors, their estates, their affiliates, creditors (whether known or unknown), and holders of equity interests in the Debtors, any holders of Liens, Claims, and Interests against or on all or any portion of the Assets, all

counterparties to the Contracts, Buyer and all of their successors and assigns. This Order and the Assignments shall inure to the benefit of the Debtors and their estates, Buyer, and their respective successors and assigns.

8.      This Order shall be effective as a determination that, pursuant to the Assignments, all Liens, Claims, and Interests (except as provided under the Assignments), have been unconditionally released, discharged and terminated as to the Buyer and the Assets. This Order is binding upon and shall govern the acts of all persons and entities, including all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal and local officials and all other persons and entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to any lease; and each of the foregoing persons and entities is hereby directed to accept for filing any and all of the documents and instruments necessary and appropriate to consummate the Sale contemplated by the Assignments.

9.      Following entry of the Order, no holder of any Lien, Claim, or Interest in the Assets (except to the extent provided under the Assignment solely in accordance with applicable law) shall interfere with the Buyer's title to, or use and enjoyment of, the Assets based on, or related to, any such Lien, Claim or Interest, or based on any actions the Debtors may take in this case.

10.     Persons, including, without limitation, the Debtors, all holders of Liens, Claims, or Interests (other than as provided under the Assignment) or other rights, debt security holders, equity security holders, governmental, tax and regulatory authorities (as to governmental, tax and regulatory authorities, to the greatest extent allowed by applicable law), lenders and trade and other

creditors holding and/or asserting claims (as that term is defined in the Bankruptcy Code) including, but not limited to, claims arising out and/or related to the Sale of the Assets (except for any claims arising pursuant to the Assignment), and/or Liens, Claims, or Interests arising in any way in connection with any acts, or failure to act, of the Debtor, obligations, demands or guaranties, of any kind and nature against or in the Debtor or the Assets (whether legal or equitable, secured or unsecured, matured or unmatured, contingent or noncontingent, senior or subordinated), arising under or out of, in connection with or in any way relating to the Debtor, the Assets, the operation of the Debtors' business prior to the Effective Time, or the transfer of the Assets to the Buyer, hereby are, and will be, forever barred, estopped and permanently enjoined from asserting such Liens, Claims, or Interests against Buyer, its successors or assigns, or its property, including the Assets.  Nothing in this Order releases, nullifies, precludes, or enjoins the enforcement of any police or regulatory liability to a governmental unit, to which the Buyer may be subject to as the post-sale owner or operator of any property that is an Asset (as defined in the Assignment) after the date of entry of this Order; *provided, however*, that all rights and defenses of the Buyer under nonbankruptcy law are preserved.  Nothing in this Order or the Assignment authorizes the transfer or assignment of any governmental (i) license, (ii) permit, (iii) registration, (iv) authorization, or (v) approval, or the discontinuation of any obligation thereunder, without compliance with all applicable legal requirements and required approvals, if any, under police or regulatory law. Nothing in this Order divests any tribunal of any jurisdiction it may have under police or regulatory law to interpret this Order or to adjudicate any defense asserted under this Order.

11.     Upon entry of this Order, all creditors and any other holder of a Lien, Claim or Interest is authorized and directed to execute such documents and take all other actions as may be necessary to release its Lien, Claim, or Interest in the Assets (except to the extent provided in the

Assignment).  If any person or entity that has filed financing statements, mortgages, deeds of trust, mechanic's liens, *lis pendens* or other documents or agreements evidencing Liens, Claims or Interests against the Assets has not delivered to the Debtor prior to the closing, in proper form for filing and executed by the appropriate parties, termination statements, instruments of satisfaction, releases of all interests which the person or entity has with respect to the Assets or otherwise, then with regard to the Assets: (i) the Debtors are hereby authorized, and the Buyer is hereby authorized, to execute and file such statements, instruments, releases and other documents on behalf of the person or entity with respect to the Assets; and (ii) the Buyer is hereby authorized to file, register or otherwise record a certified copy of this Order, which, once filed, registered or otherwise recorded, shall constitute conclusive evidence of the release of all Liens, Claims, and Interests (except to the extent provided under the Assignment) against the Assets.  Each and every federal, state, and local governmental agency or department is hereby directed to accept any and all documents and instruments necessary and appropriate to consummate the transactions contemplated by the Assignment, including, without limitation, recordation of this Order.  This Order is deemed to be in recordable form sufficient to be placed in the filing or recording system of each and every federal, state or local government agency, department or office.  This Order shall be binding upon and shall govern the acts of all persons including, without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal, state, and local officials, and all other persons who may be required by operation of law, the duties of their office, or contract, to accept, file, register, or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to any of such assets or other property interests.  Notwithstanding and without limiting the

foregoing, the provisions of this Order authorizing the Sale of the Assets free and clear of Liens, Claims and Interests (except to the extent provided in the Assignment), shall be self-executing, and neither the Debtor nor the Buyer shall be required to execute or file releases, termination statements, assignments, consents, or other instruments in order to effectuate, consummate and implement the provisions of this Order.

12.    The Buyer is not and shall not be deemed a "successor" to the Debtors or their estates, or to have, *de facto* or otherwise, merged with or into the Debtors or be a mere continuation or substantial continuation of the Debtors or the enterprise of the Debtors under any theory of law or equity as a result of any action taken in connection with the Assignment or any of the transactions or documents ancillary thereto or contemplated thereby or in connection with the acquisition of the Assets.  The Buyer has given substantial consideration under the Assignment, which consideration shall constitute valid, valuable, and sufficient consideration for the absolution from any potential claims of successor liability of the Buyer to the greatest extent allowed by applicable law.

### Good Faith

13.    The Assignment and all related documents, instruments and agreements were negotiated, proposed and entered into by the Debtors and the Buyer at arm's length, without collusion, and in good faith within the meaning of § 363(m) of the Bankruptcy Code.  The Buyer is not  an "insider" of the Debtors, as that term is defined in Bankruptcy Code § 101(31).  The Buyer is a good faith purchasers and entitled to all of the protections of § 363(m) of the Bankruptcy Code.  The good faith finding is necessary under the Sale and the Sale cannot proceed without it.

### Assumption and Assignment of the Assumed Contracts

14.    Pursuant to §§ 105(a), 363(b)(1), and 365(a) of the Bankruptcy Code, the Debtors' Sale, assumption, and assignment of the Assumed Contracts to Buyer is approved, and the

requirements of § 365(b)(1) of the Bankruptcy Code with respect thereto are deemed satisfied.  All requirements and conditions under §§ 363 and 365 of the Bankruptcy Code for the assumption by the Debtors and assignment to Buyer of the Assumed Contracts have been satisfied.  The Debtors are hereby authorized to (i) assume and assign to Buyer, effective as of the Effective Time, the Assumed Contracts free and clear of all Liens, Claims, and Interests of any kind or nature whatsoever, other than to the extent provided under the Assignment, and (ii) execute and deliver to Buyer such documents or other instruments as Buyer reasonably deems necessary to assign and transfer the Assumed Contracts to Buyer.  Buyer has provided adequate assurance of future performance of their obligations under the Assumed Contracts.  Upon entry of this Order, all cure amounts applicable to the Assumed Contracts will be paid in accordance with the DIP Order.

15.  The Assumed Contracts shall be transferred to, and remain in full force and effect for the benefit of Buyer in accordance with their terms, notwithstanding any provision in any such contract that prohibits, restricts, or conditions such assignment or transfer pursuant to § 365(f) of the Bankruptcy Code.  There shall be no accelerations, assignment fees, increases, or any other fees charged to Buyer or the Debtors as a result of the assumption and assignment of the Assumed Contracts.

### Additional Provisions

16.  Nothing in this Order shall be deemed a waiver of any rights, remedies or defenses that any party has or may have under applicable bankruptcy and non-bankruptcy law, under any related agreements or any letters of credit relating thereto, or any rights, remedies or defenses of the Debtor with respect thereto.

17.  To the extent that any provision of this Order is inconsistent with the terms of the Assignment, the Order shall govern.

18.     All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

19.     The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

20.     The requirements set forth in Bankruptcy Local Rule 9013-1 and the Complex Case Procedures are satisfied by the contents of the Motion.

21.     Notwithstanding Bankruptcy Rules 6004(h) and 6006(d), this Order shall be effective and enforceable immediately upon entry hereof.

22.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Houston, Texas
Dated: _____, 2020

_____
MARVIN ISGUR
UNITED STATES BANKRUPTCY JUDGE

## **EXHIBITS 1-6**

**Assignments**

26021603v.3 154876/00001

## ASSIGNMENT AND BILL OF SALE

**ASSIGNORS:**      **SN TMS, LLC**
1000 Main Street, Suite 3000
Houston, Texas 77002
Tel. (713) 783-8000

**ASSIGNEE:**      **WHITE RIVER SPV 2 LLC**
5899 Preston Road, Suite 505
Frisco, Texas 75034
Tel. (800) 919-4534

**PREPARED BY:**      **SANCHEZ ENERGY CORPORATION**
1000 Main Street, Suite 3000
Houston, Texas 77002
Tel. (713) 783-8000

**INDEXING INSTRUCTIONS:**

Index in general index and note on face of each lease in Exhibit A.
Index in Sectional Indices as follows:

<u>TOWNSHIP 2 NORTH, RANGE 7 EAST</u>
SECTION 26: SE/4; S/2NE/4; PT E/2SW/4
SECTION 35: NE/4; N/4SE/4

## ASSIGNMENT AND BILL OF SALE

STATE OF MISSISSIPPI

COUNTY OF PIKE

This Assignment and Bill of Sale (this "Assignment") is by and between SN TMS, LLC ("Assignor"), a wholly owned subsidiary of Sanchez Energy Corporation, whose address is 1000 Main Street, Suite 3000, Houston, Texas 77002, and White River SPV 2 LLC ("Assignee"), whose address is 5899 Preston Road, Suite 505, Frisco, Texas 75034.  Assignor and Assignee referred to collectively as the "Parties".

### WITNESSETH:

WHEREAS, Assignor has agreed to assign to Assignee all of its interest in and to the Assets (as defined herein);

WHEREAS, Assignee has agreed to assume the Asset Related Liabilities (as defined herein);

NOW, THEREFORE, in consideration of the premises and of the mutual covenants and agreements hereinafter contained and performed by the Parties hereto, Assignor and Assignee hereby agree as follows:

## ARTICLE 1
## CONVEYANCE OF ASSETS

Section 1.1    Conveyance of Assets.  FOR AND IN CONSIDERATION of the sum of ONE HUNDRED TWENTY-FIVE DOLLARS ($125.00) and other good and valuable consideration, the receipt and full sufficiency of which are hereby acknowledged by the Parties, Assignor does, subject to the reservations, covenants, terms and conditions of this Assignment, hereby GRANT, SELL, CONVEY, TRANSFER, ASSIGN, SET OVER and DELIVER to Assignee, and Assignee hereby accepts from Assignor, effective as of the Effective Date (as defined herein), one hundred percent (100%) of Assignor's interest in the following (the "Assets"):

(a)     the oil, gas, and mineral leases described in Exhibit "A" attached hereto ("Leases"), and all of Assignor's interest in the Leases and lands described in the Leases or pooled or unitized therewith, including, but not limited to, leasehold working interests, net revenue interests, royalty interests, non-participating royalty interests, overriding royalty interests, net profits interests, reversionary interests and any and all other interests owned by Assignor in and to the Leases and the lands described in the Leases and pooled or unitized therewith;

(b)     all wells (including all oil, gas, water, disposal or injection wells) located on any of the Leases or on any expired lease or lands with which any Lease has been unitized, whether such wells are producing, shut-in, abandoned or in any other condition

(Assignor's collective interest in such wells, including the wells described in Exhibit "B" attached hereto ("Wells"));

(c)    all surface agreements, rights-of-way, saltwater disposal agreements, joint operating agreements, letter agreements, unit designations, unit agreements and any other contracts and instruments that are used for, or attributable to, the ownership or operation of any of the Leases or Wells ("Agreements");

(d)    all equipment, machinery, fixtures and other personal and mixed property, operational and nonoperational, known or unknown, located on, in or under any of the Leases and Wells, that are primarily used or held for use in connection with the ownership, operation or development of the Leases and Wells, including pipelines, gathering systems, well equipment, casing, tubing, pumps, motors, fixtures, machinery, compression equipment, flow lines, tanks, processing and separation facilities, water lines and related facilities, structures, materials, drilling barge, boats and other items primarily used in the ownership, operation or development of the Leases and Wells;

(e)    all hydrocarbons attributable to the Leases and Wells to the extent such hydrocarbons (i) were produced from and after the Effective Date, or (ii) were in pipelines or in tanks above the pipeline sales connection, in each case, as of the Effective Date, and any unsold inventory of gas products as of the Effective Date, and any and all imbalances relating to the Assets regardless of the time of occurrence; and

(f)    all files, records, maps, information and data that (i) relate to the ownership, operation or development of the Assets described above, (ii) that are in such Assignor's or its Affiliates' possession, and (iii) that are not subject to confidentiality obligations, including:   (A) land and title records (including abstracts of title, title opinions and title curative documents); (B) applicable contract files; (C) correspondence (to the extent not subject to attorney-client privilege or other similar privilege); (D) operations, environmental, health and safety, pipeline safety, production, accounting and asset tax records (other than to the extent relating to Assignor's business generally); and (E) production, facility and well records and data (including non-confidential logs).

TO HAVE AND TO HOLD the Assets, together with all rights, privileges and appurtenances thereto, unto Assignee and its successors and assigns forever, subject to the reservations, covenants, terms and conditions set forth in this Assignment.

Section 1.2    Excluded Assets.  Assignor hereby reserves and retains the following (the "Excluded Assets"):

(a)    all of Assignor's corporate minute books and corporate financial records that relate to Assignor's business generally;

(b)    all hydrocarbons produced from the Assets with respect to all periods prior to the Effective Date, other than those hydrocarbons produced from or allocated to the

Assets and in storage or existing in stock tanks, pipelines or plants (including inventory) as of the Effective Date;

(c)    all personal computers, network equipment and associated peripherals not including SCADA, measurement or communication equipment;

(d)    all drilling rigs, and all trucks, cars and vehicles;

(e)    all of Assignor's proprietary computer software, patents, trade secrets, copyrights, names, trademarks, logos and other intellectual property;

(f)    all documents and instruments and other data or information of Assignor that may be protected by an attorney-client privilege, including all work product of and attorney-client communications with Assignor's legal counsel or any other documents or instruments that may be protected by an attorney-client privilege, but excluding any title opinions covering, addressing or commenting on the Assets and/or other materials addressing the environmental or other condition of the Assets; and

(g)    all documents and instruments and other data or information that cannot be disclosed to Assignee as a result of confidentiality arrangements under agreements with third parties or which are proprietary information of third parties such as seismic data.

## ARTICLE 2
## DISCLAIMERS

Section 2.1    <u>Disclaimers of All Warranties and Representations</u>.

(a)    Assignor and Assignee acknowledge and agree that the Assets are being conveyed without warranty of title of any kind whether expressed or implied, at common law, by statute, or otherwise.  Without in any way limiting the generality of the foregoing, Assignee acknowledges and agrees that the Assets are being assigned subject to the following:

(i)    all matters of public record in the county(ies) where a particular Asset is located which are still in effect and affect such Asset;

(ii)    the terms and conditions of all Agreements, Leases (including with respect to (x) any Leases that have expired, or will expire, pursuant to their express terms, and (y) any portions of any Leases that are lost as the result of any vertical or horizontal "Pugh clauses" or other similar provisions contained therein);

(iii)    liens for taxes or assessments not yet due or delinquent;

(iv)    conventional rights of reassignment upon final intention to abandon or release the Assets, or any of them;

(v)     easements, conditions, covenants, restrictions, servitudes, permits, rights-of-way, surface leases and other similar rights for the purpose of surface or other operations, facilities, pipelines, transmission lines, transportation lines, distribution lines, power lines, telephone lines and other like purposes, or for the joint or common use of the lands, rights-of-way, facilities and equipment;

(vi)     vendors', carriers', warehousemens', repairmens', mechanics', workmens', materialmens', construction or other like liens arising by operation of law in the ordinary course of business or incident to the construction or improvement of any property in respect of obligations which are not yet due;

(vii)     liens created under Leases, permits, easements, rights-of-way or Agreements, or by operation of law;

(viii)     any encumbrance affecting the Assets that has been cured or remedied by applicable statutes of limitation or statutes of prescription;

(ix)     calls on production under existing Agreements;

(x)     defects arising out of lack of survey;

(xi)     defects arising out of lack of corporate or other entity authorization in the public records; and

(xii)     defects that affect only which person has the right to receive royalty payments (rather than the amount of the proper payment of such royalty payment).

(b)     IN ADDITION, ASSIGNOR MAKES NO WARRANTIES, EXPRESS, STATUTORY OR IMPLIED, OR REPRESENTATION OF ANY KIND AND ASSIGNOR EXPRESSLY DISCLAIMS ALL LIABILITY AND RESPONSIBILITY FOR ANY REPRESENTATION, WARRANTY, STATEMENT OR INFORMATION MADE OR COMMUNICATED (ORALLY OR IN WRITING) TO ASSIGNEE OR ANY ASSIGNEE REPRESENTATIVE (INCLUDING ANY OPINION, INFORMATION, PROJECTION OR ADVICE THAT MAY HAVE BEEN PROVIDED TO ASSIGNEE BY ASSIGNOR, ANY AFFILIATE OR SUBSIDIARY OF ASSIGNOR, OR ANY OF THEIR RESPECTIVE OFFICERS, DIRECTORS, MANAGERS, MEMBERS, PARTNERS, EMPLOYEES, AGENTS, ADVISORS, PROFESSIONALS OR REPRESENTATIVES). WITHOUT IN ANY WAY LIMITING THE GENERALITY OF THIS SECTION 2.1, ASSIGNOR EXPRESSLY DISCLAIMS ANY REPRESENTATION OR WARRANTY, EXPRESS, STATUTORY OR IMPLIED BY ASSIGNOR, ANY AFFILIATE OR SUBSIDIARY OF ASSIGNOR, OR ANY OF THEIR RESPECTIVE OFFICERS, DIRECTORS, MANAGERS, MEMBERS, PARTNERS, EMPLOYEES, AGENTS, ADVISORS, PROFESSIONALS OR REPRESENTATIVES, AS TO (I) TITLE TO ANY OF THE ASSETS, (II) THE CONTENTS, CHARACTER OR NATURE OF ANY REPORT OF ANY PETROLEUM ENGINEERING CONSULTANT, OR ANY ENGINEERING, GEOLOGICAL OR SEISMIC DATA OR INTERPRETATION, RELATING TO THE ASSETS, (III) THE QUANTITY, QUALITY OR RECOVERABILITY OF HYDROCARBONS IN OR FROM THE ASSETS, (IV) ANY ESTIMATES OF THE VALUE OF THE ASSETS OR FUTURE REVENUES GENERATED BY THE ASSETS, (V) THE

PRODUCTION OF HYDROCARBONS FROM THE ASSETS, (VI) THE MAINTENANCE, REPAIR, CONDITION, QUALITY, SUITABILITY, DESIGN OR MARKETABILITY OF THE ASSETS, (VII) THE CONTENT, CHARACTER OR NATURE OF ANY INFORMATION MEMORANDUM, REPORTS, BROCHURES, CHARTS OR STATEMENTS PREPARED BY OR ON BEHALF OF ASSIGNOR OR THIRD PARTIES WITH RESPECT TO THE ASSETS, (VIII) ANY OTHER MATERIALS OR INFORMATION THAT MAY HAVE BEEN MADE AVAILABLE TO ASSIGNEE OR ANY ASSIGNEE REPRESENTATIVE IN CONNECTION WITH THE TRANSACTION EFFECTED BY THIS ASSIGNMENT OR ANY DISCUSSION OR PRESENTATION RELATING THERETO AND (IX) ANY IMPLIED OR EXPRESS WARRANTY OF FREEDOM FROM PATENT OR TRADEMARK INFRINGEMENT.

(c)     ASSIGNOR  FURTHER  DISCLAIMS  ANY  REPRESENTATION  OR WARRANTY,  EXPRESS,  STATUTORY  OR  IMPLIED,  OF  MERCHANTABILITY, FREEDOM FROM LATENT VICES OR DEFECTS, FITNESS FOR A PARTICULAR PURPOSE OR CONFORMITY TO MODELS OR SAMPLES OF MATERIALS OF ANY ASSETS, RIGHTS OF A PURCHASER UNDER APPROPRIATE STATUTES TO CLAIM DIMINUTION  OF  CONSIDERATION  OR  RETURN  OF  THE  PURCHASE  PRICE  OR CONSIDERATION,  IT  BEING  EXPRESSLY  UNDERSTOOD  AND  AGREED  BY  THE PARTIES THAT, ASSIGNEE SHALL BE DEEMED TO BE ACQUIRING THE ASSETS IN THEIR PRESENT STATUS, CONDITION AND STATE OF REPAIR, "AS IS" AND "WHERE IS"  WITH  ALL  FAULTS  OR  DEFECTS  (KNOWN  OR  UNKNOWN,  LATENT, DISCOVERABLE  OR  UNDISCOVERABLE),  AND  THAT  ASSIGNEE  HAS  MADE  OR CAUSED    TO    BE    MADE    SUCH    INSPECTIONS    AS    ASSIGNEE    DEEMS APPROPRIATE.   WITHOUT  LIMITING  THE  FOREGOING,  ASSIGNOR  FURTHER DISCLAIMS  ANY  REPRESENTATION  OR  WARRANTY,  EXPRESS,  STATUTORY  OR IMPLIED, OF THE VALUE, QUALITY, QUANTITY OR DELIVERABILITY OF ANY OIL, GAS,  OR  OTHER  MINERAL  OR  RESERVE,  ATTRIBUTABLE  OR  RELATED  TO  THE ASSETS.

(d)     ASSIGNEE WARRANTS AND REPRESENTS THAT IT: (I) IS EXPERIENCED AND  KNOWLEDGEABLE  WITH  RESPECT  TO  THE  OIL  AND  GAS  EXPLORATION INDUSTRY GENERALLY AND WITH TRANSACTIONS AND ASSIGNMENTS OF THIS TYPE  SPECIFICALLY;  (II)  POSSESSES  MORE  THAN  SUFFICIENT  KNOWLEDGE, EXPERIENCE AND EXPERTISE TO EVALUATE INDEPENDENTLY THE MERITS AND RISKS OF THE TRANSACTIONS HEREIN CONTEMPLATED; AND (III) IS NOT IN A MATERIALLY  DISPARATE  BARGAINING  POSITION  WHEN  COMPARED  TO ASSIGNOR.

(e)     ASSIGNOR HAS NOT AND WILL NOT MAKE ANY REPRESENTATION OR WARRANTY  REGARDING  ANY  MATTER  OR  CIRCUMSTANCE  RELATING  TO ENVIRONMENTAL LAWS, THE RELEASE OF HAZARDOUS MATERIALS OR OTHER MATERIALS INTO THE ENVIRONMENT OR THE PROTECTION OF HUMAN HEALTH, SAFETY,  NATURAL  RESOURCES  OR  THE  ENVIRONMENT,  OR  ANY  OTHER ENVIRONMENTAL  CONDITION  OF  THE  ASSETS,  AND  NOTHING  IN  THIS ASSIGNMENT  OR  OTHERWISE  SHALL  BE  CONSTRUED  AS  SUCH  A REPRESENTATION  OR  WARRANTY.   ASSIGNEE  SHALL  BE  DEEMED  TO  BE ACQUIRING THE ASSETS "AS IS – WHERE IS" WITHOUT ANY REPRESENTATION OR

WARRANTY WHATSOEVER, WITH ALL FAULTS FOR PURPOSES OF THEIR ENVIRONMENTAL CONDITION, AND ASSIGNEE HAS MADE OR CAUSED TO BE MADE SUCH ENVIRONMENTAL INSPECTIONS AS ASSIGNEE DEEMS APPROPRIATE. ASSIGNEE SHALL RELY, AND HEREBY RELIES, UPON ASSIGNEE'S OWN INVESTIGATION AND DUE DILIGENCE OF THE PHYSICAL CONDITION OF THE ASSETS, INCLUDING ANY AND ALL ENVIRONMENTAL CONDITIONS, AND ASSIGNEE HEREBY ACCEPTS THE ASSETS INCLUSIVE OF ANY ADVERSE ENVIRONMENTAL CONDITION PRESENTLY EXISTING, WHETHER KNOWN OR UNKNOWN.

(f)     ASSIGNEE ACCEPTS THIS ASSIGNMENT SUBJECT TO AND ON THE BASIS OF THE FOREGOING DISCLAIMERS, DISCLAIMS ANY RELIANCE ON ANY STATEMENTS OR INFORMATION MADE OR PROVIDED REGARDING ANY SUCH MATTERS, AND WAIVES ANY RIGHTS IT MAY OTHERWISE HAVE HAD TO RELY ON ANY SUCH STATEMENTS OR INFORMATION. ASSIGNOR AND ASSIGNEE AGREE THAT, TO THE EXTENT REQUIRED BY APPLICABLE LAW TO BE EFFECTIVE, THE DISCLAIMERS OF CERTAIN REPRESENTATIONS AND WARRANTIES CONTAINED IN THIS SECTION 2.1 ARE CONSPICUOUS DISCLAIMERS.

Section 2.2     Except to the extent constituting Retained Liabilities, Assignee hereby assumes and agrees, by accepting this Assignment, the responsibility for the Assets and all the risk, cost, and expense of all Liabilities and operations related to the Assets, including without limitation (i) any ongoing operations related to any Asset, (ii) any and all repair and maintenance related to the Assets, (iii) the proper plugging and abandoning of the Wells, (iv) any surface restoration or environmental obligations related to any of the Assets, and (v) all other Liabilities relating to, arising out of or arising in connection with the use, occupation, operation, ownership, maintenance or abandonment of the Assets whether arising prior to, on or after the Effective Date (all Liabilities set forth in this Section 2.2, collectively, the "Asset Related Liabilities"). As used in this Assignment, "Liability" or "Liabilities" means any debt, liability, loss, damage, claim, demand, cost, expense (including reasonable attorneys' and consultants' fees and expenses), interest, award, judgment, penalty, fine, commitment or obligation (whether direct or indirect, known or unknown, asserted or unasserted, absolute or contingent, accrued or unaccrued, matured or unmatured, determined or determinable, disputed or undisputed, liquidated or unliquidated, or due or to become due) of every kind and description (whether in contract, tort, strict liability or otherwise), including all costs and expenses related thereto (including all fees, disbursements and expenses of legal counsel, experts and advisors and costs of investigation), and including Liabilities arising under any law, regulation, lawsuit or other legal action, any order, writ, judgment, injunction, decree, stipulation, determination or award entered by or with any governmental, regulatory or administrative authority and Liabilities arising under any of the Agreements and whether arising prior to, on or after the Effective Date. "Retained Liabilities" means the following obligations and Liabilities, known or unknown, arising from, based upon or associated with the Assets: (a) personal injury, illness or death relating to the use, ownership or operation of the Assets prior to the Effective Date to the extent such injury, illness or death occurs both prior to the Effective Date and during Assignor's ownership of the Assets; (b) Hazardous Materials related or attributable to the Assets that, during Assignor's ownership of the Assets, were disposed of by Assignor or any of its affiliates at off-site commercial disposal facilities; and (c) any claim made by an employee of Assignor or any of its affiliates relating to such employment.

Section 2.3    Assignee agrees to defend, indemnify and hold harmless Assignor and Sanchez Oil & Gas Corporation ("SOG") (which acted as contract operator), their respective agents, employees and assigns (each an "Indemnified Party" and collectively, the "Indemnified Parties") from any and all Asset Related Liabilities and any and all obligations and Liabilities relating to, arising out of or arising in connection with Assignee's and/or SOG's operation or use of the Assets, even if such Liabilities arose from conditions, actions or inactions occurring prior to, on or after to the Effective Date of this Assignment and even if such Liabilities are caused in whole or in part by, or contributed to by, the negligence (whether sole, joint or concurrent), strict liability or other legal fault of an Indemnified Party, its affiliates, agents, employees or contractors, or any invitee or third party, and whether or not caused by a preexisting condition.

Section 2.4    Additionally, Assignee hereby agrees to indemnify and hold harmless Assignor and the Indemnified Parties from any and all claims arising from the production and sale of hydrocarbons from the Assets assigned hereunder, including the accounting or payment to third parties of monies attributable to their interests in such production, including any suspense funds, insofar as such claims relate to hydrocarbons produced from the Wells. Assignee shall be subject to, responsible for and comply with, at its sole cost and expense, all duties and obligations of Assignor and any of the Indemnified Parties, express or implied, with respect to the Assets under or by virtue of any Lease, contract, Agreement, document, permit, applicable statute or rule, regulation or order of any governmental authority or at common law, specifically including, but not limited to, any governmental request or requirement or contractual obligation to plug, re-plug and/or abandon any Well of whatsoever type, status or classification, or take any clean-up, surface restoration, environmental abatement or remediation or other action with respect to the Assets.

# ARTICLE 3
# MISCELLANEOUS

Section 3.1    Government Filings. Assignee agrees and warrants that upon the execution of this Assignment either Assignee or its designated operator will satisfy all requirements to qualify under federal, state, and local laws, ordinance, regulations, and orders to operate the Wells, at Assignee's sole cost and expense, including, but not limited to, the following:

(a)    file with the Mississippi State Oil and Gas Board ("MSOGB") a MSOGB Form 2 (Change of Operator) for each Well;

(b)    file with the MSOGB a MSOGB Form 8 (Authorization to Transport) for each Well which is producing;

(c)    submit financial assurance to the MSOGB satisfactory to the MSOGB to secure the plugging and abandonment obligations for all Wells and obtain the release of all financial assurance provided to the MSOGB by Assignor and/or SOG; and

(d)    submit to the Mississippi Department of Environmental Quality a permit transfer form to transfer and assume from Assignor and SOG all environmental and natural resource permits, authorizations, notifications, etc., presently held by or identified with Assignor and/or SOG.

Section 3.2     Sale Order.  This Assignment is expressly made subject to the terms of that certain Sale Order dated June 18, 2020, issued by the United States Bankruptcy Court for the Southern District of Texas in Case No. 19-34508 (the "Sale Order").

Section 3.3     Taxes. Assignee shall assume and pay all taxes, including ad-valorem taxes, production taxes, or any other taxes of any kind or character imposed on the Assets as of the Effective Date of this Assignment.

Section 3.4     Successors and Assigns.  This Assignment shall be binding upon and inure to the benefit of the Parties and their respective successors and assigns. All references herein to either Assignors or Assignee shall include their respective successors and assigns.Exhibits.  All of the Exhibits referred to in this Assignment constitute a part of this Assignment.Counterparts.  This Assignment may be executed in counterparts, each of which shall be deemed an original instrument, but all such counterparts together shall constitute one instrument.  No Party shall be bound until such time as all of the Parties have executed counterparts of this Assignment. To facilitate recordation or filing of this Assignment, each counterpart must be filed with a parish or state agency or office that contain those portions of the Exhibits to this Assignment that describe property in that parish or under the jurisdiction of that agency or office. Complete copies of this Assignment containing the entire Exhibits have been retained by Assignor and Assignee. **IN WITNESS WHEREOF**, this Assignment has been executed by each of the Parties as of the dates of the acknowledgments below but shall be effective for all purposes as of June 1, 2020 (the "Effective Date").

[*Signature Page Follows*]

**ASSIGNOR:**

**SN TMS, LLC,**
a Delaware limited liability company

By: _____
Name:
Title:

STATE OF _____

COUNTY OF _____

      Personally appeared before me, the undersigned authority in and for the said county and state, on this _____day of _____, 2020, within my jurisdiction, the within named _____, who proved to me on the basis of satisfactory evidence to be the person whose name is subscribed in the above and foregoing instrument and acknowledged that he/she/they executed the same in his/her/their representative capacity(ies), and that by his/her/their signature(s) on the instrument, and as the act and deed of the person(s) or entity(ies) upon behalf of which he/she/they acted, executed the above and foregoing instrument, after first having been duly authorized so to do.

_____
NOTARY

_____
My commission expires

*Signature Page to Assignment and Bill of Sale*

**ASSIGNEE:**

**WHITE RIVER SPV 2 LLC,**
a Texas limited liability company


By: _____
Name: Jason Puchir
Title: Chief Financial Officer




STATE OF _____

COUNTY OF _____


        Personally appeared before me, the undersigned authority in and for the said county and state, on this ____day of _____, 2020, within my jurisdiction, the within named JASON PUCHIR, who proved to me on the basis of satisfactory evidence to be the person whose name is subscribed in the above and foregoing instrument and acknowledged that he executed the same in his representative capacities, and that by his signature on the instrument, and as the act and deed of the person or entity upon behalf of which he acted, executed the above and foregoing instrument, after first having been duly authorized so to do.


                                      _____
                                        NOTARY

_____
My commission expires

*Signature Page to Assignment and Bill of Sale*

## EXHIBIT A

Attached to that certain Assignment and Bill of Sale dated effective June 1, 2020, by and between SN TMS, LLC, as Assignor, and White River SPV 2 LLC, as Assignee.

### Leases

| Lease No. | Lessor | Lessee | Lease Date | Book | Page | File No. | County | State |
|---|---|---|---|---|---|---|---|---|
| MS571002 | BOARD OF SUPERVISORS OF PIKE COUNTY, MISSISSIPPI | WORLDWIDE COMPANIES | 07/12/1999 | 201 | 617 | 122347 | Pike | MS |

### END OF EXHIBIT "A"

## EXHIBIT B

Attached to that certain Assignment and Bill of Sale dated effective June 1, 2020, by and between SN TMS, LLC, as Assignor, and White River SPV 2 LLC, as Assignee.

### Wells

| WELL NAME | WELL NO. | COUNTY/PARISH | STATE | API NUMBER |
|-----------|----------|---------------|-------|------------|
| PIKE COUNTY FARM | 1 | PIKE | MISSISSIPPI | 23113202340000 |
| BRASWELL 24-12 | 1 | PIKE | MISSISSIPPI | 23113202211000 |

**END OF EXHIBIT "B"**

# ASSIGNMENT AND BILL OF SALE

**ASSIGNORS:**      **SN TMS, LLC**
1000 Main Street, Suite 3000
Houston, Texas 77002
Tel. (713) 783-8000

**ASSIGNEE:**      **WHITE RIVER SPV 2 LLC**
5899 Preston Road, Suite 505
Frisco, Texas 75034
Tel. (800) 919-4534

**PREPARED BY:**      **SANCHEZ ENERGY CORPORATION**
1000 Main Street, Suite 3000
Houston, Texas 77002
Tel. (713) 783-8000

**INDEXING INSTRUCTIONS:**  (ON NEXT PAGE)

**INDEXING INSTRUCTIONS:**

Index in general index and note on face of each lease in Exhibit A.

Index in Sectional Indices as follows:

<u>TOWNSHIP 1 NORTH, RANGE 6 EAST</u>
SECTION 19: SW/4; PT W/2W/2SE/4
SECTION 27: SW/4; PT S/2S/2NW/4
SECTION 30: S/2SW/4SW/4
SECTION 31: NW/4NW/4; PT N/2N/2SW/4NW/4
SECTION 34: NW/4; SW/4NE/4
SECTION 37: ALL

<u>TOWNSHIP 1 NORTH, RANGE 5 EAST</u>
SECTION 24: PT E/2NE/4SE/4
SECTION 25: PT S/2S/2SE/4
SECTION 36: PT N/2
SECTION 37: PT N/4

<u>TOWNSHIP 2 NORTH, RANGE 3 EAST</u>
SECTION 07: PT W/2W/2SW/4

<u>TOWNSHIP 2 NORTH, RANGE 6 EAST</u>
SECTION 12: PT SW/4; PT S/2NW/4

## ASSIGNMENT AND BILL OF SALE

STATE OF MISSISSIPPI

COUNTY OF AMITE

This Assignment and Bill of Sale (this "Assignment") is by and between SN TMS, LLC ("Assignor"), a wholly owned subsidiary of Sanchez Energy Corporation, whose address is 1000 Main Street, Suite 3000, Houston, Texas 77002, and White River SPV 2 LLC ("Assignee"), whose address is 5899 Preston Road, Suite 505, Frisco, Texas 75034. Assignor and Assignee referred to collectively as the "Parties".

### WITNESSETH:

WHEREAS, Assignor has agreed to assign to Assignee all of its interest in and to the Assets (as defined herein);

WHEREAS, Assignee has agreed to assume the Asset Related Liabilities (as defined herein);

NOW, THEREFORE, in consideration of the premises and of the mutual covenants and agreements hereinafter contained and performed by the Parties hereto, Assignor and Assignee hereby agree as follows:

### ARTICLE 1
### CONVEYANCE OF ASSETS

Section 1.1    Conveyance of Assets.  FOR AND IN CONSIDERATION of the sum of ONE HUNDRED TWENTY-FIVE DOLLARS ($125.00) and other good and valuable consideration, the receipt and full sufficiency of which are hereby acknowledged by the Parties, Assignor does, subject to the reservations, covenants, terms and conditions of this Assignment, hereby GRANT, SELL, CONVEY, TRANSFER, ASSIGN, SET OVER and DELIVER to Assignee, and Assignee hereby accepts from Assignor, effective as of the Effective Date (as defined herein), one hundred percent (100%) of Assignor's interest in the following (the "Assets"):

    (a)    the oil, gas, and mineral leases described in Exhibit "A" attached hereto ("Leases"), and all of Assignor's interest in the Leases and lands described in the Leases or pooled or unitized therewith, including, but not limited to, leasehold working interests, net revenue interests, royalty interests, non-participating royalty interests, overriding royalty interests, net profits interests, reversionary interests and any and all other interests owned by Assignor in and to the Leases and the lands described in the Leases and pooled or unitized therewith;

    (b)    all wells (including all oil, gas, water, disposal or injection wells) located on any of the Leases or on any expired lease or lands with which any Lease has been unitized,

whether such wells are producing, shut-in, abandoned or in any other condition (Assignor's collective interest in such wells, including the wells described in Exhibit "B" attached hereto ("Wells"));

(c)   all surface agreements, rights-of-way, saltwater disposal agreements, joint operating agreements, letter agreements, unit designations, unit agreements and any other contracts and instruments that are used for, or attributable to, the ownership or operation of any of the Leases or Wells, including, but not limited to, the contracts listed in Exhibit "C" attached hereto ("Agreements");

(d)   all equipment, machinery, fixtures and other personal and mixed property, operational and nonoperational, known or unknown, located on, in or under any of the Leases and Wells, that are primarily used or held for use in connection with the ownership, operation or development of the Leases and Wells, including pipelines, gathering systems, well equipment, casing, tubing, pumps, motors, fixtures, machinery, compression equipment, flow lines, tanks, processing and separation facilities, water lines and related facilities, structures, materials, drilling barge, boats and other items primarily used in the ownership, operation or development of the Leases and Wells;

(e)   all hydrocarbons attributable to the Leases and Wells to the extent such hydrocarbons (i) were produced from and after the Effective Date, or (ii) were in pipelines or in tanks above the pipeline sales connection, in each case, as of the Effective Date, and any unsold inventory of gas products as of the Effective Date, and any and all imbalances relating to the Assets regardless of the time of occurrence; and

(f)   all files, records, maps, information and data that (i) relate to the ownership, operation or development of the Assets described above, (ii) that are in such Assignor's or its Affiliates' possession, and (iii) that are not subject to confidentiality obligations, including:   (A) land and title records (including abstracts of title, title opinions and title curative documents); (B) applicable contract files; (C) correspondence (to the extent not subject to attorney-client privilege or other similar privilege); (D) operations, environmental, health and safety, pipeline safety, production, accounting and asset tax records (other than to the extent relating to Assignor's business generally); and (E) production, facility and well records and data (including non-confidential logs).

TO HAVE AND TO HOLD the Assets, together with all rights, privileges and appurtenances thereto, unto Assignee and its successors and assigns forever, subject to the reservations, covenants, terms and conditions set forth in this Assignment.

Section 1.2   Excluded Assets.   Assignor hereby reserves and retains the following (the "Excluded Assets"):

(a)   all of Assignor's corporate minute books and corporate financial records that relate to Assignor's business generally;

(b)      all hydrocarbons produced from the Assets with respect to all periods prior to the Effective Date, other than those hydrocarbons produced from or allocated to the Assets and in storage or existing in stock tanks, pipelines or plants (including inventory) as of the Effective Date;

(c)      all personal computers, network equipment and associated peripherals not including SCADA, measurement or communication equipment;

(d)      all drilling rigs, and all trucks, cars and vehicles;

(e)      all of Assignor's proprietary computer software, patents, trade secrets, copyrights, names, trademarks, logos and other intellectual property;

(f)      all documents and instruments and other data or information of Assignor that may be protected by an attorney-client privilege, including all work product of and attorney-client communications with Assignor's legal counsel or any other documents or instruments that may be protected by an attorney-client privilege, but excluding any title opinions covering, addressing or commenting on the Assets and/or other materials addressing the environmental or other condition of the Assets; and

(g)      all documents and instruments and other data or information that cannot be disclosed to Assignee as a result of confidentiality arrangements under agreements with third parties or which are proprietary information of third parties such as seismic data.

**ARTICLE 2**
**DISCLAIMERS**

Section 2.1      <u>Disclaimers of All Warranties and Representations</u>.

(a)      Assignor and Assignee acknowledge and agree that the Assets are being conveyed without warranty of title of any kind whether expressed or implied, at common law, by statute, or otherwise.  Without in any way limiting the generality of the foregoing, Assignee acknowledges and agrees that the Assets are being assigned subject to the following:

(i)      all matters of public record in the county(ies) where a particular Asset is located which are still in effect and affect such Asset;

(ii)      the terms and conditions of all Agreements, Leases (including with respect to (x) any Leases that have expired, or will expire, pursuant to their express terms, and (y) any portions of any Leases that are lost as the result of any vertical or horizontal "Pugh clauses" or other similar provisions contained therein);

(iii)      liens for taxes or assessments not yet due or delinquent;

(iv)      conventional rights of reassignment upon final intention to abandon or release the Assets, or any of them;

(v)      easements, conditions, covenants, restrictions, servitudes, permits, rights-of-way, surface leases and other similar rights for the purpose of surface or other operations, facilities, pipelines, transmission lines, transportation lines, distribution lines, power lines, telephone lines and other like purposes, or for the joint or common use of the lands, rights-of-way, facilities and equipment;

(vi)      vendors', carriers', warehousemens', repairmens', mechanics', workmens', materialmens', construction or other like liens arising by operation of law in the ordinary course of business or incident to the construction or improvement of any property in respect of obligations which are not yet due;

(vii)      liens created under Leases, permits, easements, rights-of-way or Agreements, or by operation of law;

(viii)      any encumbrance affecting the Assets that has been cured or remedied by applicable statutes of limitation or statutes of prescription;

(ix)      calls on production under existing Agreements;

(x)      defects arising out of lack of survey;

(xi)      defects arising out of lack of corporate or other entity authorization in the public records; and

(xii)      defects that affect only which person has the right to receive royalty payments (rather than the amount of the proper payment of such royalty payment).

(b)      IN ADDITION, ASSIGNOR MAKES NO WARRANTIES, EXPRESS, STATUTORY OR IMPLIED, OR REPRESENTATION OF ANY KIND AND ASSIGNOR EXPRESSLY DISCLAIMS ALL LIABILITY AND RESPONSIBILITY FOR ANY REPRESENTATION, WARRANTY, STATEMENT OR INFORMATION MADE OR COMMUNICATED (ORALLY OR IN WRITING) TO ASSIGNEE OR ANY ASSIGNEE REPRESENTATIVE (INCLUDING ANY OPINION, INFORMATION, PROJECTION OR ADVICE THAT MAY HAVE BEEN PROVIDED TO ASSIGNEE BY ASSIGNOR, ANY AFFILIATE OR SUBSIDIARY OF ASSIGNOR, OR ANY OF THEIR RESPECTIVE OFFICERS, DIRECTORS, MANAGERS, MEMBERS, PARTNERS, EMPLOYEES, AGENTS, ADVISORS, PROFESSIONALS OR REPRESENTATIVES). WITHOUT IN ANY WAY LIMITING THE GENERALITY OF THIS SECTION 2.1, ASSIGNOR EXPRESSLY DISCLAIMS ANY REPRESENTATION OR WARRANTY, EXPRESS, STATUTORY OR IMPLIED BY ASSIGNOR, ANY AFFILIATE OR SUBSIDIARY OF ASSIGNOR, OR ANY OF THEIR RESPECTIVE OFFICERS, DIRECTORS, MANAGERS, MEMBERS, PARTNERS, EMPLOYEES, AGENTS, ADVISORS, PROFESSIONALS OR REPRESENTATIVES, AS TO (I) TITLE TO ANY OF THE ASSETS, (II) THE CONTENTS, CHARACTER OR NATURE OF ANY REPORT OF ANY PETROLEUM ENGINEERING CONSULTANT, OR ANY ENGINEERING, GEOLOGICAL OR SEISMIC DATA OR INTERPRETATION, RELATING TO THE ASSETS, (III) THE QUANTITY, QUALITY OR RECOVERABILITY OF HYDROCARBONS IN OR FROM THE ASSETS, (IV) ANY ESTIMATES OF THE VALUE OF THE ASSETS OR FUTURE REVENUES GENERATED BY THE ASSETS, (V) THE

PRODUCTION OF HYDROCARBONS FROM THE ASSETS, (VI) THE MAINTENANCE, REPAIR, CONDITION, QUALITY, SUITABILITY, DESIGN OR MARKETABILITY OF THE ASSETS, (VII) THE CONTENT, CHARACTER OR NATURE OF ANY INFORMATION MEMORANDUM, REPORTS, BROCHURES, CHARTS OR STATEMENTS PREPARED BY OR ON BEHALF OF ASSIGNOR OR THIRD PARTIES WITH RESPECT TO THE ASSETS, (VIII) ANY OTHER MATERIALS OR INFORMATION THAT MAY HAVE BEEN MADE AVAILABLE TO ASSIGNEE OR ANY ASSIGNEE REPRESENTATIVE IN CONNECTION WITH THE TRANSACTION EFFECTED BY THIS ASSIGNMENT OR ANY DISCUSSION OR PRESENTATION RELATING THERETO AND (IX) ANY IMPLIED OR EXPRESS WARRANTY OF FREEDOM FROM PATENT OR TRADEMARK INFRINGEMENT.

(c)     ASSIGNOR FURTHER DISCLAIMS ANY REPRESENTATION OR WARRANTY, EXPRESS, STATUTORY OR IMPLIED, OF MERCHANTABILITY, FREEDOM FROM LATENT VICES OR DEFECTS, FITNESS FOR A PARTICULAR PURPOSE OR CONFORMITY TO MODELS OR SAMPLES OF MATERIALS OF ANY ASSETS, RIGHTS OF A PURCHASER UNDER APPROPRIATE STATUTES TO CLAIM DIMINUTION OF CONSIDERATION OR RETURN OF THE PURCHASE PRICE OR CONSIDERATION, IT BEING EXPRESSLY UNDERSTOOD AND AGREED BY THE PARTIES THAT, ASSIGNEE SHALL BE DEEMED TO BE ACQUIRING THE ASSETS IN THEIR PRESENT STATUS, CONDITION AND STATE OF REPAIR, "AS IS" AND "WHERE IS" WITH ALL FAULTS OR DEFECTS (KNOWN OR UNKNOWN, LATENT, DISCOVERABLE OR UNDISCOVERABLE), AND THAT ASSIGNEE HAS MADE OR CAUSED TO BE MADE SUCH INSPECTIONS AS ASSIGNEE DEEMS APPROPRIATE. WITHOUT LIMITING THE FOREGOING, ASSIGNOR FURTHER DISCLAIMS ANY REPRESENTATION OR WARRANTY, EXPRESS, STATUTORY OR IMPLIED, OF THE VALUE, QUALITY, QUANTITY OR DELIVERABILITY OF ANY OIL, GAS, OR OTHER MINERAL OR RESERVE, ATTRIBUTABLE OR RELATED TO THE ASSETS.

(d)     ASSIGNEE WARRANTS AND REPRESENTS THAT IT: (I) IS EXPERIENCED AND KNOWLEDGEABLE WITH RESPECT TO THE OIL AND GAS EXPLORATION INDUSTRY GENERALLY AND WITH TRANSACTIONS AND ASSIGNMENTS OF THIS TYPE SPECIFICALLY; (II) POSSESSES MORE THAN SUFFICIENT KNOWLEDGE, EXPERIENCE AND EXPERTISE TO EVALUATE INDEPENDENTLY THE MERITS AND RISKS OF THE TRANSACTIONS HEREIN CONTEMPLATED; AND (III) IS NOT IN A MATERIALLY DISPARATE BARGAINING POSITION WHEN COMPARED TO ASSIGNOR.

(e)     ASSIGNOR HAS NOT AND WILL NOT MAKE ANY REPRESENTATION OR WARRANTY REGARDING ANY MATTER OR CIRCUMSTANCE RELATING TO ENVIRONMENTAL LAWS, THE RELEASE OF HAZARDOUS MATERIALS OR OTHER MATERIALS INTO THE ENVIRONMENT OR THE PROTECTION OF HUMAN HEALTH, SAFETY, NATURAL RESOURCES, OR THE ENVIRONMENT, OR ANY OTHER ENVIRONMENTAL CONDITION OF THE ASSETS, AND NOTHING IN THIS ASSIGNMENT OR OTHERWISE SHALL BE CONSTRUED AS SUCH A REPRESENTATION OR WARRANTY. ASSIGNEE SHALL BE DEEMED TO BE ACQUIRING THE ASSETS "AS IS – WHERE IS" WITHOUT ANY REPRESENTATION OR

WARRANTY WHATSOEVER, WITH ALL FAULTS FOR PURPOSES OF THEIR ENVIRONMENTAL CONDITION, AND ASSIGNEE HAS MADE OR CAUSED TO BE MADE SUCH ENVIRONMENTAL INSPECTIONS AS ASSIGNEE DEEMS APPROPRIATE.  ASSIGNEE SHALL RELY, AND HEREBY RELIES, UPON ASSIGNEE'S OWN INVESTIGATION AND DUE DILIGENCE OF THE PHYSICAL CONDITION OF THE ASSETS, INCLUDING ANY AND ALL ENVIRONMENTAL CONDITIONS, AND ASSIGNEE HEREBY ACCEPTS THE ASSETS INCLUSIVE OF ANY ADVERSE ENVIRONMENTAL CONDITION PRESENTLY EXISTING, WHETHER KNOWN OR UNKNOWN.

(f)      ASSIGNEE ACCEPTS THIS ASSIGNMENT SUBJECT TO AND ON THE BASIS OF THE FOREGOING DISCLAIMERS, DISCLAIMS ANY RELIANCE ON ANY STATEMENTS OR INFORMATION MADE OR PROVIDED REGARDING ANY SUCH MATTERS, AND WAIVES ANY RIGHTS IT MAY OTHERWISE HAVE HAD TO RELY ON ANY SUCH STATEMENTS OR INFORMATION.  ASSIGNOR AND ASSIGNEE AGREE THAT, TO THE EXTENT REQUIRED BY APPLICABLE LAW TO BE EFFECTIVE, THE DISCLAIMERS OF CERTAIN REPRESENTATIONS AND WARRANTIES CONTAINED IN THIS SECTION 2.1 ARE CONSPICUOUS DISCLAIMERS.

Section 2.2     Except to the extent constituting Retained Liabilities, Assignee hereby assumes and agrees, by accepting this Assignment, the responsibility for the Assets and all the risk, cost, and expense of all Liabilities and operations related to the Assets, including without limitation (i) any ongoing operations related to any Asset, (ii) any and all repair and maintenance related to the Assets, (iii) the proper plugging and abandoning the Wells, (iv) any surface restoration or environmental obligations related to any of the Assets, and (v) all other Liabilities relating to, arising out of or arising in connection with the use, occupation, operation, ownership, maintenance or abandonment of the Assets whether arising prior to, on or after the Effective Date (all Liabilities set forth in this Section 2.2, collectively, the "Asset Related Liabilities"). As used in this Assignment, "Liability" or "Liabilities" means any debt, liability, loss, damage, claim, demand, cost, expense (including reasonable attorneys' and consultants' fees and expenses), interest, award, judgment, penalty, fine, commitment or obligation (whether direct or indirect, known or unknown, asserted or unasserted, absolute or contingent, accrued or unaccrued, matured or unmatured, determined or determinable, disputed or undisputed, liquidated or unliquidated, or due or to become due) of every kind and description (whether in contract, tort, strict liability or otherwise), including all costs and expenses related thereto (including all fees, disbursements and expenses of legal counsel, experts and advisors and costs of investigation), and including Liabilities arising under any law, regulation, lawsuit or other legal action, any order, writ, judgment, injunction, decree, stipulation, determination or award entered by or with any governmental, regulatory or administrative authority and Liabilities arising under any of the Agreements and whether arising prior to, on or after the Effective Date.  "Retained Liabilities" means the following obligations and Liabilities, known or unknown, arising from, based upon or associated with the Assets:  (a) personal injury, illness or death relating to the use, ownership or operation of the Assets prior to the Effective Date to the extent such injury, illness or death occurs both prior to the Effective Date and during Assignor's ownership of the Assets; (b) Hazardous Materials related or attributable to the Assets that, during Assignor's ownership of the Assets, were disposed of by Assignor or any of its affiliates at off-site commercial disposal facilities; and (c) any claim made by an employee of Assignor or any of its affiliates relating to such employment.

Section 2.3    Assignee agrees to defend, indemnify and hold harmless Assignor and Sanchez Oil & Gas Corporation ("SOG") (which acted as contract operator), their respective agents, employees and assigns (each an "Indemnified Party" and collectively, the "Indemnified Parties") from any and all Asset Related Liabilities and any and all obligations and Liabilities relating to, arising out of or arising in connection with Assignee's and/or SOG's operation or use of the Assets, even if such Liabilities arose from conditions, actions or inactions occurring prior to, on or after to the Effective Date of this Assignment and even if such Liabilities are caused in whole or in part by, or contributed to by, the negligence (whether sole, joint or concurrent), strict liability or other legal fault of an Indemnified Party, its affiliates, agents, employees or contractors, or any invitee or third party, and whether or not caused by a preexisting condition.

Section 2.4    Additionally, Assignee hereby agrees to indemnify and hold harmless Assignor and the Indemnified Parties from any and all claims arising from the production and sale of hydrocarbons from the Assets assigned hereunder, including the accounting or payment to third parties of monies attributable to their interests in such production, including any suspense funds, insofar as such claims relate to hydrocarbons produced from the Wells. Assignee shall be subject to, responsible for and comply with, at its sole cost and expense, all duties and obligations of Assignor and any of the Indemnified Parties, express or implied, with respect to the Assets under or by virtue of any Lease, contract, Agreement, document, permit, applicable statute or rule, regulation or order of any governmental authority or at common law, specifically including, but not limited to, any governmental request or requirement or contractual obligation to plug, re-plug and/or abandon any Well of whatsoever type, status or classification, or take any clean-up, surface restoration, environmental abatement or remediation or other action with respect to the Assets.

# ARTICLE 3
## MISCELLANEOUS

Section 3.1    Government Filings. Assignee agrees and warrants that upon the execution of this Assignment either Assignee or its designated operator will satisfy all requirements to qualify under federal, state, and local laws, ordinance, regulations, and orders to operate the Wells, at Assignee's sole cost and expense, including, but not limited to, the following:

(a)    file with the Mississippi State Oil and Gas Board ("MSOGB") a MSOGB Form 2 (Change of Operator) for each Well;

(b)    file with the MSOGB a MSOGB Form 8 (Authorization to Transport) for each Well which is producing;

(c)    submit financial assurance to the MSOGB satisfactory to the MSOGB to secure the plugging and abandonment obligations for all Wells and obtain the release of all financial assurance provided to the MSOGB by Assignor and/or SOG; and

(d)    submit to the Mississippi Department of Environmental Quality a permit transfer form to transfer and assume from Assignor and SOG all environmental and natural resource permits, authorizations, notifications, etc., presently held by or identified with Assignor and/or SOG.

Section 3.2    <u>Sale Order</u>.  This Assignment is expressly made subject to the terms of that certain Sale Order dated June 18, 2020, issued by the United States Bankruptcy Court for the Southern District of Texas in Case No. 19-34508 (the "<u>Sale Order</u>").

Section 3.3    <u>Taxes</u>. Assignee shall assume and pay all taxes, including ad-valorem taxes, production taxes, or any other taxes of any kind or character imposed on the Assets as of the Effective Date of this Assignment.

Section 3.4    <u>Successors and Assigns</u>.  This Assignment shall be binding upon and inure to the benefit of the Parties and their respective successors and assigns. All references herein to either Assignors or Assignee shall include their respective successors and assigns.

Section 3.5    <u>Exhibits</u>.  All of the Exhibits referred to in this Assignment constitute a part of this Assignment.

Section 3.6    <u>Counterparts</u>.  This Assignment may be executed in counterparts, each of which shall be deemed an original instrument, but all such counterparts together shall constitute one instrument.  No Party shall be bound until such time as all of the Parties have executed counterparts of this Assignment. To facilitate recordation or filing of this Assignment, each counterpart must be filed with a parish or state agency or office that contain those portions of the Exhibits to this Assignment that describe property in that parish or under the jurisdiction of that agency or office. Complete copies of this Assignment containing the entire Exhibits have been retained by Assignor and Assignee.

**IN WITNESS WHEREOF**, this Assignment has been executed by each of the Parties as of the dates of the acknowledgments below but shall be effective for all purposes as of June 1, 2020 (the "<u>Effective Date</u>").

[*Signature Page Follows*]

**ASSIGNOR:**

**SN TMS, LLC,**
a Delaware limited liability company

By: _____
Name:
Title:

STATE OF _____

COUNTY OF _____

        Personally appeared before me, the undersigned authority in and for the said county and state, on this ____day of _____, 2020, within my jurisdiction, the within named _____, who proved to me on the basis of satisfactory evidence to be the person whose name is subscribed in the above and foregoing instrument and acknowledged that he/she/they executed the same in his/her/their representative capacity(ies), and that by his/her/their signature(s) on the instrument, and as the act and deed of the person(s) or entity(ies) upon behalf of which he/she/they acted, executed the above and foregoing instrument, after first having been duly authorized so to do.

_____
NOTARY

_____
My commission expires

*Signature Page to Assignment and Bill of Sale*

**ASSIGNEE:**

**WHITE RIVER SPV 2 LLC,**
a Texas limited liability company

By: _____
Name: Jason Puchir
Title: Chief Financial Officer

STATE OF _____

COUNTY OF _____

         Personally appeared before me, the undersigned authority in and for the said county and state, on this ____day of _____, 2020, within my jurisdiction, the within named JASON PUCHIR, who proved to me on the basis of satisfactory evidence to be the person whose name is subscribed in the above and foregoing instrument and acknowledged that he executed the same in his representative capacities, and that by his signature on the instrument, and as the act and deed of the person or entity upon behalf of which he acted, executed the above and foregoing instrument, after first having been duly authorized so to do.

                                            _____
                                            NOTARY

_____
My commission expires

## EXHIBIT A

Attached to that certain Assignment and Bill of Sale dated effective June 1, 2020, by and between
SN TMS, LLC, as Assignor, and White River SPV 2 LLC, as Assignee.

### Leases

| Lease No. | Lessor | Lessee | Lease Date | Book | Page | File No. | State | County / Parish |
|---|---|---|---|---|---|---|---|---|
| MS560005-001 | LAWSON, LEE RICHARD & KATHLEEN | SOUTHEAST LAND SERVICES INC | 01/21/2003 | 170 | 287 | 0303055 | MS | Amite |
| MS560005-002 | WILLIAMS, ROBERT EVERETT | SOUTHEAST LAND SERVICES INC | 01/23/2003 | 170 | 271 | 0303047 | MS | Amite |
| MS560005-003 | PARISH, EUNICE WILLIAMS | SOUTHEAST LAND SERVICES INC | 01/23/2003 | 170 | 285 | 0303054 | MS | Amite |
| MS560020-001 | BLACK STONE ACQUISITION PARTNE | WORLDWIDE COMPANIES | 03/10/2004 | 171 | 303 | 0401012 | MS | Amite |
| MS560020-002 | TILLETT, ALICE C. | WORLDWIDE COMPANIES | 01/27/2004 | 171 | 178 | 0400628 | MS | Amite |
| MS560020-003 | SMITH, ED A. | WORLDWIDE COMPANIES | 01/27/2004 | 171 | 305 | 0401013 | MS | Amite |
| MS560020-004 | RIDDLE III, JAMES I. | WORLDWIDE COMPANIES | 02/17/2004 | 171 | 319 | 0401020 | MS | Amite |
| MS560020-005 | PENTON, DAVID | WORLDWIDE COMPANIES | 02/13/2004 | 174 | 219 | 0502127 | MS | Amite |
| MS560020-006 | OZBURN, ROBERT | WORLDWIDE COMPANIES | 02/17/2004 | 171 | 361 | 0401039 | MS | Amite |
| MS560020-007 | LANCASTER, JANE R. | WORLDWIDE COMPANIES | 02/17/2004 | 171 | 321 | 0401021 | MS | Amite |
| MS560020-008 | ALFORD, RANDALL PRISCOK | WORLDWIDE COMPANIES | 02/01/2004 | 171 | 654 | 0402122 | MS | Amite |
| MS560020-009 | ALFORD, MARGARET JEAN PEGGY | WORLDWIDE COMPANIES | 02/01/2004 | 171 | 363 | 0401040 | MS | Amite |
| MS560020-010 | ALFORD, PRENTIS KEITH | WORLDWIDE COMPANIES | 04/09/2004 | 171 | 417 | 0401227 | MS | Amite |

| Lease No. | Lessor | Lessee | Lease Date | Book | Page | File No. | State | County / Parish |
|---|---|---|---|---|---|---|---|---|
| MS560020-011 | ALFORD, HOWARD W. | WORLDWIDE COMPANIES | 02/25/2004 | 171 | 325 | 0401023 | MS | Amite |
| MS560020-012 | RICHARDSON, DEBORAH PENTON | WORLDWIDE COMPANIES | 02/01/2004 | 171 | 333 | 0401027 | MS | Amite |
| MS560020-013 | NORMAN B. GILLIS SR TRUST | WORLDWIDE COMPANIES | 10/13/2003 | 170 | 226 | 0302772 | MS | Amite |
| MS560020-014 | DORCHESTER MINERALS LP | WORLDWIDE COMPANIES | 04/01/2004 | 171 | 393 | 0401218 | MS | Amite |
| MS560020-015 | ESTATE OF WADE W. WILEY, JR. | WORLDWIDE COMPANIES | 01/15/2004 | 171 | 131 | 0400475 | MS | Amite |
| MS560020-016 | JONES, A. R. | WORLDWIDE COMPANIES | 01/01/2004 | 171 | 114 | 0400467 | MS | Amite |
| MS560020-017 | LOGAN, JULIA ANN | WORLDWIDE COMPANIES | 01/27/2004 | 171 | 133 | 0400476 | MS | Amite |
| MS560020-018 | FRAIZIER, WARREN W. DBA FRAZIE | WORLDWIDE COMPANIES | 03/31/2004 | 171 | 413 | 0401225 | MS | Amite |
| MS560020-019 | BHCH PROPERTIES, LTD. | WORLDWIDE COMPANIES | 03/31/2004 | 171 | 419 | 0401228 | MS | Amite |
| MS560020-020 | BHCH MINERALS, LTD. | WORLDWIDE COMPANIES | 03/31/2004 | 171 | 423 | 0401230 | MS | Amite |
| MS560020-021 | BRANCH, TURNER W. | WORLDWIDE COMPANIES | 02/09/2004 | 171 | 317 | 0401019 | MS | Amite |
| MS560020-022 | BUTLER, DANA | WORLDWIDE COMPANIES | 02/18/2004 | 171 | 406 | 0401222 | MS | Amite |
| MS560020-023 | BRANCH JR., JAMES A. | WORLDWIDE COMPANIES | 02/02/2004 | 171 | 186 | 0400632 | MS | Amite |
| MS560020-024 | BOO-KER OIL & GAS CORP. | WORLDWIDE COMPANIES | 01/20/2004 | 171 | 126 | 0400473 | MS | Amite |
| MS560020-025 | SPEARS, CHARLES H. | WORLDWIDE COMPANIES | 11/30/2003 | 170 | 437 | 0303269 | MS | Amite |

| Lease No. | Lessor | Lessee | Lease Date | Book | Page | File No. | State | County / Parish |
|---|---|---|---|---|---|---|---|---|
| MS560020-026 | ESTATE OF WADE W. WILEY | SOUTHEAST LAND SERVICES INC | 04/21/2003 | 170 | 277 | 0303050 | MS | Amite |
| MS560020-027 | THORNHILL JR., J. E. | SOUTHEAST LAND SERVICES INC | 12/19/2002 | 170 | 279 | 0303051 | MS | Amite |
| MS560020-028 | STOCKARD, W. A. | SOUTHEAST LAND SERVICES INC | 03/21/2003 | 170 | 275 | 0303049 | MS | Amite |
| MS560020-029 | JONES, A. R. AND ELIZABETH C. | SOUTHEAST LAND SERVICES INC | 01/09/2003 | 170 | 291 | 0303057 | MS | Amite |
| MS560020-030 | HOWELL, DOROTHY THORNHILL | SOUTHEAST LAND SERVICES INC | 12/19/2002 | 170 | 293 | 0303058 | MS | Amite |
| MS560020-031 | LOGAN, JULIE ANN | SOUTHEAST LAND SERVICES INC | 04/01/2003 | 171 | 460 | 0401562 | MS | Amite |
| MS560020-032 | FRAZIER RESOURCES COMPANY | SOUTHEAST LAND SERVICES INC | 04/20/2004 | 171 | 451 | 0401558 | MS | Amite |
| MS560020-033 | BUTLER, DANA | SOUTHEAST LAND SERVICES INC | 12/19/2002 | 170 | 307 | 0303065 | MS | Amite |
| MS560020-034 | BHCH MINERALS. ET AL | SOUTHEAST LAND SERVICES INC | 04/20/2004 | 171 | 453 | 0401559 | MS | Amite |
| MS560020-035 | BRANCH, TURNER W. | SOUTHEAST LAND SERVICES INC | 01/07/2003 | 170 | 311 | 0303067 | MS | Amite |
| MS560020-036 | BRANCH JR., JAMES A. | SOUTHEAST LAND SERVICES INC | 01/07/2003 | 171 | 458 | 0401561 | MS | Amite |
| MS560020-037 | THE BOOTH-BRICKER FUND | SOUTHEAST LAND SERVICES INC | 03/21/2003 | 170 | 305 | 0303064 | MS | Amite |
| MS560020-038 | DORCHESTER MINERALS, L.P. | SOUTHEAST LAND SERVICES INC | 01/12/2004 | 171 | 455 | 0401560 | MS | Amite |
| MS560020-050 | ELLZEY, ROY S. | SOUTHEAST LAND SERVICES INC | 12/19/2002 | 170 | 299 | 0303061 | MS | Amite |
| MS560020-051 | HUGHES, JANE E. | SOUTHEAST LAND SERVICES INC | 12/19/2002 | 170 | 295 | 0303059 | MS | Amite |

| Lease No. | Lessor | Lessee | Lease Date | Book | Page | File No. | State | County / Parish |
|---|---|---|---|---|---|---|---|---|
| MS560020-052 | STAHLMAN, JUDY E. | SOUTHEAST LAND SERVICES INC | 12/19/2002 | 170 | 283 | 0303053 | MS | Amite |
| MS560020-053 | SETTOON, WILLIAM MICHAEL | SOUTHEAST LAND SERVICES INC | 01/06/2003 | 170 | 281 | 0303052 | MS | Amite |
| MS560020-054 | CAGLE, SUE COPASS | SOUTHEAST LAND SERVICES INC | 12/19/2002 | 170 | 301 | 0303062 | MS | Amite |
| MS560020-055 | JACKSON, SALLY COPAS | SOUTHEAST LAND SERVICES INC | 12/19/2002 | 170 | 289 | 0303056 | MS | Amite |
| MS560020-056 | WOOLLEY, CYNTHIA COPASS | SOUTHEAST LAND SERVICES INC | 12/19/2002 | 170 | 265 | 0303044 | MS | Amite |
| MS560020-057 | WILTSHIRE, ANN B. | SOUTHEAST LAND SERVICES INC | 01/09/2003 | 170 | 267 | 0303045 | MS | Amite |
| MS560020-058 | BILBO, WILLIAM B. | SOUTHEAST LAND SERVICES INC | 01/09/2003 | 170 | 309 | 0303066 | MS | Amite |
| MS560020-059 | BRASWELL, RANDY, IND & DBA WOR | ORION ENERGY PARTNERS LP | 10/10/2005 | 175 | 344 | 0503333 | MS | Amite |
| MS560020-060 | STOCKARD, W. A. | WORLDWIDE COMPANIES | 03/03/2004 | 171 | 408 | 0401223 | MS | Amite |
| MS560020-062 | SPEARS, CHARLES H. | SOUTHEAST LAND SERVICES INC | 11/11/2003 | 171 | 445 | 0401556 | MS | Amite |
| MS560020-063 | ATKINS MINERALS L. C. | WORLDWIDE COMPANIES | 01/10/2004 | 171 | 107 | 0400464 | MS | Amite |
| MS560020-075 | JACKSON, SALLY COPASS | SN TMS, LLC | 10/30/2014 | 254 | 532 | 1500806 | MS | Amite |
| MS560020-078 | THE THOMSEN COMPANY, LLC | SN TMS, LLC | 10/07/2014 | 252 | 1 | 1405937 | MS | Amite |
| MS560020-079 | WOOLLEY, CYNTHIA COPASS | SN TMS, LLC | 10/31/2014 | 258 | 310 | 1501896 | MS | Amite |
| MS560020-080 | COPASS, SUE | SN TMS, LLC | 10/31/2014 | 258 | 321 | 1501898 | MS | Amite |

| Lease No. | Lessor | Lessee | Lease Date | Book | Page | File No. | State | County / Parish |
|---|---|---|---|---|---|---|---|---|
| MS560031-001 | MAY, MARTHA SMILEY | SR ACQUISITION I, LLC | 12/16/2011 | 206 | 368 | 1104366 | MS | Amite |
| MS560044-001 | SPEARS, CHARLES H. | SR ACQUISITION I, LLC | 12/13/2011 | 206 | 146 | 1104282 | MS | Amite |
| MS560044-002 | TATE, THOMAS A. | F-OIL PROPERTIES INC | 05/25/2012 | 222 | 435 | 1204479 | MS | Amite |
| MS560044-003 | TATE, ROBERT DALE | F-OIL PROPERTIES INC | 05/25/2012 | 222 | 431 | 1204478 | MS | Amite |
| MS560044-004 | TATE, WILLIAM LEE | F-OIL PROPERTIES INC | 05/25/2012 | 222 | 427 | 1204477 | MS | Amite |
| MS561001-005 | JAMES, PAMELA B., ET VIR | F-OIL PROPERTIES, INC. | 04/08/2014 | 240 | 179 | 1402902 | MS | Amite |
| MS561001-006 | CARRAWAY, CORNELIUS | F-OIL PROPERTIES, INC | 05/30/2014 | 241 | 580 | 1403360 | MS | Amite |
| MS561001-007 | BROWN, ALFRED LEE, ET UX | F-OIL PROPERTIES, INC | 04/08/2014 | 241 | 550 | 1403355 | MS | Amite |
| MS561001-R01 | RAY, GAY L., ET VIR | WORLDWIDE COMPANIES | 11/19/2010 | 225 | 19 | 1205191 | MS | Amite |
| MS561001-R02 | ALDRIDGE, JAMES A. ALDRIDGE ET AL | WORLDWIDE COMPANIES | 11/19/2010 | 225 | 15 | 1205190 | MS | Amite |
| MS561001-R03 | JACKSON, PEGGY L., ET VIR | WORLDWIDE COMPANIES | 11/19/2010 | 225 | 23 | 1205192 | MS | Amite |
| MS561003-001 | BOARD OF EDUCATION OF AMITE CO | WORLDWIDE COMPANIES | 01/03/2006 | 175 | 608 | 0600084 | MS | Amite |
| MS561003-002 | BOARD OF EDUCATION OF AMITE COUNTY | SR ACQUISITION I, LLC | 10/10/2013 | 232 | 673 | 1303497 | MS | Amite |
| MS561019-001 | BIRD, CONNIE | F-OIL PROPERTIES INC | 04/17/2012 | 222 | 415 | 1204474 | MS | Amite |
| MS561019-002 | SIMS, MICHAEL | F-OIL PROPERTIES INC | 04/17/2012 | 222 | 419 | 1204475 | MS | Amite |

| Lease No. | Lessor | Lessee | Lease Date | Book | Page | File No. | State | County / Parish |
|---|---|---|---|---|---|---|---|---|
| MS561019-003 | JACKSON, DANIEL W., ET AL | F-OIL PROPERTIES, INC. | 03/19/2014 | 240 | 139 | 1402899 | MS | Amite |
| MS561019-004 | SIMS JR., RALPH EDWIN | F-OIL PROPERTIES, INC. | 03/28/2014 | 242 | 112 | 1403385 | MS | Amite |
| MS561019-005 | CARPENTER, BILLIE CHRISTINE | SUNCOAST LAND SERVICES, INC. | 07/17/2007 | 185 | 612 | 0704007 | MS | Amite |
| MS561019-006 | IVEY, EVA N. | SUNCOAST LAND SERVICES, INC. | 08/21/2007 | 185 | 658 | 0704024 | MS | Amite |
| MS561019-007 | IVEY, GLADYS | SUNCOAST LAND SERVICES, INC. | 07/17/2007 | 185 | 614 | 0704008 | MS | Amite |
| MS561019-008 | MCKEY, JODI IVEY | SUNCOAST LAND SERVICES, INC. | 08/21/2007 | 185 | 660 | 0704025 | MS | Amite |
| MS561019-009 | IVEY, RONALD S. | SUNCOAST LAND SERVICES, INC. | 08/21/2007 | 185 | 662 | 0704026 | MS | Amite |
| MS561019-010 | KIRKLND, LEIGH MICHELLE | SUNCOAST LAND SERVICES, INC. | 08/22/2007 | 185 | 664 | 0704027 | MS | Amite |
| MS561019-011 | IVEY, NORMAN S. | SUNCOAST LAND SERVICES, INC. | 07/16/2007 | 185 | 610 | 0704006 | MS | Amite |
| MS561019-012 | MCKAY, WANDA GAIL | SUNCOAST LAND SERVICES, INC. | 07/17/2007 | 185 | 616 | 0704009 | MS | Amite |
| MS561020 | BELL, JEAN SMYLIE | F-OIL PROPERTIES, INC. | 02/18/2014 | 237 | 535 | 1402113 | MS | Amite |
| MS561021-001 | ROBINSON, EMERSON B. III | SR ACQUISITION I, LLC | 02/06/2014 | 237 | 726 | 1402143 | MS | Amite |
| MS561021-002 | ROBINSON, JOHN GREEN BY AIF E B ROB | SR ACQUISITION I, LLC | 02/06/2014 | 237 | 736 | 1402144 | MS | Amite |
| MS561021-003 | CANNON, RANDALL K., ET UX | F-OIL PROPERTIES, INC. | 04/09/2014 | 240 | 34 | 1402885 | MS | Amite |
| MS561021-004 | STAFFORD, FRANCES JACKSON | ENCANA OIL & GAS (USA) INC. | 05/11/2012 | 218 | 497 | 1203382 | MS | Amite |
| MS561021-005 | HARVEY, JAMES FORD | ENCANA OIL & GAS (USA) INC. | 05/11/2012 | 218 | 456 | 1203377 | MS | Amite |

| Lease No. | Lessor | Lessee | Lease Date | Book | Page | File No. | State | County / Parish |
|---|---|---|---|---|---|---|---|---|
| MS561021-006 | JACKSON, JAMES FORD | ENCANA OIL & GAS (USA) INC. | 05/11/2012 | 218 | 481 | 1203380 | MS | Amite |
| MS561021-007 | JACKSON, JOHN HARVEY | ENCANA OIL & GAS (USA) INC. | 05/11/2012 | 218 | 473 | 1203379 | MS | Amite |
| MS561021-008 | HARRINGTON, LAURIE HARVEY | ENCANA OIL & GAS (USA) INC. | 05/11/2012 | 218 | 505 | 1203383 | MS | Amite |
| MS561021-009 | HARVEY, MELBA LEROY, JR. | ENCANA OIL & GAS (USA) INC. | 05/11/2012 | 218 | 448 | 1203376 | MS | Amite |
| MS561021-010 | VIDRINE, SUSAN JACKSON | ENCANA OIL & GAS (USA) INC. | 05/11/2012 | 218 | 489 | 1203381 | MS | Amite |
| MS561021-011 | JACKSON, WILLIAM THOMAS | ENCANA OIL & GAS (USA) INC. | 05/11/2012 | 218 | 466 | 1203378 | MS | Amite |
| MS561022 | BUCK, AUDREY LOUISE S. | F-OIL PROPERTIES, INC. | 02/18/2014 | 237 | 555 | 1402116 | MS | Amite |
| MS561023 | DICKERSON, ALICE SMYLIE | F-OIL PROPERTIES, INC. | 02/18/2014 | 237 | 616 | 1402126 | MS | Amite |
| MS561024-001 | BIGLANE, NOLAND E. | F-OIL PROPERTIES, INC. | 03/04/2014 | 237 | 522 | 1402111 | MS | Amite |
| MS561024-002 | FRANCIS, DAVID J. | F-OIL PROPERTIES, INC. | 02/28/2014 | 237 | 624 | 1402127 | MS | Amite |
| MS561024-003 | FRANCIS, GENE R. | F-OIL PROPERTIES, INC. | 02/26/2014 | 237 | 632 | 1402128 | MS | Amite |
| MS561024-004 | FRANCIS, JOSEPH F. JR. | F-OIL PROPERTIES, INC. | 02/24/2014 | 237 | 640 | 1402129 | MS | Amite |
| MS561024-005 | FOSTER, BETTY S. | F-OIL PROPERTIES, INC. | 03/21/2014 | 237 | 573 | 1402119 | MS | Amite |
| MS561024-006 | LAMBDIN FAMILY PARTNERSHIP, L.P. | F-OIL PROPERTIES, INC. | 03/27/2014 | 237 | 708 | 1402140 | MS | Amite |
| MS561024-007 | LAMBDIN, CLARK H. | F-OIL PROPERTIES, INC. | 04/02/2014 | 240 | 196 | 1402904 | MS | Amite |
| MS561024-008 | LAMBDIN, S.H. III MD | F-OIL PROPERTIES, INC. | 04/02/2014 | 240 | 204 | 1402905 | MS | Amite |

| Lease No. | Lessor | Lessee | Lease Date | Book | Page | File No. | State | County / Parish |
|---|---|---|---|---|---|---|---|---|
| MS561024-009 | BOYLE, KAREN LAMBDIN | F-OIL PROPERTIES, INC. | 04/04/2014 | 240 | 16 | 1402882 | MS | Amite |
| MS561024-010 | STEWART, DOUGLAS M. | ENCANA OIL & GAS (USA) INC. | 07/27/2012 | 218 | 731 | 1203445 | MS | Amite |
| MS561024-011 | PERRY, CATHY | ENCANA OIL & GAS (USA) INC. | 08/02/2012 | 219 | 531 | 1203658 | MS | Amite |
| MS561024-012 | STEWART, DONALD | ENCANA OIL & GAS (USA) INC. | 07/27/2012 | 219 | 518 | 1203656 | MS | Amite |
| MS561024-013 | CLAY, EVA S. | ENCANA OIL & GAS (USA) INC. | 07/27/2012 | 220 | 140 | 1203830 | MS | Amite |
| MS561024-014 | STEWART, MARK | ENCANA OIL & GAS (USA) INC. | 07/27/2012 | 220 | 129 | 1203828 | MS | Amite |
| MS561024-015 | MCDOWELL, MARY STEWART | ENCANA OIL & GAS (USA) INC. | 07/27/2012 | 218 | 724 | 1203444 | MS | Amite |
| MS561024-016 | ROBERTS, NETTIE M. | ENCANA OIL & GAS (USA) INC. | 07/27/2012 | 220 | 494 | 1203954 | MS | Amite |
| MS561024-017 | BOONE, STACY STEWART | ENCANA OIL & GAS (USA) INC. | 07/27/2012 | 219 | 544 | 1203660 | MS | Amite |
| MS561024-018 | REESE, WILLIE STEWART | ENCANA OIL & GAS (USA) INC. | 07/27/2012 | 220 | 146 | 1203831 | MS | Amite |
| MS561025-001 | RICHMOND, PATRICIA M. | F-OIL PROPERTIES, INC. | 03/07/2014 | 238 | 1 | 1402145 | MS | Amite |
| MS561025-002 | SMITH, TERRY M. | F-OIL PROPERTIES, INC. | 03/07/2014 | 238 | 103 | 1402162 | MS | Amite |
| MS561025-003 | YARBROUGH, JANICE J. | F-OIL PROPERTIES, INC. | 03/13/2014 | 238 | 95 | 1402161 | MS | Amite |
| MS561025-004 | WILLIAMS, JOSEPH L., ET UX | F-OIL PROPERTIES, INC. | 03/12/2014 | 238 | 90 | 1402160 | MS | Amite |
| MS561025-005 | ST DAVIS BAPTIST CHURCH | F-OIL PROPERTIES, INC. | 03/19/2014 | 238 | 85 | 1402159 | MS | Amite |

| Lease No. | Lessor | Lessee | Lease Date | Book | Page | File No. | State | County / Parish |
|---|---|---|---|---|---|---|---|---|
| MS561025-006 | DIGEL, JEANNINE M. | F-OIL PROPERTIES, INC. | 03/07/2014 | 237 | 590 | 1402122 | MS | Amite |
| MS561025-007 | WILLIAMS, ERNEST LEE, ET UX | F-OIL PROPERTIES, INC. | 03/12/2014 | 238 | 69 | 1402156 | MS | Amite |
| MS561025-008 | WILLIAMS, LENA | F-OIL PROPERTIES, INC. | 03/21/2014 | 238 | 75 | 1402157 | MS | Amite |
| MS561025-009 | WILLIAMS, J. R. | F-OIL PROPERTIES, INC. | 03/21/2014 | 238 | 64 | 1402155 | MS | Amite |
| MS561025-010 | HAMPTON, LINDA | F-OIL PROPERTIES, INC. | 03/21/2014 | 237 | 653 | 1402131 | MS | Amite |
| MS561025-011 | WILLIAMS, LEMMIE JR. | F-OIL PROPERTIES, INC. | 03/20/2014 | 238 | 80 | 1402158 | MS | Amite |
| MS561025-012 | DUNBAR, GLORIA DEAN SPEARS | F-OIL PROPERTIES, INC. | 03/12/2014 | 237 | 585 | 1402121 | MS | Amite |
| MS561025-013 | BROWN, MILDRED | F-OIL PROPERTIES, INC. | 03/27/2014 | 237 | 549 | 1402115 | MS | Amite |
| MS561025-014 | ALLEN, SANDRA | F-OIL PROPERTIES, INC. | 03/21/2014 | 237 | 517 | 1402110 | MS | Amite |
| MS561025-015 | JACOBS, LOTTIE MAE | F-OIL PROPERTIES, INC. | 03/27/2014 | 237 | 696 | 1402138 | MS | Amite |
| MS561025-016 | BROWN, MELVIN R. | F-OIL PROPERTIES, INC. | 03/27/2014 | 237 | 543 | 1402114 | MS | Amite |
| MS561025-017 | HARDEN, LENA | F-OIL PROPERTIES, INC. | 03/21/2014 | 237 | 658 | 1402132 | MS | Amite |
| MS561025-018 | SPENCER, SHIRLEY | F-OIL PROPERTIES, INC. | 03/27/2014 | 240 | 266 | 1402913 | MS | Amite |
| MS561025-019 | HAMPTON JR., LESSIE J. | F-OIL PROPERTIES, INC. | 06/13/2014 | 243 | 243 | 1403720 | MS | Amite |
| MS561025-020 | HAMPTON, LESLIE K. | F-OIL PROPERTIES, INC. | 06/09/2014 | 243 | 238 | 1403719 | MS | Amite |

| Lease No. | Lessor | Lessee | Lease Date | Book | Page | File No. | State | County / Parish |
|---|---|---|---|---|---|---|---|---|
| MS561025-021 | HAMPTON, APRIL S. | F-OIL PROPERTIES, INC. | 06/07/2014 | 243 | 228 | 1403717 | MS | Amite |
| MS561025-022 | BROWN, REGINA, ET AL | F-OIL PROPERTIES, INC. | 03/24/2014 | 241 | 559 | 1403356 | MS | Amite |
| MS561026 | RYAN, JOHN III | F-OIL PROPERTIES, INC. | 02/18/2014 | 238 | 12 | 1402147 | MS | Amite |
| MS561027 | RYAN, MARY ANN | F-OIL PROPERTIES, INC. | 02/18/2014 | 238 | 20 | 1402148 | MS | Amite |
| MS561028-001 | SMILEY, JAMES MALCOLM JR. | F-OIL PROPERTIES, INC. | 03/27/2014 | 238 | 47 | 1402152 | MS | Amite |
| MS561028-002 | SMILEY, ETTA GILLIS, ET AL | ENCANA OIL & GAS (USA) INC. | 11/19/2012 | 214 | 585 | 1202165 | MS | Amite |
| MS561028-003 | DIXON, JAMES E., ET UX | PETROLEUM LAND SERVICES, LLC | 11/16/2012 | 205 | 9 | 1103948 | MS | Amite |
| MS561029-001 | SHAY, SUSAN ALICE JACKSON | F-OIL PROPERTIES, INC. | 03/20/2014 | 238 | 39 | 1402151 | MS | Amite |
| MS561029-002 | JACKSON-D'AMBROSI, ELIZABETH ANN | F-OIL PROPERTIES, INC. | 03/20/2014 | 237 | 608 | 1402125 | MS | Amite |
| MS561029-003 | JACKSON, DAVID RUDD | F-OIL PROPERTIES, INC. | 03/20/2014 | 237 | 668 | 1402134 | MS | Amite |
| MS561029-004 | JACKSON, WILLIAM WINGATE | F-OIL PROPERTIES, INC. | 03/20/2014 | 237 | 688 | 1402137 | MS | Amite |
| MS561029-005 | VANOOYEN, GALE JACKSON | F-OIL PROPERTIES, INC. | 03/20/2014 | 238 | 58 | 1402154 | MS | Amite |
| MS561029-006 | STEWART, LAURA MASON | F-OIL PROPERTIES, INC. | 03/20/2014 | 238 | 52 | 1402153 | MS | Amite |
| MS561029-007 | MASON, MARSHALL LEE III | F-OIL PROPERTIES, INC. | 03/20/2014 | 237 | 720 | 1402142 | MS | Amite |
| MS561029-008 | KRAUSE, MARY ANN | F-OIL PROPERTIES, INC. | 03/20/2014 | 237 | 702 | 1402139 | MS | Amite |
| MS561029-009 | JACKSON, BARBARA | F-OIL PROPERTIES, INC. | 03/20/2014 | 237 | 676 | 1402135 | MS | Amite |

| Lease No. | Lessor | Lessee | Lease Date | Book | Page | File No. | State | County / Parish |
|---|---|---|---|---|---|---|---|---|
| MS561029-010 | MASON, MARTHA | F-OIL PROPERTIES, INC. | 04/20/2014 | 238 | 28 | 1402149 | MS | Amite |
| MS561029-011 | LIBERTY TRACE, LLC | F-OIL PROPERTIES, INC. | 03/17/2014 | 237 | 716 | 1402141 | MS | Amite |
| MS561029-012 | FRANKLIN, PATRICIA LEE | F-OIL PROPERTIES, INC. | 03/20/2014 | 237 | 579 | 1402120 | MS | Amite |
| MS561029-013 | JACKSON, JAY BRUCE | F-OIL PROPERTIES, INC. | 03/20/2014 | 237 | 682 | 1402136 | MS | Amite |
| MS561029-014 | JACKSON, WAYNE GARY | F-OIL PROPERTIES, INC, | 03/19/2014 | 240 | 165 | 1402901 | MS | Amite |
| MS561029-015 | JACKSON, MATTHEW W. | F-OIL PROPERTIES, INC. | 03/19/2014 | 240 | 153 | 1402900 | MS | Amite |
| MS561029-016 | JACKSON, DANIEL W. | F-OIL PROPERTIES, INC. | 03/19/2014 | 240 | 126 | 1402898 | MS | Amite |
| MS561029-017 | LEWIS III, CHARLES H. | F-OIL PROPERTIES, INC. | 05/06/2014 | 242 | 54 | 1403377 | MS | Amite |
| MS561029-019 | BRADDOCK, SUZANNE JACKSON | AUDOBON OIL AND GAS CORPORATION | 06/26/2012 | 207 | 383 | 1200161 | MS | Amite |
| MS561034-001 | COLLINS, MELENDAR JORE | F-OIL PROPERTIES, INC. | 05/08/2014 | 240 | 47 | 1402887 | MS | Amite |
| MS561034-002 | NORWOOD, JERRY WAYNE | F-OIL PROPERTIES, INC. | 06/09/2014 | 242 | 68 | 1403379 | MS | Amite |
| MS561041 | ALDRIDGE, DALE ALVIN | F-OIL PROPERTIES, INC. | 05/14/2014 | 241 | 530 | 1403351 | MS | Amite |
| MS561051-001 | MORRIS, JAMES A. | AUDOBON OIL AND GAS CORPORATION | 08/30/2012 | 206 | 236 | 1104313 | MS | Amite |
| MS561051-002 | MCALLISTER, R. S., ET UX | AUDOBON OIL AND GAS CORPORATION | 08/10/2012 | 207 | 406 | 1200165 | MS | Amite |
| MS561052 | JACKSON, JOE LEE, ET UX | PETROLEUM LAND SERVICES, LLC | 11/08/2012 | 205 | 142 | 1103981 | MS | Amite |
| MS561053-001 | CHANEY, WILLIAM D. | TEXAS REEXPLORATION, LTD. 03 | 02/16/2012 | 210 | 646 | 1201134 | MS | Amite |

| Lease No. | Lessor | Lessee | Lease Date | Book | Page | File No. | State | County / Parish |
|---|---|---|---|---|---|---|---|---|
| MS561053-002 | ROUSSEL, NANCYE CAROLYN | TEXAS REEXPLORATION, LTD. 03 | 02/16/2012 | 211 | 133 | 1201237 | MS | Amite |
| MS561053-003 | CHANEY, LINDA SUSAN | TEXAS REEXPLORATION, LTD. 03 | 02/16/2012 | 211 | 116 | 1201234 | MS | Amite |
| MS561053-004 | CHANEY, PATRICK PHARES | TEXAS REEXPLORATION, LTD. 03 | 02/16/2012 | 211 | 123 | 1201235 | MS | Amite |
| MS561053-005 | PHARES, JOHN HADEN JR. | SN TMS, LLC | 10/01/2014 | 258 | 289 | 1501894 | MS | Amite |
| MS561053-006 | PHARES, JAMES ALLEN | SN TMS, LLC | 10/01/2014 | 258 | 300 | 1501895 | MS | Amite |
| MS561053-007 | PHARES, FRANCES MARGARET | SN TMS, LLC | 10/01/2014 | 258 | 279 | 1501893 | MS | Amite |
| MS561054 | SAWYER, RUTH S., ET AL | PETROLEUM LAND SERVICES, LLC | 11/12/2012 | 205 | 290 | 1104020 | MS | Amite |
| MS563001-001 | SMITH JR., CLAUDE L., ET UX | SR ACQUISITION I, LLC | 12/28/2011 | 207 | 126 | 1200098 | MS | Amite |
| MS563001-002 | CAMPBELL, LINDA K. SMITH, ET V | SR ACQUISITION I, LLC | 12/28/2011 | 207 | 115 | 1200096 | MS | Amite |
| MS563001-003 | SMITH, CHARLES LONNIE | SR ACQUISITION I, LLC | 12/28/2011 | 207 | 221 | 1200097 | MS | Amite |
| MS563001-004 | PRESCOTT, LAURA MARIE SMITH | SR ACQUISITION I, LLC | 12/28/2011 | 207 | 104 | 1200094 | MS | Amite |

**END OF EXHIBIT "A"**

**EXHIBIT B**

Attached to that certain Assignment and Bill of Sale dated effective June 1, 2020, by and between SN TMS, LLC, as Assignor, and White River SPV 2 LLC, as Assignee.

**Wells**

| WELL NAME | WELL NO. | COUNTY/PARISH | STATE | API NUMBER |
|---|---|---|---|---|
| CHARLES SPEARS | 1A | AMITE | MISSISSIPPI | 23005206880000 |

**END OF EXHIBIT "B"**

## EXHIBIT C

Attached to that certain Assignment and Bill of Sale dated effective June 1, 2020, by and between SN TMS, LLC, as Assignor, and White River SPV 2 LLC, as Assignee.

| Contract No. | Grantor / Operator | Grantee / Non-Operator | Type | Date | State | County | Book | Page | File No. |
|---|---|---|---|---|---|---|---|---|---|
| MS560JOA-001 | ENCANA OIL & GAS (USA) INC | SN TMS, LLC, ET AL | JOINT OPERATING AGMT | 12/01/2014 | MS | Amite | 271 | 435 | 1600964 |
| MS560JOA-002 | ENCANA OIL & GAS (USA) INC | SN TMS, LLC, ET AL | JOINT OPERATING AGMT | 12/01/2013 | MS | Amite | | | |
| MS560ROW-002A | SHELDON CRAWFORD | SANCHEZ OIL & GAS CORPORATION | PIPELINE AND SURFACE SITE AGMT. | 07/31/2012 | MS | Amite | 386 | 690 | 1204473 |
| MS563JOA-001 | GOODRICH PETROLEUM COMPANY LLC | SR ACQUISITION I, LLC, ET AL | JOINT OPERATING AGMT | 03/15/2014 | MS | Amite | 272 | 265 | 1601580 |
| MS582ROW-02A | JAMES E HEMPHILL ET UX | THRESHOLD DEVELOPMENT COMPANY | PIPELINE EASEMENT O&G | 06/14/2001 | MS | Amite | | | |

## END OF EXHIBIT "C"

## ASSIGNMENT AND BILL OF SALE

**ASSIGNORS:**    **SN TMS, LLC**
1000 Main Street, Suite 3000
Houston, Texas 77002
Tel. (713) 783-8000

**ASSIGNEE:**    **WHITE RIVER SPV 2 LLC**
5899 Preston Road, Suite 505
Frisco, Texas 75034
Tel. (800) 919-4534

**PREPARED BY:**    **SANCHEZ ENERGY CORPORATION**
1000 Main Street, Suite 3000
Houston, Texas 77002
Tel. (713) 783-8000

**INDEXING INSTRUCTIONS:**

(ON NEXT PAGES)

*Signature Page to Assignment and Bill of Sale*

**INDEXING INSTRUCTIONS:**

Index in general index and note on face of each lease in Exhibit A.

Index in Sectional Indices as follows:

TOWNSHIP 1 NORTH, RANGE 1 WEST
SECTION 04: N/2NW/4
SECTION 06: PT N/2N/2NE/4NW/4
SECTION 16: E/2E/2

TOWNSHIP 1 NORTH, RANGE 2 WEST
SECTION 04: PT E/2; PT SW/4
SECTION 14: PT W/2W/2
SECTION 15: MOST OF SECTION
SECTION 20: W/2SW/4; NW/4; PT W/2W/2NE/4
SECTION 21: SE/4; PT NE/4; PT SE/4SW/4; SE/4

TOWNSHIP 2 NORTH, RANGE 1 EAST
SECTION 05: SW/4; SW/4NW/4
SECTION 06: PT E/2NE/4
SECTION 22: PT SE/4SE/4
SECTION 23: PT SW/4SW/4
SECTION 30: PT NW/4NW/4
SECTION 31: E/2NE/4; NW/4NE/4; PT N/2N/2NW/4; NW/4SE/4
SECTION 36: NW/4NW/4; E/2E/2SE/4

TOWNSHIP 2 NORTH, RANGE 1 WEST
SECTION 03: PT E/2; S/2S/2SW/4
SECTION 04: NW/4NW/4; PT SW/4NW/4; W/2SW/4; PT E/2SW4
SECTION 05: ALL, LESS PT SE/4NW/4 & PT SW/4NE/4
SECTION 06: N/4NW/4; PT S/2NW/4; S/2NE/4; N/4SE/4; N/2S/2SE/4
SECTION 07: SE/4SE/4
SECTION 08: ALL
SECTION 09: PT NW/4; PT NE/4; PT W/2SE/4
SECTION 10: PT NW/4; PT SW/4; NE/4; PT SE/4
SECTION 11: PT SW/4NW/4; NW/4SW/4; PT SW/4SW/4
SECTION 15: SW/4; W/2SE/4; PT SW/4NE/4; S/2NW/4; PT NW/4NW/4
SECTION 17: PT N/2; W/2SW/4; PT E/2SW/4
SECTION 18: NE/4NE/4
SECTION 22: NE/4SE/4
SECTION 23: SE/4SE/4

*Signature Page to Assignment and Bill of Sale*

SECTION 28: PT SW/4
SECTION 29: E/2SE/4; SW/4SE/4; W/2NW/4
SECTION 32: PT E/2E/2NW/4; PT NE/4; PT NW/4SE/4
SECTION 33: PT N/2NW/4
SECTION 36: W/2; NE/4

TOWNSHIP 2 NORTH, RANGE 2 WEST
SECTION 19: ALL
SECTION 20: ALL, LESS PT E/2E/2
SECTION 34: ALL
SECTION 35: W/2, LESS PT S/2S/2W/2; PT W/2W/2E/2
SECTION 39: PT E/2SW/4; PT W/2SW/4
SECTION 41: PT N/2NW/4NW/4; E/2W/2; W/2E/2; W/2E/2E/2
SECTION 42: E/2W/2; E/2, LESS PT E/2E/2

TOWNSHIP 2 NORTH, RANGE 3 WEST
SECTION 24: NE/4
SECTION 40: PT E/2NE/4

TOWNSHIP 2 NORTH, RANGE 4 WEST
SECTION 21: PT S/2; PT S/2N/2
SECTION 27: PT E/2E/2
SECTION 28: ALL
SECTION 29: ALL
SECTION 36: ALL
SECTION 37: ALL
SECTION 38: ALL
SECTION 39: ALL
SECTION 40: ALL
SECTION 41: ALL
SECTION 44: ALL
SECTION 46: ALL
SECTION 47: ALL
SECTION 48: ALL

TOWNSHIP 3 NORTH, RANGE 1 EAST
SECTION 05: SE/4SW/4
SECTION 06: W/2NW/4NW/4NW/4; W/2SW/4
SECTION 11: PT W/2W/2SW/4SW/4
SECTION 21: SE/4NW/4; SW/4 LESS N/2NE/4SW/4
SECTION 29: N/2NW/4SE/4

*Signature Page to Assignment and Bill of Sale*

TOWNSHIP 3 NORTH, RANGE 1 WEST
SECTION 02: N/2NW/4; W/2W/2NW/4NE/4
SECTION 03: N/2NE/4NE/4
SECTION 04: PT NW/4NE/4; PT S/2NW/4NW/4; PT NW/4SW/4SE/4
SECTION 12: PT NW/4NE/4
SECTION 14: PT W/2SW/4
SECTION 24: PT E/2SW/4
SECTION 26: PT SE/4SW/4; PT NW/4SE/4
SECTION 27: S/2S/2SW/4NW/4, NW/4SW/4; PT W/2SE/4SW/4; SE/4SE/4; S/2NE/4SE/4
SECTION 29: PT S/2NE/4
SECTION 36: E/2SW/4
SECTION 39: PT N/2SE/4SW/4

TOWNSHIP 3 NORTH, RANGE 2 WEST
SECTION 05: PT SE/4; PT SE/4SW/4
SECTION 06: PT S/2
SECTION 14: E/2 LESS ROAD; PT W/2
SECTION 32: PT N/2NW/4
SECTION 38: E/2 LESS ROAD
SECTION 39: W/2NW/4
SECTION 49: SW/4NE/4; W/2SE/4NE/4; PT E/2SE/4NE/4
SECTION 52: PT S/2

TOWNSHIP 4 NORTH, RANGE 1 WEST
SECTION 04: SE/4SW/4
SECTION 06: SE/4SE/4
SECTION 15: NE/4NE/4
SECTION 16: NW/4NW/4

*Signature Page to Assignment and Bill of Sale*

## <u>ASSIGNMENT AND BILL OF SALE</u>

STATE OF MISSISSIPPI

COUNTY OF WILKINSON

      This Assignment and Bill of Sale (this "<u>Assignment</u>") is by and between SN TMS, LLC ("<u>Assignor</u>"), a wholly owned subsidiary of Sanchez Energy Corporation whose address is 1000 Main Street, Suite 3000, Houston, Texas 77002, and White River SPV 2 LLC ("<u>Assignee</u>"), whose address is 5899 Preston Road, Suite 505, Frisco, Texas 75034. Assignor and Assignee referred to collectively as the "<u>Parties</u>".

### WITNESSETH:

      WHEREAS, Assignor has agreed to assign to Assignee all of its interest in and to the Assets (as defined herein);

      WHEREAS, Assignee has agreed to assume the Asset Related Liabilities (as defined herein);

      NOW, THEREFORE, in consideration of the premises and of the mutual covenants and agreements hereinafter contained and performed by the Parties hereto, Assignor and Assignee hereby agree as follows:

### ARTICLE 1
### CONVEYANCE OF ASSETS

      Section 1.1   <u>Conveyance of Assets</u>.  FOR AND IN CONSIDERATION of the sum of ONE HUNDRED TWENTY-FIVE DOLLARS ($125.00) and other good and valuable consideration, the receipt and full sufficiency of which are hereby acknowledged by the Parties, Assignor does, subject to the reservations, covenants, terms and conditions of this Assignment, hereby GRANT, SELL, CONVEY, TRANSFER, ASSIGN, SET OVER and DELIVER to Assignee, and Assignee hereby accepts from Assignor, effective as of the Effective Date (as defined herein), one hundred percent (100%) of Assignor's interest in the following (the "<u>Assets</u>"):

      (a)    the oil, gas, and mineral leases described in Exhibit "A" attached hereto ("<u>Leases</u>"), and all of Assignor's interest in the Leases and lands described in the Leases or pooled or unitized therewith, including, but not limited to, leasehold working interests, net revenue interests, royalty interests, non-participating royalty interests, overriding royalty interests, net profits interests, reversionary interests and any and all other interests owned by Assignor in and to the Leases and the lands described in the Leases and pooled or unitized therewith;

      (b)    all wells (including all oil, gas, water, disposal or injection wells) located on any of the Leases or on any expired lease or lands with which any Lease has been unitized,

*Signature Page to Assignment and Bill of Sale*

whether such wells are producing, shut-in, abandoned or in any other condition (Assignor's collective interest in such wells, including the wells described in Exhibit "B" attached hereto ("Wells"));

(c)     all surface agreements, rights-of-way, saltwater disposal agreements, joint operating agreements, letter agreements, unit designations, unit agreements and any other contracts and instruments that are used for, or attributable to, the ownership or operation of any of the Leases or Wells, including, but not limited to, the contracts listed in Exhibit "C" attached hereto ("Agreements");

(d)     all equipment, machinery, fixtures and other personal and mixed property, operational and nonoperational, known or unknown, located on any of the Leases and Wells, that are primarily used or held for use in connection with the ownership, operation or development of the Leases and Wells, including pipelines, gathering systems, well equipment, casing, tubing, pumps, motors, fixtures, machinery, compression equipment, flow lines, processing and separation facilities, water lines and related facilities, structures, materials, drilling barge, boats and other items primarily used in the ownership, operation or development of the Leases and Wells;

(e)     all hydrocarbons attributable to the Leases and Wells to the extent such hydrocarbons (i) were produced from and after the Effective Date, or (ii) were in pipelines or in tanks above the pipeline sales connection, in each case, as of the Effective Date, and any unsold inventory of gas products as of the Effective Date, and any and all imbalances relating to the Assets regardless of the time of occurrence; and

(f)     all files, records, maps, information and data that (i) relate to the ownership, operation or development of the Assets described above, (ii) that are in such Assignor's or its Affiliates' possession, and (iii) that are not subject to confidentiality obligations, including:  (A) land and title records (including abstracts of title, title opinions and title curative documents); (B) applicable contract files; (C) correspondence (to the extent not subject to attorney-client privilege or other similar privilege); (D) operations, environmental, health and safety, pipeline safety, production, accounting and asset tax records (other than to the extent relating to Assignor's business generally); and (E) production, facility and well records and data (including non-confidential logs).

TO HAVE AND TO HOLD the Assets, together with all rights, privileges and appurtenances thereto, unto Assignee and its successors and assigns forever, subject to the reservations, covenants, terms and conditions set forth in this Assignment.

Section 1.2   Excluded Assets.   Assignor hereby reserves and retains the following (the "Excluded Assets"):

(a)     all of Assignor's corporate minute books and corporate financial records that relate to Assignor's business generally;

*Signature Page to Assignment and Bill of Sale*

(b)     all hydrocarbons produced from the Assets with respect to all periods prior to the Effective Date, other than those hydrocarbons produced from or allocated to the Assets and in storage or existing in stock tanks, pipelines or plants (including inventory) as of the Effective Date;

(c)     all personal computers, network equipment and associated peripherals not including SCADA, measurement or communication equipment;

(d)     all drilling rigs, and all trucks, cars and vehicles;

(e)     all of Assignor's proprietary computer software, patents, trade secrets, copyrights, names, trademarks, logos and other intellectual property;

(f)     all documents and instruments and other data or information of Assignor that may be protected by an attorney-client privilege, including all work product of and attorney-client communications with Assignor's legal counsel or any other documents or instruments that may be protected by an attorney-client privilege, but excluding any title opinions covering, addressing or commenting on the Assets and/or other materials addressing the environmental or other condition of the Assets; and

(g)     all documents and instruments and other data or information that cannot be disclosed to Assignee as a result of confidentiality arrangements under agreements with third parties or which are proprietary information of third parties such as seismic data.

## ARTICLE 2
## DISCLAIMERS

Section 2.1     <u>Disclaimers of All Warranties and Representations</u>.

(i)     Assignor and Assignee acknowledge and agree that the Assets are being conveyed without warranty of title of any kind whether expressed or implied, at common law, by statute, or otherwise.  Without in any way limiting the generality of the foregoing, Assignee acknowledges and agrees that the Assets are being assigned subject to the following:

(ii)     all matters of public record in the county(ies) where a particular Asset is located which are still in effect and affect such Asset;

(iii)     the terms and conditions of all Agreements, Leases (including with respect to (x) any Leases that have expired, or will expire, pursuant to their express terms, and (y) any portions of any Leases that are lost as the result of any vertical or horizontal "Pugh clauses" or other similar provisions contained therein);

(iv)     liens for taxes or assessments not yet due or delinquent;

(v)       conventional rights of reassignment upon final intention to abandon or release the Assets, or any of them;

(vi)       easements, conditions, covenants, restrictions, servitudes, permits, rights-of-way, surface leases and other similar rights for the purpose of surface or other operations, facilities, pipelines, transmission lines, transportation lines, distribution lines, power lines, telephone lines and other like purposes, or for the joint or common use of the lands, rights-of-way, facilities and equipment;

(vii)       vendors', carriers', warehousemens', repairmens', mechanics', workmens', materialmens', construction or other like liens arising by operation of law in the ordinary course of business or incident to the construction or improvement of any property in respect of obligations which are not yet due;

(viii)   liens created under Leases, permits, easements, rights-of-way or Agreements, or by operation of law;

(ix)       any encumbrance affecting the Assets that has been cured or remedied by applicable statutes of limitation or statutes of prescription;

(x)       calls on production under existing Agreements;

(xi)       defects arising out of lack of survey;

(xii)       defects arising out of lack of corporate or other entity authorization in the public records; and

(xiii)   defects that affect only which person has the right to receive royalty payments (rather than the amount of the proper payment of such royalty payment).

(b)       IN ADDITION, ASSIGNOR MAKES NO WARRANTIES, EXPRESS, STATUTORY OR IMPLIED, OR REPRESENTATION OF ANY KIND AND ASSIGNOR EXPRESSLY DISCLAIMS ALL LIABILITY AND RESPONSIBILITY FOR ANY REPRESENTATION, WARRANTY, STATEMENT OR INFORMATION MADE OR COMMUNICATED (ORALLY OR IN WRITING) TO ASSIGNEE OR ANY ASSIGNEE REPRESENTATIVE (INCLUDING ANY OPINION, INFORMATION, PROJECTION OR ADVICE THAT MAY HAVE BEEN PROVIDED TO ASSIGNEE BY ASSIGNOR, ANY AFFILIATE OR SUBSIDIARY OF ASSIGNOR, OR ANY OF THEIR RESPECTIVE OFFICERS, DIRECTORS, MANAGERS, MEMBERS, PARTNERS, EMPLOYEES, AGENTS, ADVISORS, PROFESSIONALS OR REPRESENTATIVES). WITHOUT IN ANY WAY LIMITING THE GENERALITY OF THIS SECTION 2.1, ASSIGNOR EXPRESSLY DISCLAIMS ANY REPRESENTATION OR WARRANTY, EXPRESS, STATUTORY OR IMPLIED BY ASSIGNOR, ANY AFFILIATE OR SUBSIDIARY OF ASSIGNOR, OR ANY OF THEIR RESPECTIVE OFFICERS, DIRECTORS, MANAGERS, MEMBERS, PARTNERS, EMPLOYEES, AGENTS, ADVISORS, PROFESSIONALS OR REPRESENTATIVES, AS TO (I) TITLE TO ANY OF THE ASSETS, (II) THE CONTENTS, CHARACTER OR NATURE OF ANY REPORT OF ANY PETROLEUM ENGINEERING CONSULTANT, OR ANY ENGINEERING, GEOLOGICAL OR SEISMIC DATA OR INTERPRETATION, RELATING

*Signature Page to Assignment and Bill of Sale*

TO THE ASSETS, (III) THE QUANTITY, QUALITY OR RECOVERABILITY OF HYDROCARBONS IN OR FROM THE ASSETS, (IV) ANY ESTIMATES OF THE VALUE OF THE ASSETS OR FUTURE REVENUES GENERATED BY THE ASSETS, (V) THE PRODUCTION OF HYDROCARBONS FROM THE ASSETS, (VI) THE MAINTENANCE, REPAIR, CONDITION, QUALITY, SUITABILITY, DESIGN OR MARKETABILITY OF THE ASSETS, (VII) THE CONTENT, CHARACTER OR NATURE OF ANY INFORMATION MEMORANDUM, REPORTS, BROCHURES, CHARTS OR STATEMENTS PREPARED BY OR ON BEHALF OF ASSIGNOR OR THIRD PARTIES WITH RESPECT TO THE ASSETS, (VIII) ANY OTHER MATERIALS OR INFORMATION THAT MAY HAVE BEEN MADE AVAILABLE TO ASSIGNEE OR ANY ASSIGNEE REPRESENTATIVE IN CONNECTION WITH THE TRANSACTION EFFECTED BY THIS ASSIGNMENT OR ANY DISCUSSION OR PRESENTATION RELATING THERETO AND (IX) ANY IMPLIED OR EXPRESS WARRANTY OF FREEDOM FROM PATENT OR TRADEMARK INFRINGEMENT.

(c)     (c)     ASSIGNOR FURTHER DISCLAIMS ANY REPRESENTATION OR WARRANTY, EXPRESS, STATUTORY OR IMPLIED, OF MERCHANTABILITY, FREEDOM FROM LATENT VICES OR DEFECTS, FITNESS FOR A PARTICULAR PURPOSE OR CONFORMITY TO MODELS OR SAMPLES OF MATERIALS OF ANY ASSETS, RIGHTS OF A PURCHASER UNDER APPROPRIATE STATUTES TO CLAIM DIMINUTION OF CONSIDERATION OR RETURN OF THE PURCHASE PRICE OR CONSIDERATION, IT BEING EXPRESSLY UNDERSTOOD AND AGREED BY THE PARTIES THAT, ASSIGNEE SHALL BE DEEMED TO BE ACQUIRING THE ASSETS IN THEIR PRESENT STATUS, CONDITION AND STATE OF REPAIR, "AS IS" AND "WHERE IS" WITH ALL FAULTS OR DEFECTS (KNOWN OR UNKNOWN, LATENT, DISCOVERABLE OR UNDISCOVERABLE), AND THAT ASSIGNEE HAS MADE OR CAUSED TO BE MADE SUCH INSPECTIONS AS ASSIGNEE DEEMS APPROPRIATE. WITHOUT LIMITING THE FOREGOING, ASSIGNOR FURTHER DISCLAIMS ANY REPRESENTATION OR WARRANTY, EXPRESS, STATUTORY OR IMPLIED, OF THE VALUE, QUALITY, QUANTITY OR DELIVERABILITY OF ANY OIL, GAS, OR OTHER MINERAL OR RESERVE, ATTRIBUTABLE OR RELATED TO THE ASSETS.

(d)     (d)     ASSIGNEE WARRANTS AND REPRESENTS THAT IT: (I) IS EXPERIENCED AND KNOWLEDGEABLE WITH RESPECT TO THE OIL AND GAS EXPLORATION INDUSTRY GENERALLY AND WITH TRANSACTIONS AND ASSIGNMENTS OF THIS TYPE SPECIFICALLY; (II) POSSESSES MORE THAN SUFFICIENT KNOWLEDGE, EXPERIENCE AND EXPERTISE TO EVALUATE INDEPENDENTLY THE MERITS AND RISKS OF THE TRANSACTIONS HEREIN CONTEMPLATED; AND (III) IS NOT IN A MATERIALLY DISPARATE BARGAINING POSITION WHEN COMPARED TO ASSIGNOR.

(e)     ASSIGNOR HAS NOT AND WILL NOT MAKE ANY REPRESENTATION OR WARRANTY REGARDING ANY MATTER OR CIRCUMSTANCE RELATING TO ENVIRONMENTAL LAWS, THE RELEASE OF HAZARDOUS MATERIALS OR OTHER MATERIALS INTO THE ENVIRONMENT OR THE PROTECTION OF HUMAN HEALTH, SAFETY, NATURAL RESOURCES OR THE ENVIRONMENT, OR ANY OTHER ENVIRONMENTAL CONDITION OF THE ASSETS, AND NOTHING IN THIS

ASSIGNMENT OR OTHERWISE SHALL BE CONSTRUED AS SUCH A REPRESENTATION OR WARRANTY. ASSIGNEE SHALL BE DEEMED TO BE ACQUIRING THE ASSETS "AS IS – WHERE IS" WITHOUT ANY REPRESENTATION OR WARRANTY WHATSOEVER, WITH ALL FAULTS FOR PURPOSES OF THEIR ENVIRONMENTAL CONDITION, AND ASSIGNEE HAS MADE OR CAUSED TO BE MADE SUCH ENVIRONMENTAL INSPECTIONS AS ASSIGNEE DEEMS APPROPRIATE. ASSIGNEE SHALL RELY, AND HEREBY RELIES, UPON ASSIGNEE'S OWN INVESTIGATION AND DUE DILIGENCE OF THE PHYSICAL CONDITION OF THE ASSETS, INCLUDING ANY AND ALL ENVIRONMENTAL CONDITIONS, AND ASSIGNEE HEREBY ACCEPTS THE ASSETS INCLUSIVE OF ANY ADVERSE ENVIRONMENTAL CONDITION PRESENTLY EXISTING, WHETHER KNOWN OR UNKNOWN.

Section 2.2    Assignee accepts this Assignment subject to and on the basis of the foregoing disclaimers, disclaims any reliance on any statements or information made or provided regarding any such matters, and waives any rights it may otherwise have had to rely on any such statements or information. ASSIGNOR AND ASSIGNEE AGREE THAT, TO THE EXTENT REQUIRED BY APPLICABLE LAW TO BE EFFECTIVE, THE DISCLAIMERS OF CERTAIN REPRESENTATIONS AND WARRANTIES CONTAINED IN THIS SECTION 2.1 ARE CONSPICUOUS DISCLAIMERS.

Section 2.3    Except to the extent constituting Retained Liabilities, Assignee hereby assumes and agrees, by accepting this Assignment, the responsibility for the Assets and all the risk, cost, and expense of all Liabilities and operations related to the Assets, including without limitation (i) any ongoing operations related to any Asset, (ii) any and all repair and maintenance related to the Assets, (iii) the proper plugging and abandoning of the Wells, (iv) any surface restoration or environmental obligations related to any of the Assets, and (v) all other Liabilities relating to, arising out of or arising in connection with the use, occupation, operation, ownership, maintenance or abandonment of the Assets whether arising prior to, on or after the Effective Date (all Liabilities set forth in this Section 2.2, collectively, the "Asset Related Liabilities"). As used in this Assignment, "Liability" or "Liabilities" means any debt, liability, loss, damage, claim, demand, cost, expense (including reasonable attorneys' and consultants' fees and expenses), interest, award, judgment, penalty, fine, commitment or obligation (whether direct or indirect, known or unknown, asserted or unasserted, absolute or contingent, accrued or unaccrued, matured or unmatured, determined or determinable, disputed or undisputed, liquidated or unliquidated, or due or to become due) of every kind and description (whether in contract, tort, strict liability or otherwise), including all costs and expenses related thereto (including all fees, disbursements and expenses of legal counsel, experts and advisors and costs of investigation), and including Liabilities arising under any law, regulation, lawsuit or other legal action, any order, writ, judgment, injunction, decree, stipulation, determination or award entered by or with any governmental, regulatory or administrative authority and Liabilities arising under any of the Agreements and whether arising prior to, on or after the Effective Date.  "Retained Liabilities" means the following obligations and Liabilities, known or unknown, arising from, based upon or associated with the Assets:  (a) personal injury, illness or death relating to the use, ownership or operation of the Assets prior to the Effective Date to the extent such injury, illness or death occurs both prior to the Effective Date and during Assignor's ownership of the Assets; (b) Hazardous Materials related or attributable to the Assets that, during Assignor's ownership of the Assets, were

disposed of by Assignor or any of its affiliates at off-site commercial disposal facilities; and (c) any claim made by an employee of Assignor or any of its affiliates relating to such employment.

Section 2.4    Assignee agrees to defend, indemnify and hold harmless Assignor and Sanchez Oil & Gas Corporation ("SOG") (which acted as contract operator), their respective agents, employees and assigns (each an "Indemnified Party" and collectively, the "Indemnified Parties") from any and all Asset Related Liabilities and any and all obligations and Liabilities relating to, arising out of or arising in connection with Assignee's and/or SOG's operation or use of the Assets, even if such Liabilities arose from conditions, actions or inactions occurring prior to, on or after to the Effective Date of this Assignment and even if such Liabilities are caused in whole or in part by, or contributed to by, the negligence (whether sole, joint or concurrent), strict liability or other legal fault of an Indemnified Party, its affiliates, agents, employees or contractors, or any invitee or third party, and whether or not caused by a preexisting condition.

Section 2.5    Additionally, Assignee hereby agrees to indemnify and hold harmless Assignor and the Indemnified Parties from any and all claims arising from the production and sale of hydrocarbons from the Assets assigned hereunder, including the accounting or payment to third parties of monies attributable to their interests in such production, including any suspense funds, insofar as such claims relate to hydrocarbons produced from the Wells. Assignee shall be subject to, responsible for and comply with, at its sole cost and expense, all duties and obligations of Assignor and any of the Indemnified Parties, express or implied, with respect to the Assets under or by virtue of any Lease, contract, Agreement, document, permit, applicable statute or rule, regulation or order of any governmental authority or at common law, specifically including, but not limited to, any governmental request or requirement or contractual obligation to plug, re-plug and/or abandon any Well of whatsoever type, status or classification, or take any clean-up, surface restoration, environmental abatement or remediation or other action with respect to the Assets.

## ARTICLE 3
## MISCELLANEOUS

Section 3.1    Government Filings. Assignee agrees and warrants that upon the execution of this Assignment either Assignee or its designated operator will satisfy all requirements to qualify under federal, state, and local laws, ordinance, regulations, and orders to operate the Wells, at Assignee's sole cost and expense, including, but not limited to, the following:

(a)    file with the Mississippi State Oil and Gas Board ("MSOGB") a MSOGB Form 2 (Change of Operator) for each Well;

(b)    file with the MSOGB a MSOGB Form 8 (Authorization to Transport) for each Well which is producing;

(c)    submit financial assurance to the MSOGB satisfactory to the MSOGB to secure the plugging and abandonment obligations for all Wells and obtain the release of all financial assurance provided to the MSOGB by Assignor and/or SOG; and

(d)    submit to the Mississippi Department of Environmental Quality a permit transfer form to transfer and assume from Assignor and SOG all environmental and natural

*Signature Page to Assignment and Bill of Sale*

resource permits, authorizations, notifications, etc., presently held by or identified with Assignor and/or SOG.

Section 3.2    Sale Order.  This Assignment is expressly made subject to the terms of that certain Sale Order dated June 18, 2020, issued by the United States Bankruptcy Court for the Southern District of Texas in Case No. 19-34508 (the "Sale Order").

Section 3.3    Taxes. Assignee shall assume and pay all taxes, including ad-valorem taxes, production taxes, or any other taxes of any kind or character imposed on the Assets as of the Effective Date of this Assignment.

Section 3.4    Successors and Assigns.  This Assignment shall be binding upon and inure to the benefit of the Parties and their respective successors and assigns. All references herein to either Assignors or Assignee shall include their respective successors and assigns.Exhibits.  All of the Exhibits referred to in this Assignment constitute a part of this Assignment.Counterparts.  This Assignment may be executed in counterparts, each of which shall be deemed an original instrument, but all such counterparts together shall constitute one instrument.  No Party shall be bound until such time as all of the Parties have executed counterparts of this Assignment. To facilitate recordation or filing of this Assignment, each counterpart must be filed with a parish or state agency or office that contain those portions of the Exhibits to this Assignment that describe property in that parish or under the jurisdiction of that agency or office. Complete copies of this Assignment containing the entire Exhibits have been retained by Assignor and Assignee. **IN WITNESS WHEREOF**, this Assignment has been executed by each of the Parties as of the dates of the acknowledgments below but shall be effective for all purposes as of June 1, 2020 (the "Effective Date").

[*Signature Page Follows*]

**ASSIGNOR:**

**SN TMS, LLC,**
a Delaware limited liability company

By: _____
Name:
Title:

STATE OF_____

COUNTY OF_____

       Personally appeared before me, the undersigned authority in and for the said county and state, on this ____day of _____, 2020, within my jurisdiction, the within named _____, who proved to me on the basis of satisfactory evidence to be the person whose name is subscribed in the above and foregoing instrument and acknowledged that he/she/they executed the same in his/her/their representative capacity(ies), and that by his/her/their signature(s) on the instrument, and as the act and deed of the person(s) or entity(ies) upon behalf of which he/she/they acted, executed the above and foregoing instrument, after first having been duly authorized so to do.

_____
NOTARY

_____
My commission expires

*Signature Page to Assignment and Bill of Sale*

**ASSIGNEE:**

**WHITE RIVER SPV 2 LLC,**
a Texas limited liability company


By: _____
Name: Jason Puchir
Title: Chief Financial Officer



STATE OF_____

COUNTY OF_____


        Personally appeared before me, the undersigned authority in and for the said county and state, on this ____day of _____, 2020, within my jurisdiction, the within named JASON PUCHIR, who proved to me on the basis of satisfactory evidence to be the person whose name is subscribed in the above and foregoing instrument and acknowledged that he executed the same in his representative capacities, and that by his signature on the instrument, and as the act and deed of the person or entity upon behalf of which he acted, executed the above and foregoing instrument, after first having been duly authorized so to do.

                                      _____
                                        NOTARY

_____
My commission expires

*Signature Page to Assignment and Bill of Sale*

# EXHIBIT A

Attached to that certain Assignment and Bill of Sale dated effective June 1, 2020, by and
between SN TMS, LLC, as Assignor,
and White River SPV 2 LLC, as Assignee.

## Leases

| Lease No. | Lessor | Lessee | Lease Date | Book | Page | S |
|---|---|---|---|---|---|---|
| MS550018-T00 | WEBSTER, LEAH KATHRYN | F-OIL PROPERTIES, INC. | 07/16/2013 | 192 | 513 | |
| MS550056-T01 | WADE, MILDRED M. | F-OIL PROPERTIES INC | 02/06/2013 | 191 | 667 | |
| MS550056-T02 | WEBSTER, GAIL M. | F-OIL PROPERTIES, INC. | 07/16/2013 | 192 | 476 | |
| MS550056-T03 | BROWN, JEAN M. | F-OIL PROPERTIES, INC. | 07/16/2013 | 192 | 505 | |
| MS550056-T04 | GILLON, ELIZABETH M. | F-OIL PROPERTIES, INC. | 07/16/2013 | 192 | 484 | |
| MS550056-T05 | SUSIE MORRIS MARTENS ESTATE | F-OIL PROPERTIES, INC. | 07/16/2013 | 192 | 498 | |
| MS550056-T06 | BELL, JOHN C. | F-OIL PROPERTIES INC | 11/30/2012 | 185 | 335 | |
| MS550056-T07 | BELL, DOUGLAS V. | F-OIL PROPERTIES INC | 02/06/2013 | 191 | 673 | |
| MS550056-T08 | BELL, MARY LEE | F-OIL PROPERTIES, INC. | 07/16/2013 | 192 | 491 | |
| MS550063-001 | JAMES HUFF ROSENBLATT TRUST | TRIDIMENSION ENERGY LP | 08/15/2008 | 158 | 153 | |
| MS550063-008 | DURRETT, BERT | F-OIL PROPERTIES INC | 07/23/2012 | 181 | 431 | |
| MS550063-009 | STEPHENS RESOURCES LLC | F-OIL PROPERTIES INC | 07/19/2012 | 181 | 441 | |
| MS550063-010 | MOORMAN, SCHICKRAM & STEPHENS | F-OIL PROPERTIES INC | 07/19/2012 | 181 | 437 | |
| MS550063-011 | BRAME, JOE A. | F-OIL PROPERTIES INC | 07/10/2012 | 181 | 428 | |
| MS550063-012 | MERRILL, ANN DURRETT | F-OIL PROPERTIES INC | 07/10/2012 | 181 | 434 | |
| MS550063-013 | WITTER, PHILLIPS CONNELL | F-OIL PROPERTIES INC | 07/30/2012 | 185 | 451 | |
| MS550063-014 | BRAME, JOE A. | F-OIL PROPERTIES, INC. | 06/25/2014 | 211 | 341 | |

| Lease No. | Lessor | Lessee | Lease Date | Book | Page | S |
|-----------|--------|--------|------------|------|------|---|
| MS550063-015 | MOORMAN, SCHICKRAM & STEPHENS, LTD. | F-OIL PROPERTIES, INC. | 06/25/2014 | 211 | 351 | |
| MS550063-016 | MURRAH FAMILY PARTNERSHIP | F-OIL PROPERTIES, INC. | 06/25/2014 | 211 | 362 | |
| MS550063-017 | STEPHENS RESOURCES, LLC. | F-OIL PROPERTIES, INC. | 06/25/2014 | 211 | 367 | |
| MS550063-018 | MURRAH FAMILY PARTNERSHIP | F-OIL PROPERTIES, INC. | 06/25/2014 | 211 | 357 | |
| MS550063-019 | WITTER, PHILLIPS CONNELL | F-OIL PROPERTIES, INC. | 06/30/2014 | 212 | 275 | |
| MS550063-020 | MERRILL, ANN | F-OIL PROPERTIES, INC. | 06/25/2014 | 211 | 346 | |
| MS550063-023 | DAWSON, LARRY CALVIN | SN TMS, LLC | 12/02/2014 | 223 | 480 | |
| MS550063-024 | CARTER, MARY LEE | SN TMS, LLC | 12/02/2014 | 223 | 527 | |
| MS550063-025 | DAWSON, JENNETTER | SN TMS, LLC | 12/02/2014 | 223 | 511 | |
| MS550063-026 | DAWSON, JERRY CARL | SN TMS, LLC | 12/02/2014 | 223 | 519 | |
| MS550063-027 | HARRELL, NATHAN JOHN | SN TMS, LLC | 12/02/2014 | 223 | 488 | |
| MS550063-028 | DAY, MORRIS EDWARD | SN TMS, LLC | 12/10/2014 | 223 | 501 | |
| MS550063-029 | DAY, DAVID DEAN | SN TMS, LLC | 12/15/2014 | 223 | 541 | |
| MS550063-030 | BASS, ROSEMARY DAY | SN TMS, LLC | 12/16/2014 | 223 | 506 | |
| MS550063-031 | PITTMAN, MITTIE B. | SN TMS, LLC | 12/10/2014 | 223 | 535 | |
| MS550063-032 | PENDER, CATHY ANN | SN TMS, LLC | 12/26/2014 | 223 | 460 | |
| MS550063-033 | CLIFFORD, PETER LANE, JR. | SN TMS, LLC | 12/15/2014 | 223 | 475 | |
| MS550063-034 | CLIFFORD, JULES CULBERTSON | SN TMS, LLC | 12/15/2014 | 223 | 455 | |
| MS550063-035 | CLIFFORD, CRISTY LANE | SN TMS, LLC | 12/15/2014 | 223 | 465 | |
| MS550063-036 | CLIFFORD, PETER LANE | SN TMS, LLC | 12/15/2014 | 223 | 470 | |
| MS550063-039 | HEINEN, HUBERT PLUMMER | SN TMS, LLC | 02/05/2015 | 225 | 159 | |
| MS550063-040 | QUIN-FOURNET OIL PROPERTIES | SN TMS, LLC | 02/05/2015 | 225 | 76 | |

| Lease No. | Lessor | Lessee | Lease Date | Book | Page | S |
|-----------|--------|--------|-----------|------|------|---|
| MS550063-041 | HARDING REV TR DTD 03/31/2006 | SN TMS, LLC | 02/06/2015 | 225 | 164 | |
| MS550063-042 | LAFLEUR, SUSAN | SN TMS, LLC | 12/18/2014 | 225 | 68 | |
| MS550063-043 | PRICE, GLENDA E. | SN TMS, LLC | 12/02/2014 | 225 | 97 | |
| MS550063-044 | PRICE, CELESTE | SN TMS, LLC | 12/02/2014 | 225 | 120 | |
| MS550063-045 | BROWN, CAROLYN PRICE | SN TMS, LLC | 12/02/2014 | 225 | 135 | |
| MS550063-046 | BREEDING, LESLIE EDWARD, III | SN TMS, LLC | 12/17/2014 | 225 | 143 | |
| MS550063-047 | YEAGER, VAUGHN DANIEL | SN TMS, LLC | 12/31/2014 | 225 | 105 | |
| MS550063-048 | THE OGDEN SHARON HUDNALL TRUST #2 | SN TMS, LLC | 12/19/2014 | 225 | 128 | |
| MS550063-049 | MERRILL, ANN | SN TMS, LLC | 12/16/2014 | 225 | 115 | |
| MS550063-050 | DURRETT, BERT E. | SN TMS, LLC | 12/16/2014 | 225 | 1 | |
| MS550063-051 | ROBRO ROYALTY PARTNERS, LTD | F-OIL PROPERTIES, INC. | 07/07/2014 | 220 | 291 | |
| MS550063-052 | WOODS, SHIRLEY DAY | SN TMS, LLC | 01/13/2015 | 225 | 18 | |
| MS550063-053 | NETTLES, JOSEPHINE DAY | SN TMS, LLC | 01/13/2015 | 224 | 595 | |
| MS550063-054 | GARDNER, ROSE DAY | SN TMS, LLC | 01/13/2015 | 224 | 590 | |
| MS550063-055 | EDMONSON, MARY DAY | SN TMS, LLC | 01/13/2015 | 225 | 23 | |
| MS550063-056 | WISE OIL CORPORATION | SN TMS, LLC | 12/18/2014 | 224 | 638 | |
| MS550063-057 | MABLE RUTH HARRIS TRUST | SN TMS, LLC | 12/30/2014 | 224 | 610 | |
| MS550063-058 | PRICE, CURTIS L. JR. | SN TMS, LLC | 12/02/2014 | 224 | 646 | |
| MS550063-059 | THOMAS, LAURA PRICE | SN TMS, LLC | 12/02/2014 | 224 | 654 | |
| MS550063-060 | PRICE, WOODROW JR. | SN TMS, LLC | 12/02/2014 | 225 | 89 | |
| MS550063-061 | DAWSON, ALICIA DENISE | SN TMS, LLC | 12/02/2014 | 224 | 662 | |
| MS550063-063 | MAGLIC, GWEN S. | SN TMS, LLC | 12/18/2014 | 224 | 633 | |

| Lease No. | Lessor | Lessee | Lease Date | Book | Page | S |
|-----------|--------|--------|------------|------|------|---|
| MS550063-064 | SHARP, JOHN S. | SN TMS, LLC | 12/18/2014 | 225 | 13 | |
| MS550063-065 | FLOYD, ODELL LEROY, ET UX | SN TMS, LLC | 12/09/2014 | 225 | 42 | |
| MS550063-066 | THE WILLIAM K. MCGARVEY REV TR | SN TMS, LLC | 12/31/2014 | 224 | 600 | |
| MS550063-067 | MCCLELLAND, ANN MCGARVEY | SN TMS, LLC | 12/31/2014 | 224 | 618 | |
| MS550063-068 | LOMETA HUDNALL COX TRUST #2 | SN TMS, LLC | 12/18/2014 | 225 | 82 | |
| MS550063-069 | REYNOLDS, SMITH P., III | SN TMS, LLC | 01/13/2015 | 225 | 34 | |
| MS550063-070 | BURROUGHS, JEAN R. | SN TMS, LLC | 01/13/2015 | 224 | 582 | |
| MS550063-071 | STEPHENS RESOURCES, LLC | SN TMS, LLC | 12/05/2014 | 224 | 575 | |
| MS550063-072 | MOORMAN SCHICKRAM AND STEPHENS, LTD | SN TMS, LLC | 12/05/2014 | 225 | 6 | |
| MS550063-073 | HOYT, PRICILLA | SN TMS, LLC | 12/17/2014 | 225 | 28 | |
| MS550063-074 | BONNIE C. WHITAKER TRUST, ET AL | SN TMS, LLC | 11/06/2014 | 224 | 572 | |
| MS550063-075 | MARY JOHN SPENCETRUST I, ET AL | SN TMS, LLC | 11/06/2014 | 225 | 73 | |
| MS550063-076 | GERMANY PROPERTIES LTD | SN TMS, LLC | 12/30/2014 | 225 | 179 | |
| MS550063-077 | THE EUGENE J. MCGARVEY, JR. REV TR | SN TMS, LLC | 12/31/2014 | 225 | 539 | |
| MS550063-078 | B BAR B LAND & CATTLE, LLC | SN TMS, LLC | 12/10/2014 | 225 | 430 | |
| MS550063-079 | EXOTIC OIL & GAS, LLC | SN TMS, LLC | 12/10/2014 | 225 | 450 | |
| MS550063-080 | KJJ OIL & GAS, LLC | SN TMS, LLC | 12/10/2014 | 225 | 475 | |
| MS550063-081 | LOTTERHOS, DAVIS H. | SN TMS, LLC | 02/10/2015 | 225 | 484 | |
| MS550063-082 | LUETGE, NANCY HEINEN | SN TMS, LLC | 02/05/2015 | 225 | 489 | |
| MS550063-083 | MILLER, DAYTON L. | SN TMS, LLC | 02/13/2015 | 225 | 494 | |
| MS550063-084 | MULLIKIN, PETER M. | SN TMS, LLC | 02/06/2015 | 225 | 499 | |
| MS550063-086 | SLOCUM, MELONEE LOTTERHOS | SN TMS, LLC | 02/10/2015 | 225 | 514 | |

| Lease No. | Lessor | Lessee | Lease Date | Book | Page | |
|---|---|---|---|---|---|---|
| MS550063-087 | SMITH, MARGARET LOTTERHOS | SN TMS, LLC | 02/13/2015 | 225 | 519 | |
| MS550063-088 | TRAVIS, JOHN A., III | SN TMS, LLC | 02/20/2015 | 225 | 524 | |
| MS550063-089 | WILLOUGHBY, AGNES F. | SN TMS, LLC | 02/12/2015 | 225 | 529 | |
| MS550063-091 | GOLOWKA, NANCY F. | SN TMS, LLC | 02/09/2015 | 225 | 465 | |
| MS550063-095 | DAWSON, LASHANDA LYNN | SN TMS, LLC | 12/02/2014 | 225 | 442 | |
| MS550063-096 | FARBER, NANCY GRAVES | SN TMS, LLC | 02/12/2015 | 225 | 457 | |
| MS550063-097 | BOWLUS, SARA ANN LAWSON | SN TMS, LLC | 02/13/2015 | 226 | 107 | |
| MS550063-098 | EDWARDS, ELIZABETH AYERS MCCARTY | SN TMS, LLC | 02/20/2015 | 226 | 177 | |
| MS550063-099 | FROH, VIVIAN ROSE M. | SN TMS, LLC | 02/18/2015 | 226 | 113 | |
| MS550063-100 | GARRETT, RUBYE E. | SN TMS, LLC | 02/05/2015 | 226 | 182 | |
| MS550063-101 | HAYMAKER HOLDING COMPANY, LLC | SN TMS, LLC | 03/09/2015 | 226 | 148 | |
| MS550063-102 | HELEN MCGEE LUDLAM TRUST | SN TMS, LLC | 02/23/2015 | 226 | 139 | |
| MS550063-103 | LOTTERHOS, FRED J., III | SN TMS, LLC | 02/10/2015 | 226 | 118 | |
| MS550063-104 | CARL AND BETSY URBAN LIVING TR | SN TMS, LLC | 02/05/2015 | 226 | 160 | |
| MS550063-105 | TRAVIS, WILLIAM B. | SN TMS, LLC | 02/20/2015 | 226 | 62 | |
| MS550063-106 | UPSTREAM ENERGY, LLC | SN TMS, LLC | 02/23/2015 | 226 | 74 | |
| MS550063-107 | PBR PROPERTIES JOINT VENTURE | SN TMS, LLC | 01/21/2015 | 226 | 67 | |
| MS550063-108 | HAYNES, STEPHANIE | SN TMS, LLC | 02/11/2015 | 226 | 98 | |
| MS550063-109 | CCW INTERESTS, INC | SN TMS, LLC | 02/10/2015 | 226 | 172 | |
| MS550063-110 | MORRISON, ROSEMARY GRAVES | SN TMS, LLC | 02/12/2015 | 226 | 187 | |
| MS550063-111 | REAM INTERESTS, INC. | SN TMS, LLC | 02/12/2015 | 226 | 155 | |
| MS550063-112 | SLOAN, LACY MARIE | SN TMS, LLC | 02/10/2015 | 226 | 123 | |

| Lease No. | Lessor | Lessee | Lease Date | Book | Page |
|---|---|---|---|---|---|
| MS550063-113 | BREEDING, SAMANTHA K. | SN TMS, LLC | 02/10/2015 | 226 | 83 |
| MS550063-114 | ESTATE OF DOROTHEA B. PRENTISS | SN TMS, LLC | 01/23/2015 | 226 | 194 |
| MS550063-115 | LOUIS ALDEN GRELLING REV TRUST | SN TMS, LLC | 03/17/2015 | 226 | 131 |
| MS550063-116 | WILMOTH INTERESTS, INC | SN TMS, LLC | 02/11/2015 | 226 | 165 |
| MS550063-117 | ROBRO ROYALTY PARTNERS, LTD. | SN TMS, LLC | 12/01/2014 | 226 | 91 |
| MS550063-118 | BRAME, JOE A. | SN TMS, LLC | 12/05/2014 | 225 | 274 |
| MS550063-119 | HARRELL, TABITHA HOYT | SN TMS, LLC | 02/10/2015 | 227 | 18 |
| MS550063-120 | JOHNSON, SONIA HAYNES | SN TMS, LLC | 02/11/2015 | 227 | 1 |
| MS550063-121 | TALTON, PHYLLIS | SN TMS, LLC | 01/23/2015 | 226 | 611 |
| MS550063-123 | STEWART, BERNICE FORMAN | SN TMS, LLC | 03/18/2015 | 226 | 594 |
| MS550063-125 | PITTMAN, DUSTIN | SN TMS, LLC | 03/21/2015 | 226 | 652 |
| MS550063-126 | MILLS, CATHERINE LOTTERHOS | SN TMS, LLC | 02/13/2015 | 226 | 599 |
| MS550063-127 | LYLE, ARY JANE LOTTERHOS | SN TMS, LLC | 02/13/2015 | 226 | 624 |
| MS550063-128 | JOHNSON, CAROL E. MAHAFFEY | SN TMS, LLC | 03/25/2015 | 226 | 619 |
| MS550063-129 | GREEN MINERALS, LLC | SN TMS, LLC | 02/11/2015 | 226 | 589 |
| MS550063-130 | FARMER, BETTE VIRGINIA BERRY | SN TMS, LLC | 02/11/2015 | 226 | 634 |
| MS550063-131 | GOUGH-SMITH CREDIT SHELTER TRUST | SN TMS, LLC | 03/09/2015 | 226 | 641 |
| MS550063-132 | SUGARBERRY OIL & GAS CORP, ET AL | SN TMS, LLC | 12/10/2014 | 226 | 657 |
| MS550063-133 | LOMETA HUDNALL COX TRUST #2 | SN TMS, LLC | 03/13/2015 | 226 | 604 |
| MS550063-134 | BUTLER, LEIGH BARNETT | SN TMS, LLC | 02/27/2015 | 227 | 497 |
| MS550063-135 | VICKERY, JAMES M. | SN TMS, LLC | 01/16/2015 | 227 | 510 |
| MS550063-136 | WILSON, ALESHA HOYT | SN TMS, LLC | 02/10/2015 | 227 | 502 |

| Lease No. | Lessor | Lessee | Lease Date | Book | Page | S |
|-----------|--------|--------|------------|------|------|---|
| MS550063-137 | PIRTLE, ROBERT S. | SN TMS, LLC | 01/15/2015 | 227 | 486 | |
| MS550063-138 | VALK, DONNA LEE | SN TMS, LLC | 03/24/2015 | 227 | 646 | |
| MS550063-139 | RUETER, BEATRICE MARTINEZ | SN TMS, LLC | 03/24/2015 | 227 | 636 | |
| MS550063-140 | MARTINEZ, TERRENCE | SN TMS, LLC | 03/24/2015 | 228 | 12 | |
| MS550063-141 | MARTINEZ, RALPH M. | SN TMS, LLC | 03/24/2015 | 227 | 597 | |
| MS550063-142 | LAWSON, JAMES S. , JR. | SN TMS, LLC | 02/13/2015 | 227 | 587 | |
| MS550063-143 | INGALLS, MARION W. | SN TMS, LLC | 02/12/2015 | 228 | 1 | |
| MS550063-144 | HIGGINS, LAURA W. | SN TMS, LLC | 02/12/2015 | 227 | 641 | |
| MS550063-145 | HELLER, MARIA LOUISE | SN TMS, LLC | 03/24/2015 | 227 | 619 | |
| MS550063-146 | GASKELL, MIRIAM D. | SN TMS, LLC | 03/23/2015 | 227 | 609 | |
| MS550063-147 | DIXON, BETTE ANN | SN TMS, LLC | 03/24/2015 | 227 | 582 | |
| MS550063-148 | BARNETT, JOHN BRIAN | SN TMS, LLC | 02/27/2015 | 227 | 614 | |
| MS550063-149 | GARDNER, LYNNE M. | SN TMS, LLC | 03/16/2015 | 227 | 592 | |
| MS550063-150 | DAY, RICHARD D. | SN TMS, LLC | 01/13/2015 | 227 | 631 | |
| MS550063-151 | BP AMERICA PRODUCTION COMPANY | SN TMS, LLC | 03/31/2015 | 227 | 602 | |
| MS550063-152 | VENDETTA ROYALTY PARTNERS LTD. | SN TMS, LLC | 12/01/2014 | 228 | 114 | |
| MS550063-153 | MURRAH FAMILY PARTNERSHIP | SN TMS, LLC | 03/18/2015 | 227 | 624 | |
| MS550063-154 | WITTER, PHILLIPS CONNELL | SN TMS, LLC | 03/13/2015 | 228 | 6 | |
| MS550063-155 | MARJORIE DAVIS SIMMONS TRUST | SN TMS, LLC | 04/01/2015 | 228 | 227 | |
| MS550063-156 | BUFKIN, ELIZABETH W. | SN TMS, LLC | 01/26/2015 | 225 | 169 | |
| MS550063-157 | COX, DARLA S. | SKLARCO L.L.C. | 03/06/2013 | 188 | 719 | |
| MS550063-158 | BLAND, ROANE F. | SKLARCO L.L.C. | 01/09/2013 | 187 | 509 | |

| Lease No. | Lessor | Lessee | Lease Date | Book | Page | S |
|-----------|--------|--------|-----------|------|------|---|
| MS550063-159 | STEWART, BERNICE F. | SKLARCO L.L.C. | 01/09/2013 | 187 | 514 | |
| MS550063-160 | ESKAY, LALIE F. | SKLARCO L.L.C. | 01/09/2013 | 187 | 504 | |
| MS550063-161 | DAVENPORT PLANTATION, LLC | SKLARCO L.L.C. | 01/10/2013 | 187 | 499 | |
| MS550063-162 | BRAY, ROBERT M. | SKLARCO L.L.C. | 01/10/2013 | 188 | 338 | |
| MS550063-163 | FLINT, LAURA BUFORD | SKLARCO L.L.C. | 01/25/2013 | 188 | 323 | |
| MS550063-164 | BUFORD, J. DUDLEY, JR. | SKLARCO L.L.C. | 01/28/2013 | 188 | 328 | |
| MS550063-165 | SHELL, DR. DAN, IV | SKLARCO L.L.C. | 01/29/2013 | 188 | 333 | |
| MS550063-166 | KIPP, NAN BUFORD | SKLARCO L.L.C. | 01/24/2013 | 188 | 318 | |
| MS550063-167 | VILLA, JENNIFER S. | SKLARCO L.L.C. | 01/31/2013 | 188 | 287 | |
| MS550063-168 | BRISTER, BEVERLY W. | SKLARCO L.L.C. | 01/31/2013 | 188 | 282 | |
| MS550063-169 | NELSON, ELIECE S. | SKLARCO L.L.C. | 02/19/2013 | 188 | 500 | |
| MS550063-170 | CRAWFORD, DAVID S. | SKLARCO L.L.C. | 06/14/2013 | 191 | 32 | |
| MS550063-171 | WILKERSON, DAVID N. | SKLARCO L.L.C. | 06/14/2013 | 191 | 44 | |
| MS550063-172 | ROSS, SALLY ANN | SKLARCO L.L.C. | 01/22/2013 | 188 | 77 | |
| MS550063-173 | GEX, WALTER J., III | SKLARCO L.L.C. | 01/02/2013 | 187 | 487 | |
| MS550063-174 | LOBRANO, EDWARD P., JR. | SKLARCO L.L.C. | 03/01/2013 | 188 | 708 | |
| MS550063-175 | TOMPKINS, BARBARA PERRY | SKLARCO L.L.C. | 02/28/2013 | 188 | 696 | |
| MS550063-176 | DALIA, ANN WARD | SKLARCO L.L.C. | 04/05/2013 | 190 | 75 | |
| MS550063-177 | WARD, MARION STANTON | SKLARCO L.L.C. | 04/05/2013 | 190 | 73 | |
| MS550063-178 | WARD, EDWIN COULTER | SKLARCO L.L.C. | 04/12/2013 | 190 | 71 | |
| MS550063-179 | WARD, GEORGE M. | SKLARCO L.L.C. | 04/16/2013 | 190 | 69 | |
| MS550063-180 | WARD, JOHN MILLS | SKLARCO L.L.C. | 04/09/2013 | 190 | 77 | |

| Lease No. | Lessor | Lessee | Lease Date | Book | Page | S |
|---|---|---|---|---|---|---|
| MS550063-181 | SMITH, MARION | SKLARCO L.L.C. | 04/09/2013 | 189 | 537 | |
| MS550063-182 | WILLIAMS, MILTON C. | SKLARCO L.L.C. | 09/09/2013 | 193 | 335 | |
| MS550063-183 | O'ROURKE, DAWN MARIE | SKLARCO L.L.C. | 09/07/2013 | 193 | 330 | |
| MS550063-184 | WILLIAMS, FRANK C. | SKLARCO L.L.C. | 09/20/2013 | 193 | 310 | |
| MS550063-185 | LEASURE, DALLAS MICHAEL | SKLARCO L.L.C. | 09/06/2013 | 193 | 325 | |
| MS550063-186 | PEYTON, GAIL CHRISTINE | SKLARCO L.L.C. | 09/04/2013 | 193 | 320 | |
| MS550063-187 | DENNISON, SHELLEY ANNE CREAMER | SKLARCO L.L.C. | 09/11/2013 | 193 | 340 | |
| MS550063-188 | GREEN, KATE DON | SKLARCO L.L.C. | 04/12/2013 | 189 | 410 | |
| MS550063-189 | DAVENPORT PLANTATION, LLC | SKLARCO L.L.C. | 08/28/2012 | 181 | 664 | |
| MS550063-190 | BRISTER, BEVERLY W. | SKLARCO L.L.C. | 08/13/2012 | 180 | 585 | |
| MS550063-191 | VILLA, JENNIFER S. | SKLARCO L.L.C. | 08/17/2012 | 180 | 612 | |
| MS550063-192 | COX, DARLA S. | SKLARCO L.L.C. | 08/17/2012 | 180 | 607 | |
| MS550063-193 | NELSON, ELIECE S. | SKLARCO L.L.C. | 08/15/2012 | 180 | 602 | |
| MS550063-194 | TUCKER, DEBBIE | SKLARCO L.L.C. | 09/25/2012 | 182 | 219 | |
| MS550063-195 | ESKAY, LALIE F. | SKLARCO L.L.C. | 09/13/2012 | 181 | 700 | |
| MS550063-196 | CALLICUTT, ALICE OLIVER | SKLARCO L.L.C. | 10/03/2012 | 184 | 33 | |
| MS550063-197 | BLAND, ROANE F. | SKLARCO L.L.C. | 09/13/2012 | 181 | 704 | |
| MS550063-198 | BRAY, DAVID P. | SKLARCO L.L.C. | 10/11/2012 | 184 | 156 | |
| MS550063-199 | BRAY, ROBERT M. | SKLARCO L.L.C. | 10/30/2012 | 188 | 65 | |
| MS550063-200 | DAVIS, A. VIDAL | SKLARCO L.L.C. | 11/14/2012 | 186 | 119 | |
| MS550063-201 | BUFKIN, ELIZABETH W. | SKLARCO L.L.C. | 11/16/2012 | 185 | 523 | |
| MS550063-202 | CRAWFORD, DAVID S. | SKLARCO L.L.C. | 11/15/2012 | 187 | 286 | |

| Lease No. | Lessor | Lessee | Lease Date | Book | Page | S |
|---|---|---|---|---|---|---|
| MS550063-203 | BRAMLETTE, DAVID C. | SKLARCO L.L.C. | 11/20/2012 | 186 | 103 | |
| MS550063-204 | WILKERSON, DAVID N. | SKLARCO L.L.C. | 11/13/2012 | 187 | 290 | |
| MS550063-205 | ROSS, SALLY ANN | SKLARCO L.L.C. | 05/12/2013 | 189 | 715 | |
| MS550063-206 | SHELL, DR. DAN, IV | SKLARCO L.L.C. | 06/12/2013 | 190 | 628 | |
| MS550063-207 | KIPP, NAN BUFORD | SKLARCO L.L.C. | 08/27/2012 | 181 | 674 | |
| MS550063-208 | GRICE, JOEL S. | PULSAR HOLDINGS II, LLC | 12/02/2011 | 169 | 576A | |
| MS550063-209 | REEVES, MARY S. | PULSAR HOLDINGS II, LLC | 12/02/2011 | 169 | 591 | |
| MS550063-210 | PARKER, JULIA L. | PULSAR HOLDINGS II, LLC | 12/02/2011 | 169 | 581 | |
| MS550063-211 | WINDHAM, NANCY L. | PULSAR HOLDINGS II, LLC | 12/02/2011 | 169 | 586 | |
| MS550063-212 | BURROUGHS, JEAN R. | SKLARCO L.L.C. | 07/03/2013 | 191 | 102 | |
| MS550063-213 | REYNOLDS, SMITH P., III | SKLARCO L.L.C. | 07/01/2013 | 191 | 21 | |
| MS550063-214 | REAM INSTERESTS, INC. | SKLARCO L.L.C. | 07/29/2013 | 191 | 596 | |
| MS550063-215 | C. C. W. INTERESTS, INC. | SKLARCO L.L.C. | 08/01/2013 | 192 | 57 | |
| MS550063-216 | WRIGHT, VIRGINIA L. | SKARCO L.L.C. | 10/30/2013 | 195 | 662 | |
| MS550063-217 | THE TRUST OF EILEEN J. BROWN ET AL | SKARCO L.L.C. | 06/10/2013 | 190 | 659 | |
| MS550063-218 | FOSTER, SUSAN KAY | SKARCO L.L.C. | 10/30/2013 | 195 | 640 | |
| MS550063-219 | THE OGDEN SHARON HUDNALL TRUST #2 | SKLARCO L.L.C. | 01/10/2013 | 187 | 492 | |
| MS550063-220 | DAVIS, ROBERT E. | SKLARCO L.L.C. | 04/01/2013 | 189 | 219 | |
| MS550063-221 | DAVIS, GLENDA B. | SKLARCO L.L.C. | 04/02/2013 | 189 | 229 | |
| MS550063-222 | VICKERY, JAMES M. | SKLARCO L.L.C. | 01/25/2013 | 188 | 490 | |
| MS550063-223 | GAMMILL, DAVE | SKLARCO L.L.C. | 02/05/2013 | 188 | 523 | |
| MS550063-224 | VICKERY, JOHN S. | SKLARCO L.L.C. | 01/15/2013 | 188 | 88 | |

| Lease No. | Lessor | Lessee | Lease Date | Book | Page | S |
|-----------|--------|--------|-----------|------|------|---|
| MS550063-225 | C. C. W. INTERESTS, INC. | SKLARCO L.L.C. | 01/22/2013 | 188 | 308 | |
| MS550063-226 | REAM INSTERESTS, INC | SKLARCO L.L.C. | 11/20/2012 | 186 | 193 | |
| MS550063-227 | FARMER, BETTE V. | SKLARCO L.L.C. | 03/26/2013 | 189 | 161 | |
| MS550063-228 | FARBER, NANCY GRAVES | SKLARCO L.L.C. | 02/22/2013 | 188 | 598 | |
| MS550063-229 | MORRISON, ROSEMARY GRAVES | SKLARCO L.L.C. | 02/26/2013 | 188 | 592 | |
| MS550063-230 | CLIFFORD, PETER LANE | SKLARCO L.L.C. | 01/29/2013 | 188 | 371 | |
| MS550063-231 | ESTATE OF DOROTHEA B. PRENTISS | SKLARCO L.L.C. | 01/16/2013 | 188 | 355 | |
| MS550063-232 | REYNOLDS, SMITH P., III | SKLARCO L.L.C. | 01/02/2013 | 187 | 397 | |
| MS550063-233 | BURROUGHS, JEAN R. | SKLARCO L.L.C. | 01/02/2013 | 187 | 373 | |
| MS550063-234 | DORCHESTER ROYALTY, CORPORATION | SKLARCO L.L.C. | 03/19/2013 | 189 | 173 | |
| MS550063-235 | BALLANTYNE, ANNE M. | SKLARCO L.L.C. | 03/20/2013 | 189 | 155 | |
| MS550063-236 | HOLLOWAY, PAIGE T. | SKLARCO L.L.C. | 02/26/2013 | 188 | 713 | |
| MS550063-237 | COLLINS, BARBARA | SKLARCO L.L.C. | 02/28/2013 | 188 | 684 | |
| MS550063-238 | THE PATRICK L. GILLILAND 1974 TRUST | SKLARCO L.L.C. | 02/25/2013 | 188 | 586 | |
| MS550063-239 | NISBET, SHANNON | SKLARCO L.L.C. | 02/07/2013 | 188 | 384 | |
| MS550063-240 | MORTIMER, GLENN G. | SKLARCO L.L.C. | 03/20/2013 | 189 | 167 | |
| MS550063-241 | BURROUGHS, JEAN R. | SKLARCO L.L.C. | 01/02/2013 | 187 | 379 | |
| MS550063-242 | REYNOLDS, SMITH P, III | SKLARCO L.L.C. | 01/02/2013 | 187 | 403 | |
| MS550063-243 | MERRILL, ANN D. | SKLARCO L.L.C. | 12/11/2012 | 186 | 173 | |
| MS550063-244 | DURRETT, BERT E. | SKLARCO L.L.C. | 03/18/2013 | 189 | 289 | |
| MS550063-245 | STEPHENS RESOURCES, LLC | SKLARCO L.L.C. | 01/18/2013 | 187 | 292 | |
| MS550063-246 | MOORMAN SCHICKRAM & STEPHENS, LTD | SKLARCO L.L.C. | 01/18/2013 | 188 | 303 | |

| Lease No. | Lessor | Lessee | Lease Date | Book | Page | S |
|-----------|--------|--------|------------|------|------|---|
| MS550063-247 | BRAME, JOE A. | SKLARCO L.L.C. | 11/09/2012 | 184 | 621 | |
| MS550063-248 | BRAME, JOE A. | SKLARCO L.L.C. | 12/06/2012 | 186 | 189 | |
| MS550063-249 | JOANNE C. SESSIONS ESTATE | SKLARCO L.L.C. | 06/11/2013 | 191 | 113 | |
| MS550063-250 | CATCHINGS, WILLIAM HENRY, JR. | SKLARCO L.L.C. | 11/14/2012 | 187 | 263 | |
| MS550063-251 | SESSIONS, CHARLES E. | SKLARCO L.L.C. | 11/07/2012 | 184 | 567 | |
| MS550063-252 | SESSIONS, T. O., JR. | SKLARCO L.L.C. | 11/07/2012 | 187 | 277 | |
| MS550063-253 | KEE, CAROLYN S. | SKLARCO L.L.C. | 07/23/2012 | 180 | 444 | |
| MS550063-254 | EUGENE J. MCGARVEY, JR., REV TRUST | SKLARCO L.L.C. | 11/27/2012 | 185 | 515 | |
| MS550063-255 | MCCLELLAND, ANN M. | SKLARCO L.L.C. | 11/07/2012 | 185 | 527 | |
| MS550063-256 | YEAGER, VAUGHN DANIEL | SKLARCO L.L.C. | 12/12/2012 | 186 | 185 | |
| MS550063-257 | BREEDING, SAMANTHA K. | SKLARCO L.L.C. | 03/19/2013 | 189 | 185 | |
| MS550063-258 | BREEDING, LESLIE EDWARD | SKLARCO L.L.C. | 03/19/2013 | 189 | 179 | |
| MS550063-259 | SLOAN, LACEY MARIE | SKLARCO L.L.C. | 04/16/2013 | 189 | 662 | |
| MS550063-260 | WILLIAM K. MCGARVEY REV TRUST | SKLARCO L.L.C. | 11/21/2012 | 185 | 519 | |
| MS550063-261 | SESSIONS, T. O., JR. | SKLARCO L.L.C. | 05/13/2013 | 190 | 275 | |
| MS550063-262 | PERSELL, RALPH M., JR. | SKLARCO L.L.C. | 07/15/2013 | 195 | 315 | |
| MS550063-263 | COINTMENT, ALTHEA S. | SN TMS, LLC | 01/27/2015 | 227 | 10 | |
| MS550063-264 | DUNN, GWENDOLYN STUART | SKLARCO L.L.C. | 02/27/2013 | 188 | 574 | |
| MS550063-265 | HOLT, EDWIN L., JR | SKLARCO L.L.C. | 03/19/2013 | 189 | 201 | |
| MS550063-266 | GOBER, GINGER HOLT | SKLARCO L.L.C. | 04/02/2013 | 189 | 223 | |
| MS550063-267 | HOLT, LISA C. | SKLARCO L.L.C. | 04/16/2013 | 189 | 392 | |
| MS550063-268 | CHAFFIN, ROUCHELLE STUART | SKLARCO L.L.C. | 05/15/2013 | 189 | 698 | |

| Lease No. | Lessor | Lessee | Lease Date | Book | Page | |
|---|---|---|---|---|---|---|
| MS550063-269 | STUTZMAN, GRACE | SKLARCO L.L.C. | 11/14/2012 | 186 | 149 | |
| MS550063-270 | FLOYD, SUE STUTZMAN | SKLARCO L.L.C. | 11/14/2012 | 185 | 539 | |
| MS550063-271 | TURNER, VIVIAN | SKLARCO L.L.C. | 12/19/2012 | 187 | 300 | |
| MS550063-272 | PERSELL, RALPH M., JR. | SKLARCO L.L.C. | 03/29/2013 | 189 | 539 | |
| MS550064 | CROSBY-MISSISSIPPI RESOURCES, | GRIFFIN & GRIFFIN EXPLORATION LLC | 04/27/2009 | 154 | 280 | |
| MS550078-001 | REEVES, BARBARA ANN | F-OIL PROPERTIES, INC. | 06/20/2013 | 191 | 697 | |
| MS550078-002 | BRALEY, REBECCA | F-OIL PROPERTIES, INC. | 06/20/2013 | 191 | 685 | |
| MS550078-003 | LEE, SARA LOU | F-OIL PROPERTIES, INC. | 06/20/2013 | 191 | 691 | |
| MS550103 | WESBERRY, JANE ANN LEAKE | SR ACQUISITION I, LLC | 02/25/2014 | 203 | 116 | |
| MS550130-001 | CALLOWAY, T. JOE, ET UX | F-OIL PROPERTIES, INC. | 07/15/2014 | 212 | 247 | |
| MS550141-001 | REYNOLDS, JUDY M. | SN TMS, LLC | 08/28/2014 | 220 | 166 | |
| MS550141-002 | GRACE, PEGGY M. | SN TMS, LLC | 09/19/2014 | 220 | 177 | |
| MS550141-003 | MARBURY, KITTY CURRY | SN TMS, LLC | 09/22/2014 | 220 | 195 | |
| MS550141-004 | BELLO, LINDA SUE | SN TMS, LLC | 09/23/2014 | 220 | 183 | |
| MS550141-005 | WATTS, SYLVIA ANN | SN TMS, LLC | 09/22/2014 | 220 | 189 | |
| MS550141-006 | MASON, RICHARD | SN TMS, LLC | 09/19/2014 | 224 | 547 | |
| MS550142-001 | LAMBDIN FAMILY PARTNERSHIP LP. | SN TMS, LLC | 09/03/2014 | 220 | 172 | |
| MS550142-002 | HABIG, PAUL DOUGLAS, JR | SN TMS, LLC | 09/18/2014 | 224 | 511 | |
| MS550142-003 | GOUDEAU, PATRICIA PALMER | SN TMS, LLC | 09/18/2014 | 224 | 519 | |
| MS550142-004 | DELL, LISA ELLEN ROTHSCHILD | SN TMS, LLC | 11/24/2014 | 225 | 559 | |
| MS550142-005 | ROYSTON, PATRICIA | SN TMS, LLC | 11/19/2014 | 225 | 564 | |
| MS550142-006 | MARCUS ROTHSCHILD SUPPL NEEDS TR | SN TMS, LLC | 02/23/2015 | 225 | 574 | |

| Lease No. | Lessor | Lessee | Lease Date | Book | Page |
|---|---|---|---|---|---|
| MS550142-007 | CAMPO, JULIE JARREAU | SN TMS, LLC | 09/18/2014 | 225 | 592 |
| MS550142-008 | PALMER, WILLIAM G. | SN TMS, LLC | 09/18/2014 | 225 | 608 |
| MS550142-009 | WILSON, SHARON K PALMER | SN TMS, LLC | 09/18/2014 | 225 | 600 |
| MS550142-010 | PALMER, MICHAEL TIMOTHY | SN TMS, LLC | 09/18/2014 | 227 | 564 |
| MS550142-011 | BUSHMIHLE, HOWARD EUGENE, JR. | SN TMS, LLC | 02/11/2015 | 227 | 555 |
| MS550142-012 | JARREAU, JENNIFER LYNN | SN TMS, LLC | 02/17/2015 | 227 | 572 |
| MS550142-013 | AXIOM MINERALS, LLC | SN TMS, LLC | 04/09/2015 | 227 | 536 |
| MS550142-014 | BULL RUN ACQUISITIONS, LLC | SN TMS, LLC | 01/12/2015 | 227 | 547 |
| MS550142-015 | PALMER, CINDY ANN | SN TMS, LLC | 09/18/2014 | 228 | 58 |
| MS550142-016 | GREEN, MASON JR. | LOTT LAND SERVICES, LLC. | 05/17/2014 | 206 | 348 |
| MS550145-001 | WHITE, JACQUELYN CLARK | SN TMS, LLC | 12/12/2014 | 223 | 496 |
| MS550145-002 | STUTZMAN, SUSIE GRACE | SN TMS, LLC | 12/19/2014 | 225 | 60 |
| MS550145-003 | THE HOWARD LEGACY TRUST | SN TMS, LLC | 12/22/2014 | 225 | 52 |
| MS550145-004 | DOOLEY, GENEVIEVE M. | SN TMS, LLC | 12/08/2014 | 224 | 563 |
| MS550145-005 | KING, MARTY LECLERC | SKLARCO L.L.C. | 10/15/2013 | 194 | 365 |
| MS550145-006 | KING, MARION LESTER | SKLARCO L.L.C. | 10/18/2013 | 194 | 347 |
| MS550145-007 | KING, JOHN MORRILL, III | SKLARCO L.L.C. | 10/18/2013 | 194 | 353 |
| MS550145-008 | KING, MYRON KEITH | SKLARCO L.L.C. | 10/14/2013 | 194 | 359 |
| MS550145-009 | CHAPMAN, PAUL B. | SKLARCO L.L.C. | 08/01/2013 | 192 | 298 |
| MS550145-010 | DAWSON, PHILLIS C. | SKLARCO L.L.C. | 08/01/2013 | 192 | 305 |
| MS550145-011 | DOOLEY, HERBERT L. | SKLARCO L.L.C. | 11/16/2012 | 186 | 121 |
| MS550145-012 | DOOLEY, RICKY J. | SKLARCO L.L.C. | 11/21/2012 | 186 | 135 |

| Lease No. | Lessor | Lessee | Lease Date | Book | Page | S |
|---|---|---|---|---|---|---|
| MS550145-013 | DOOLEY, WARREN P. | SKLARCO L.L.C. | 11/27/2012 | 185 | 486 | |
| MS550145-014 | DOOLEY, GEORGE B. | SKLARCO L.L.C. | 11/19/2012 | 187 | 324 | |
| MS550145-015 | DOOLEY, KATHY D. | SKLARCO L.L.C. | 12/14/2012 | 187 | 310 | |
| MS550145-016 | BRENDLER, JANETTE D | SKLARCO L.L.C. | 11/20/2012 | 187 | 331 | |
| MS550145-017 | ESCHER, AUGUST LEE | SKLARCO L.L.C. | 04/18/2013 | 189 | 380 | |
| MS550145-018 | ESCHER, JO RUTH | SKLARCO L.L.C. | 05/05/2013 | 189 | 692 | |
| MS550145-019 | BRENDLER, JANETTE D. | SKLARCO L.L.C. | 06/07/2013 | 190 | 251 | |
| MS550145-020 | CRAWFORD, KATHY D | SKLARCO L.L.C. | 05/30/2013 | 190 | 232 | |
| MS550145-021 | DOOLEY, GEORGE B. | SKLARCO L.L.C. | 05/28/2013 | 190 | 224 | |
| MS550145-022 | AGUILAR, JOSE M | SKLARCO L.L.C. | 05/06/2013 | 191 | 551 | |
| MS550145-023 | ESCHER, THOMAS JOSEPH | SKLARCO L.L.C. | 03/04/2013 | 188 | 724 | |
| MS550145-024 | BAILEY, LILLIAN E. | SKLARCO L.L.C. | 05/08/2013 | 189 | 685 | |
| MS550156 | WHITE, JACQUELYN C., ET AL | NEW CENTURY PRODUCTION CO., LLC | 01/31/2012 | 170 | 37 | |
| MS550157-001 | BEST, CHARLES HENRY | SKLARCO L.L.C. | 11/16/2012 | 185 | 42 | |
| MS550157-002 | MONTFORT, JULIA MAE | SKLARCO L.L.C. | 12/05/2012 | 186 | 179 | |
| MS550157-003 | BEST, WILLIAM L. | SKLARCO L.L.C. | 11/12/2012 | 184 | 615 | |
| MS550157-004 | BEST, JOSEPH M. | SKLARCO L.L.C. | 11/12/2012 | 184 | 609 | |
| MS550157-005 | MONTFORT, MONTY CLAYTON | SKLARCO L.L.C. | 12/18/2012 | 187 | 304 | |
| MS550157-006 | TURNER, MARSHA BEST | SKLARCO L.L.C. | 12/06/2012 | 186 | 113 | |
| MS550157-007 | HIGGINS, MELISSA BEST | SKLARCO L.L.C. | 11/11/2012 | 184 | 603 | |
| MS550157-008 | MONTFORT, FRANK WREN | SKLARCO L.L.C. | 11/14/2012 | 185 | 66 | |
| MS550157-009 | SMITH, KIRK | SKLARCO L.L.C. | 11/07/2012 | 184 | 539 | |

| Lease No. | Lessor | Lessee | Lease Date | Book | Page | S |
|-----------|--------|--------|------------|------|------|---|
| MS550157-010 | SIMONTON, H. E., JR. | SKLARCO L.L.C. | 11/29/2012 | 186 | 167 | |
| MS550157-011 | NELSON, CONNIE B | SKLARCO L.L.C. | 11/28/2012 | 185 | 499 | |
| MS550157-012 | RIVET, BEVERLY B | SKLARCO L.L.C. | 11/28/2012 | 185 | 493 | |
| MS550157-013 | JOHNSON, EUGENE MILTON | SKLARCO L.L.C. | 10/30/2012 | 184 | 358 | |
| MS550157-014 | JOHNSON, A. ROBERT | SKLARCO L.L.C. | 10/31/2012 | 184 | 376 | |
| MS550157-015 | BEST, CHARLES F. | SKLARCO L.L.C. | 11/09/2012 | 184 | 631 | |
| MS550157-016 | DUNBAR, BARBARA A. | SKLARCO L.L.C. | 11/13/2012 | 184 | 625 | |
| MS550157-017 | COSTINETT, WILLIAM | SKLARCO L.L.C. | 11/09/2012 | 184 | 597 | |
| MS550157-018 | CHAFFIN, JAMES, JR. | SKLARCO L.L.C. | 11/06/2012 | 184 | 549 | |
| MS550157-019 | BREEDLOVE, TERESA | SKLARCO L.L.C. | 12/18/2012 | 188 | 690 | |
| MS550157-020 | TUMINELLO, BEVERLY | SKLARCO L.L.C. | 11/30/2012 | 185 | 533 | |
| MS550157-021 | WARD, ELIZABETH | SKLARCO L.L.C. | 11/27/2012 | 185 | 505 | |
| MS550157-022 | WALTMAN, SVEND | SKLARCO L.L.C. | 11/19/2012 | 185 | 60 | |
| MS550157-023 | CHAFFIN, PHILLIP | SKLARCO L.L.C. | 11/16/2012 | 185 | 54 | |
| MS550157-024 | FENERTY, MARGUERITE | SKLARCO L.L.C. | 11/17/2012 | 185 | 48 | |
| MS550158-001 | LEAK, HARRISON CARTER, III | SKLARCO L.L.C. | 08/14/2012 | 182 | 111 | |
| MS550158-002 | HELEN J. YOUNG TRUST OF 1996 | SKLARCO L.L.C. | 08/14/2012 | 182 | 81 | |
| MS550158-003 | LEAK, JAMES CAULFEILD, II | SKLARCO L.L.C. | 08/14/2012 | 182 | 135 | |
| MS550158-004 | CRAMER, ANN WREN ROBERTSON | SKLARCO L.L.C. | 08/14/2012 | 182 | 105 | |
| MS550158-005 | SMITH, ROBERT P. | SKLARCO L.L.C. | 08/14/2012 | 182 | 69 | |
| MS550158-006 | SMITH, ALLEN L., JR. | SKLARCO L.L.C. | 08/14/2012 | 184 | 42 | |
| MS550158-007 | TRASK, MARTHA LEWIS | SKLARCO L.L.C. | 08/14/2012 | 182 | 99 | |

| Lease No. | Lessor | Lessee | Lease Date | Book | Page | |
|---|---|---|---|---|---|---|
| MS550158-008 | LEWIS, JOHN SOUTH, JR. | SKLARCO L.L.C. | 08/14/2012 | 182 | 75 | |
| MS550158-009 | LEWIS, ANDREW JACKSON | SKLARCO L.L.C. | 08/14/2012 | 182 | 87 | |
| MS550158-010 | LEWIS, ROBERT, DR. | SKLARCO L.L.C. | 08/14/2012 | 182 | 93 | |
| MS550159 | AGUILAR, TONI ANN | SKLARCO L.L.C. | 05/08/2013 | 189 | 673 | |
| MS550200-001 | McCURLEY, MARION EARL | HAROLD J. ANDERSON, INC. | 08/04/2011 | 172 | 475 | |
| MS550200-002 | McCURLEY, THOMAS C. | HAROLD J. ANDERSON, INC. | 08/04/2011 | 172 | 470 | |
| MS550200-003 | McCEARLEY, LAWRENCE W. JR. | HAROLD J. ANDERSON, INC. | 08/04/2011 | 172 | 465 | |
| MS550201 | McCURLEY, MARION E. | HAROLD J. ANDERSON, INC. | 08/04/2011 | 172 | 461 | |
| MS550216-001 | McKEY, FOREST WAYNE | HAROLD J. ANDERSON, INC. | 10/31/2011 | 177 | 375 | |
| MS550216-002 | TULLIER, KAREN | HAROLD J. ANDERSON, INC. | 10/31/2011 | 173 | 159 | |
| MS550216-003 | STERLING, SHIRLEY | HAROLD J. ANDERSON, INC. | 10/31/2011 | 173 | 153 | |
| MS550216-004 | VANDERSLICE, LOIS | HAROLD J. ANDERSON, INC. | 10/31/2011 | 173 | 147 | |
| MS550216-005 | JOFFRION, KATHY M. | HAROLD J. ANDERSON, INC. | 10/31/2011 | 173 | 165 | |
| MS550217 | WALKER, ROBERT EDWARD | HAROLD J. ANDERSON, INC. | 11/16/2011 | 173 | 142 | |
| MS550223-001 | ROBERTS, LAURA STOCKETT | HAROLD J. ANDERSON, INC. | 09/22/2011 | 179 | 560 | |
| MS550223-008 | PARIS, CHARLES HOWARD | HAROLD J. ANDERSON, INC. | 03/22/2012 | 178 | 603 | |
| MS550223-009 | CALLICOTT, VIRGINIA KATHLEEN JONES | HAROLD J. ANDERSON. INC. | 03/22/2012 | 178 | 593 | |
| MS550223-010 | MCDANIEL, BESSIE RUTH JONES | HAROLD J. ANDERSON, INC. | 03/22/2012 | 178 | 598 | |
| MS550223-012 | JONES, MARTHA JEWELL | HAROLD J. ANDERSON, INC. | 03/22/2012 | 178 | 583 | |
| MS550223-014 | STOGNER, MARY JONES | HAROLD J. ANDERSON, INC. | 03/22/2012 | 178 | 573 | |
| MS550223-015 | BERGIN, ELIZABETH J. | HAROLD J. ANDERSON, INC. | 03/22/2012 | 178 | 568 | |
| MS550223-016 | JONES, W. ROGER JR. | HAROLD J. ANDERSON, INC. | 03/22/2012 | 178 | 563 | |
| MS550223-017 | JONES, JOHN ACKLAND | HAROLD J. ANDERSON, INC. | 03/22/2012 | 178 | 558 | |

| Lease No. | Lessor | Lessee | Lease Date | Book | Page | S |
|---|---|---|---|---|---|---|
| MS550223-018 | JONES, WINDSOR THOMAS | HAROLD J. ANDERSON, INC. | 03/22/2012 | 178 | 553 | |
| MS550223-019 | ALBINSON, SHARON MCCOUEN JONES | HAROLD J. ANDERSON, INC. | 03/22/2012 | 178 | 548 | |
| MS550223-020 | PARIS, CATHERINE GRACE | HAROLD J. ANDERSON, INC. | 03/22/2012 | 178 | 543 | |
| MS550223-034 | RUBIN, ANN SIEGEL | HAROLD J. ANDERSON, INC. | 05/22/2012 | 177 | 425 | |
| MS550223-035 | PERSELL, RALPH M. JR. | HAROLD J. ANDERSON, INC. | 02/03/2012 | 178 | 86 | |
| MS550223-036 | SESSIONS, T.O. JR. | HAROLD J. ANDERSON, INC. | 02/10/2012 | 178 | 81 | |
| MS550223-037 | JOANN C. SESSIONS GST MRTL TRUST | HAROLD J. ANDERSON, INC. | 02/13/2012 | 177 | 469 | |
| MS550223-041 | SESSIONS, ELLEN CHADWICK | HAROLD J. ANDERSON, INC. | 04/17/2012 | 177 | 522 | |
| MS550223-042 | SESSIONS, JAMES TIMOTHY | HAROLD J. ANDERSON, INC. | 04/17/2012 | 177 | 516 | |
| MS550223-043 | TOLBERT, BENJAMIN A. JR. | HAROLD J. ANDERSON, INC. | 02/03/2012 | 178 | 173 | |
| MS550223-044 | DOOLEY, PATRICIA TOLBERT | HAROLD J. ANDERSON, INC. | 02/03/2012 | 178 | 161 | |
| MS550223-045 | TOLBERT, RICHARD T. | HAROLD J. ANDERSON, INC. | 02/03/2012 | 178 | 179 | |
| MS550223-046 | TOLBERT, ELIAS LAKE | HAROLD J. ANDERSON, INC. | 02/03/2012 | 178 | 167 | |
| MS550223-058 | PITTMAN, MITTIE | HAROLD J. ANDERSON, INC. | 04/25/2012 | 175 | 86 | |
| MS550223-059 | BREEDING, LESLIE EDWARD III | HAROLD J. ANDERSON, INC. | 04/25/2012 | 175 | 100 | |
| MS550223-060 | BREEDING, SAMANTHA KAY | HAROLD J. ANDERSON, INC. | 04/25/2012 | 177 | 594 | |
| MS550223-061 | SLOAN, LACEY MARIE | HAROLD J. ANDERSON, INC. | 04/25/2012 | 175 | 107 | |
| MS550223-062 | HARRELL, TABITHA | HAROLD J. ANDERSON, INC. | 04/25/2012 | 175 | 114 | |
| MS550223-063 | WILSON, ALESHA HOYT | HAROLD J. ANDERSON, INC. | 04/25/2012 | 177 | 572 | |
| MS550223-064 | HOYT, PRICILLA | HAROLD J. ANDERSON, INC. | 04/25/2012 | 175 | 93 | |
| MS550223-067 | SESSIONS FARMS, INC. | HAROLD J. ANDERSON, INC. | 03/01/2012 | 178 | 77 | |
| MS550223-068 | BRANNAN, WILLIAM HAROLD | HAROLD J. ANDERSON, INC. | 03/20/2012 | 176 | 633 | |

| Lease No. | Lessor | Lessee | Lease Date | Book | Page | |
|-----------|--------|--------|------------|------|------|---|
| MS550223-069 | BABERS, RONALD R. | HAROLD J. ANDERSON, INC. | 03/20/2012 | 176 | 639 | |
| MS550223-077 | NELSON, DOROTHY DUVAL | HAROLD J. ANDERSON, INC. | 03/15/2012 | 179 | 512 | |
| MS550223-081 | REDHEAD, THOMAS M. | SR ACQUISITION I, LLC | 01/02/2014 | 198 | 563 | |
| MS550223-082 | REDHEAD, JOHN DOMINIC | SR ACQUISITION I, LLC | 01/07/2014 | 198 | 577 | |
| MS550223-083 | NONIE MINERALS, LLC REPR J. REDHEAD | SR ACQUISITION I, LLC | 01/06/2014 | 198 | 570 | |
| MS550223-084 | ST. MARY TIMBER, INC. | SR ACQUISITION I, LLC | 01/17/2014 | 199 | 210 | |
| MS550223-085 | NETTERVILLE, VICKI J. | SR ACQUISITION I, LLC | 02/06/2014 | 199 | 203 | |
| MS550223-086 | BRINSON, VIVIAN | SR ACQUISITION I, LLC | 01/09/2014 | 203 | 164 | |
| MS550223-087 | WELSH, RUTH F. CARTER | SR ACQUISITION I, LLC | 01/09/2014 | 203 | 188 | |
| MS550223-088 | MORRIS, WILLIAM V. III | SR ACQUISITION I, LLC | 01/09/2014 | 203 | 170 | |
| MS550223-089 | FLOWERS, LARRY C. III | SR ACQUISITION I, LLC | 01/09/2014 | 203 | 176 | |
| MS550223-090 | SMITH, SARAH K. | SR ACQUISITION I, LLC | 01/09/2014 | 203 | 182 | |
| MS550223-091 | PLUMMER, RICHARD | SR ACQUISITION I, LLC | 03/17/2014 | 203 | 573 | |
| MS550223-092 | CARTER, MARY F. BY AIF CLAUDIA REED | SR ACQUISITION I, LLC | 01/09/2014 | 204 | 585 | |
| MS550223-104 | BAIRD, GEORGE O. III | SR ACQUISITION I, LLC | 04/05/2014 | 208 | 212 | |
| MS550223-107 | JOHNSON, DEREK MACAULAY | SR ACQUISITION I, LLC | 04/16/2014 | 208 | 244 | |
| MS550223-108 | MORGAN, THOMAS RAY | SR ACQUISITION I, LLC | 03/27/2014 | 208 | 278 | |
| MS550223-125 | SESSIONS, CHARLES E., ET UX | SN TMS, LLC | 04/07/2014 | 208 | 292 | |
| MS550223-126 | MORGAN, DAVID L. | SR ACQUISITION I, LLC | 03/27/2014 | 208 | 272 | |
| MS550223-127 | SESSIONS, CHARLES E., ET UX | NEW CENTURY PRODUCTION CO., LLC | 11/28/2011 | 167 | 475 | |
| MS550223-128 | HARVEY, JAMES FORD | ENCANA OIL & GAS (USA) INC. | 08/01/2013 | 196 | 18 | |
| MS550223-129 | JACKSON, JAMES FORD, ET AL | ENCANA OIL & GAS (USA) INC. | 08/01/2013 | 195 | 464 | |

| Lease No. | Lessor | Lessee | Lease Date | Book | Page | S |
|-----------|--------|--------|-----------|------|------|---|
| MS550223-130 | STAFFORD, FRANCES JACKSON | ENCANA OIL & GAS (USA) INC. | 08/01/2013 | 195 | 457 | |
| MS550223-131 | HARMON, JOHN M. III | PETROLEUM PARTNERS, LLC | 05/16/2011 | 162 | 298 | |
| MS550223-132 | LEAK, HARRISON CARTER III, ET AL | PETROLEUM PARTNERS, LLC | 06/01/2011 | 166 | 264 | |
| MS550223-133 | PREWITT, PATRICIA MORGAN | ROBERT L. SMITH & ASSOCIATES, INC. | 10/20/2011 | 168 | 437 | |
| MS550223-134 | HARVEY, MELBA LEROY JR. | ENCANA OIL & GAS (USA) INC. | 08/01/2013 | 195 | 449 | |
| MS550223-135 | HARMON, RICHARD T. | PETROLEUM PARTNERS, LLC | 05/16/2011 | 162 | 308 | |
| MS550223-136 | HIMES, ROBERT L. | PETROLEUM PARTNERS, LLC | 05/16/2011 | 162 | 313 | |
| MS550223-137 | MAUGH, VIRGINIA MORGAN | ROBERT L. SMITH & ASSOCIATES, INC. | 10/20/2011 | 168 | 425 | |
| MS550223-138 | WTJ PROPERTIES, LLC | ENCANA OIL & GAS (USA) INC. | 08/01/2013 | 195 | 489 | |
| MS550223-139 | HARMON, WILLIAM H. | PETROLEUM PARTNERS, LLC | 05/16/2011 | 162 | 293 | |
| MS550223-140 | MORGAN, JOHN MARVIN | ROBERT L. SMITH & ASSOCIATES, INC. | 11/11/2011 | 168 | 431 | |
| MS550223-141 | HARMON, DONALD L. | PETROLEUM PARTNERS, LLC. | 05/16/2011 | 162 | 303 | |
| MS550223-142 | SMITH, FRANK CARROLL | PETROLEUM PARTNERS, LLC. | 05/16/2011 | 162 | 318 | |
| MS550223-143 | WHETSTONE, GLEN RAY JR. | PETROLEUM LAND SERVICES, LLC | 09/01/2011 | 171 | 84 | |
| MS550223-144 | WHETSTONE, JOAN S., IND/LIFE TENANT | PETROLEUM LAND SERVICES | 09/14/2011 | 171 | 100 | |
| MS550223-145 | ST. LUKE BAPTIST CHURCH #1 | F-OIL PROPERTIES, INC. | 06/25/2014 | 225 | 233 | |
| MS550223-146 | FOULES, DIANE | F-OIL PROPERTIES, INC. | 08/01/2014 | 218 | 489 | |
| MS550223-147 | FOULES, DALE | F-OIL PROPERTIES, INC. | 08/01/2014 | 218 | 498 | |
| MS550223-148 | FOULES-HEYWARD, CAROLYN | F-OIL PROPERTIES, LLC | 08/01/2014 | 218 | 516 | |
| MS550223-149 | BYRD, KIM JEROME | F-OIL PROPERTIES, INC. | 08/01/2014 | 218 | 462 | |
| MS550223-150 | BYRD, MICHELLE | F-OIL PROPERTIES, INC. | 08/01/2014 | 218 | 507 | |
| MS550223-151 | BYRD, PATRICK | F-OIL PROPERTIES, INC. | 08/01/2014 | 218 | 480 | |

| Lease No. | Lessor | Lessee | Lease Date | Book | Page | S |
|---|---|---|---|---|---|---|
| MS550223-152 | FOULES, LINDA MARIE | F-OIL PROPERTIES, INC. | 08/01/2014 | 218 | 525 | |
| MS550223-153 | SPRUELL, JOSHUA | F-OIL PROPERTIES, INC. | 08/01/2014 | 218 | 471 | |
| MS550223-154 | PLUMMER, BYRON | F-OIL PROPERTIES, INC. | 08/01/2014 | 214 | 289 | |
| MS550223-155 | SWAN, SHELIA | SN TMS, LLC | 08/24/2014 | 218 | 450 | |
| MS550223-156 | MARS, DARYL | SN TMS, LLC | 08/24/2014 | 222 | 587 | |
| MS550223-157 | PATSY HOFFMAN BOND, LLC | SN TMS, LLC | 07/08/2014 | 214 | 1 | |
| MS550223-158 | M. C DAVIS, LLC | SN TMS, LLC | 07/08/2014 | 213 | 635 | |
| MS550223-159 | LAZARD FAMILY (USA) LLC | SN TMS, LLC | 07/08/2014 | 213 | 626 | |
| MS550223-160 | JORDAN, ROBERT HENRY | SN TMS, LLC | 07/08/2014 | 214 | 28 | |
| MS550223-161 | JORDAN, RICHARD COLVIN | SN TMS, LLC | 07/08/2014 | 214 | 19 | |
| MS550223-162 | JORDAN, MICHAEL THOMAS | SN TMS, LLC | 07/08/2014 | 213 | 644 | |
| MS550223-163 | JORDAN, ALAN MCRAE | SN TMS, LLC | 07/08/2014 | 214 | 10 | |
| MS550223-164 | JINKS FAMILY, LLC | SN TMS, LLC | 07/08/2014 | 213 | 617 | |
| MS550223-165 | HEROLD-WINK-VALLHONRAT, L.L.C | SN TMS, LLC | 06/25/2014 | 213 | 589 | |
| MS550223-166 | HALL, PATTY COLVIN | SN TMS, LLC | 07/08/2014 | 213 | 580 | |
| MS550223-167 | COLVIN, JAMES LUDWIG | SN TMS, LLC | 07/08/2014 | 213 | 571 | |
| MS550223-168 | COLVIN RESOURCE HOLDINGS, LLC | SN TMS, LLC | 07/08/2014 | 213 | 553 | |
| MS550223-169 | COLVIN, GUS W. JR. | SN TMS, LLC | 07/08/2014 | 213 | 562 | |
| MS550223-170 | C.H. COLVIN GROUP, LLC | SN TMS, LLC | 07/08/2014 | 233 | 543 | |
| MS550223-171 | HUBBARD, JANE COLVIN | SN TMS, LLC | 07/08/2014 | 213 | 598 | |
| MS550223-172 | PLUMMER, JOHNNIE | SN TMS, LLC | 09/19/2014 | 220 | 627 | |
| MS550223-173 | CLAY, SHALETTA S. | SN TMS, LLC | 09/19/2014 | 220 | 612 | |

| Lease No. | Lessor | Lessee | Lease Date | Book | Page | S |
|---|---|---|---|---|---|---|
| MS550223-174 | PLUMMER, RICHARD | SN TMS, LLC | 10/09/2014 | 220 | 636 | |
| MS550223-175 | ROANE-RICHARD, LAKIA | SN TMS, LLC | 09/19/2014 | 221 | 10 | |
| MS550223-176 | ROANE, TIMARU R. | SN TMS, LLC | 09/19/2014 | 221 | 1 | |
| MS550223-177 | SLAUGHTER, JUANITA | SN TMS, LLC | 09/15/2014 | 221 | 19 | |
| MS550223-178 | BYRD, VAN SHION | F-OIL PROPERTIES, INC | 08/01/2014 | 220 | 603 | |
| MS550223-179 | MARS, MILDRED | SN TMS, LLC | 10/07/2014 | 220 | 621 | |
| MS550223-180 | ROANE, CAROLYN L. | SN TMS, LLC | 10/13/2014 | 222 | 602 | |
| MS550223-181 | LANKIN, PAULINE | SN TMS, LLC | 10/01/2014 | 222 | 593 | |
| MS550223-182 | GRANGER JR., CAREY LEE | SN TMS, LLC | 10/07/2014 | 222 | 611 | |
| MS550223-183 | BYRD, OMARI ALI | F-OIL PROPERTIES, INC | 08/01/2014 | 227 | 44 | |
| MS550223-184 | GRANGER, SAMUEL | SN TMS, LLC | 01/05/2015 | 227 | 38 | |
| MS550223-185 | MARS, TRACEY | SN TMS, LLC | 11/11/2014 | 227 | 32 | |
| MS550223-186 | ROGERS, DARIUS | SN TMS, LLC | 10/07/2014 | 225 | 616 | |
| MS550223-187 | VOGT, MARGARET LOUISE PARIS | SN TMS, LLC | 02/27/2015 | 225 | 293 | |
| MS550223-188 | JONES, REV. CECIL BARON, JR. | SN TMS, LLC | 02/27/2015 | 225 | 190 | |
| MS550223-189 | HOFFMAN, JOHN PRESTON | SN TMS, LLC | 07/08/2014 | 225 | 622 | |
| MS550223-190 | DAVIS, LEONA D. | SN TMS, LLC | 02/13/2015 | 227 | 26 | |
| MS550223-191 | ROANE, MARCUS J. | SN TMS, LLC | 09/19/2014 | 228 | 241 | |
| MS550232-010 | KIMBROUGH, PAMELA FEHLMAN | HAROLD J. ANDERSON, INC. | 12/28/2011 | 175 | 541 | |
| MS550232-011 | ADERMAN, KATHRYN FEHLMAN | HAROLD J. ANDERSON, INC. | 12/28/2011 | 175 | 555 | |
| MS550232-012 | HEBERT, DEBRA F. | HAROLD J. ANDERSON, INC. | 12/28/2011 | 175 | 548 | |
| MS550232-013 | HAMIC, STEPHEN C | HAROLD J. ANDERSON, INC. | 12/28/2011 | 175 | 697 | |

| Lease No. | Lessor | Lessee | Lease Date | Book | Page | S |
|---|---|---|---|---|---|---|
| MS550232-014 | CANTEY, NANCY H. | HAROLD J. ANDERSON, INC. | 12/28/2011 | 175 | 690 | |
| MS550232-015 | STOKLEY, SHAWN E. IND & AIF BRANDO | HAROLD J. ANDERSON, INC. | 12/28/2011 | 175 | 704 | |
| MS550232-016 | KIRSCH, JAMIE STOKLEY | HAROLD J. ANDERSON, INC. | 12/28/2011 | 175 | 683 | |
| MS550232-025 | BAKER, JAMES ET UX | HAROLD J. ANDERSON, INC. | 05/15/2012 | 178 | 209 | |
| MS550240-001 | CLARK, MABEL M., ET AL | HAROLD J. ANDERSON, INC. | 11/29/2011 | 172 | 160 | |
| MS550243-001 | SMITH, SARAH NYMA | HAROLD J. ANDERSON, INC. | 12/23/2011 | 179 | 359 | |
| MS550247-001 | BRAMLETTE, DAVID | HAROLD J. ANDERSON, INC. | 01/17/2012 | 178 | 434 | |
| MS550247-002 | BROWN, BETTY GRAVES | HAROLD J. ANDERSON, INC. | 02/07/2012 | 175 | 582 | |
| MS550248-001 | BRAMLETTE, DAVID | HAROLD J. ANDERSON, INC. | 01/17/2012 | 178 | 430 | |
| MS550255-001 | MORRIS, ANN P. | HAROLD J. ANDERSON, INC. | 01/24/2012 | 178 | 276 | |
| MS550255-002 | CRAWFORD, BEVERLY J. | HAROLD J. ANDERSON, INC. | 01/24/2012 | 178 | 280 | |
| MS550255-003 | GILES, CHARLES | HAROLD J. ANDERSON, INC. | 02/15/2012 | 178 | 40 | |
| MS550255-004 | NOWELL, TED | HAROLD J. ANDERSON, INC. | 02/15/2012 | 178 | 33 | |
| MS550257-001 | WEBSTER, JESSIE P. | HAROLD J. ANDERSON, INC. | 02/01/2012 | 175 | 182 | |
| MS550257-002 | BARNES, JULIA MAE | HAROLD J. ANDERSON, INC. | 02/01/2012 | 175 | 177 | |
| MS550257-003 | HAMILTON, JANIE P. | HAROLD J. ANDERSON, INC. | 02/01/2012 | 175 | 172 | |
| MS550257-004 | PARKER, VIVIAN N. | HAROLD J. ANDERSON, INC. | 02/02/2012 | 175 | 167 | |
| MS550257-005 | BROWN, JOE | HAROLD J. ANDERSON, INC. | 02/02/2012 | 175 | 162 | |
| MS550257-006 | BUTLER, TAMMY D. | HAROLD J. ANDERSON, INC. | 02/02/2012 | 175 | 157 | |
| MS550257-007 | JOHNSON, VALARIE M. | HAROLD J. ANDERSON, INC. | 02/02/2012 | 175 | 187 | |
| MS550257-008 | PATTERSON, GLORIA M., ET AL | HAROLD J. ANDERSON, INC. | 03/08/2012 | 175 | 192 | |
| MS550257-009 | PARKER, MILDRED | HAROLD J. ANDERSON, INC. | 02/02/2012 | 175 | 678 | |

| Lease No. | Lessor | Lessee | Lease Date | Book | Page | |
|---|---|---|---|---|---|---|
| MS550257-010 | WELSH, RUTH F. CARTER | SR ACQUISITION I, LLC | 12/09/2013 | 198 | 557 | |
| MS550257-011 | SESSIONS, CHARLES E., ET UX | SR ACQUISITION I, LLC | 12/12/2013 | 198 | 584 | |
| MS550257-012 | SMITH, SALLY | SR ACQUISITION I, LLC | 11/29/2013 | 200 | 371 | |
| MS550257-013 | PARKER, GLENN | SR ACQUISITION I, LLC | 11/29/2013 | 200 | 367 | |
| MS550257-014 | PARKER, CLARENCE JR. | SR ACQUISITION I, LLC | 11/29/2013 | 200 | 375 | |
| MS550257-015 | EARL, WILLIE MAE | SR ACQUISITION I, LLC | 11/29/2013 | 200 | 379 | |
| MS550257-016 | FLOWERS, LARRY C. III | SR ACQUISITION I, LLC | 12/09/2013 | 199 | 259 | |
| MS550257-017 | CARTER, MARY F. BY AIF CLAUDIA REED | SR ACQUISITION I, LLC | 12/09/2013 | 199 | 313 | |
| MS550257-018 | SMITH, SARAH K. | SR ACQUISITION I, LLC | 12/09/2013 | 200 | 383 | |
| MS550257-019 | MORRIS, WILLIAM V. III | SR ACQUISITION I, LLC | 12/09/2013 | 200 | 389 | |
| MS550257-020 | BRINSON, VIVIAN | SR ACQUISITION I, LLC | 12/09/2013 | 200 | 533 | |
| MS550257-021 | MCMORRIS, JACQUELINE | SR ACQUISITION I, LLC | 11/29/2013 | 203 | 111 | |
| MS550257-022 | MCMORRIS, DAMON JR. | SR ACQUISITION I, LLC | 11/29/2013 | 203 | 569 | |
| MS550257-023 | MCMORRIS, ANGELA | SR ACQUISITION I, LLC | 12/31/2013 | 203 | 565 | |
| MS550257-024 | ROGERS, STACEY MCMORRIS | SR ACQUISITION I, LLC | 11/29/2013 | 203 | 270 | |
| MS550257-025 | BENTLEY-MCMORRIS, LYSANDRA | SR ACQUISITION I, LLC | 04/15/2014 | 208 | 268 | |
| MS550257-026 | MCMORRIS, DARRION REPR BY GUARDIAN | SR ACQUISITION I, LLC | 04/15/2014 | 208 | 264 | |
| MS550257-027 | MCMORRIS, DAVID SR. | SR ACQUISITION I, LLC | 11/29/2013 | 203 | 561 | |
| MS550257-028 | WALLACE, DAIJANA | SR ACQUISITION I, LLC | 11/29/2013 | 204 | 452 | |
| MS550266-001 | KIFER, HELEN | HAROLD J. ANDERSON, INC. | 12/08/2011 | 172 | 136 | |
| MS550266-002 | DEAN, AMANDA | HAROLD J. ANDERSON, INC. | 12/08/2011 | 172 | 130 | |
| MS550266-003 | BURNSIDE, BEN JR. | HAROLD J. ANDERSON, INC. | 12/08/2011 | 172 | 133 | |

| Lease No. | Lessor | Lessee | Lease Date | Book | Page | S |
|---|---|---|---|---|---|---|
| MS550266-004 | WHETSTONE, JOAN S. | HAROLD J. ANDERSON, INC. | 02/02/2012 | 172 | 142 | |
| MS550266-005 | WHETSTONE, GLEN RAY JR. | HAROLD J. ANDERSON, INC. | 02/02/2012 | 172 | 145 | |
| MS550282-001 | YOUNG, ELIZABETH | HAROLD J. ANDERSON, INC. | 04/06/2012 | 178 | 1 | |
| MS550282-002 | MARY ALICE YOUNG SACHSE TRUST | HAROLD J. ANDERSON, INC. | 04/10/2012 | 177 | 666 | |
| MS550282-003 | EDWARD JOHN YOUNG JR. TRUST | HAROLD J. ANDERSON, INC. | 04/10/2012 | 178 | 7 | |
| MS550282-004 | ALICE YOUNG IRREVOCABLE TRUST | HAROLD J. ANDERSON, INC. | 05/23/2012 | 179 | 475 | |
| MS550290-005 | BROWN, JUDY F. | HAROLD J. ANDERSON, INC. | 05/01/2012 | 176 | 299 | |
| MS550290-006 | CARRUTH, YANCEY F. | HAROLD J. ANDERSON, INC. | 05/01/2012 | 176 | 283 | |
| MS550290-007 | RUNNELS, GLORIA F. | HAROLD J. ANDERSON, INC. | 05/01/2012 | 176 | 342 | |
| MS550290-008 | TATE, KAY F. | HAROLD J. ANDERSON, INC. | 05/01/2012 | 176 | 316 | |
| MS550290-009 | WHITE, SUSAN LEAKE | HAROLD J. ANDERSON, INC. | 04/25/2012 | 179 | 307 | |
| MS550290-010 | GETER, DENISE G. | HAROLD J. ANDERSON, INC. | 05/30/2012 | 179 | 53 | |
| MS550290-011 | MCDOWELL, JUDY R. | HAROLD J. ANDERSON, INC. | 05/30/2012 | 159 | 277 | |
| MS550290-012 | DAVIS, CAROLYN R. | HAROLD J. ANDERSON, INC, | 05/30/2012 | 179 | 285 | |
| MS550290-013 | BENNETT, BECKY G. | HAROLD J. ANDERSON, INC. | 05/30/2012 | 179 | 59 | |
| MS550290-014 | O'MALLEY, BRENDA | HAROLD J. ANDERSON, INC. | 05/30/2012 | 179 | 281 | |
| MS550290-015 | ROBERTSON, SAMUEL M. | HAROLD J. ANDERSON, INC. | 05/30/2012 | 179 | 273 | |
| MS550290-016 | GONSOULIN, RANDY KIM | HAROLD J. ANDERSON, INC. | 05/30/2012 | 179 | 47 | |
| MS550290-018 | EASTWOOD, JEFFREY ALTON | HAROLD J. ANDERSON, INC. | 05/17/2012 | 179 | 491 | |
| MS550290-019 | LEAK, HARRISON CARTER III | HAROLD J. ANDERSON, INC | 05/28/2012 | 179 | 334 | |
| MS550290-020 | LEAK, JAMES CAULFEILD II | HAROLD J. ANDERSON, INC. | 05/28/2012 | 179 | 342 | |
| MS550290-021 | CRAMER, ANNE | HAROLD J. ANDERSON, INC. | 05/28/2012 | 179 | 350 | |

| Lease No. | Lessor | Lessee | Lease Date | Book | Page | S |
|-----------|--------|--------|-----------|------|------|---|
| MS550290-022 | ROWE, GROVER ELLEN | SN TMS, LLC | 09/24/2014 | 220 | 131 | |
| MS550290-023 | EARL, LINDA, ET UX | SN TMS, LLC | 09/04/2014 | 217 | 420 | |
| MS550290-024 | STULL, CLARA | SN TMS, LLC | 09/05/2014 | 217 | 440 | |
| MS550290-025 | BUCKNER, COLLA | SN TMS, LLC | 09/05/2014 | 217 | 415 | |
| MS550290-026 | STEWART, BRENDA | SN TMS, LLC | 09/15/2014 | 217 | 435 | |
| MS550290-027 | POOLE, GLENDA, ET AL | SN TMS, LLC | 09/12/2014 | 220 | 121 | |
| MS550290-028 | SPURLOCK, DELORIS R. | SN TMS, LLC | 09/05/2014 | 220 | 151 | |
| MS550290-029 | KELLY, GAIL S. | SN TMS, LLC | 09/05/2014 | 220 | 136 | |
| MS550290-030 | DOUGLAS, WYNTRESS | SN TMS, LLC | 02/03/2015 | 225 | 554 | |
| MS550290-031 | JONES JR., ARDIS | SN TMS, LLC | 10/01/2014 | 226 | 481 | |
| MS550290-032 | JONES, ZERLIN | SN TMS, LLC | 10/01/2014 | 225 | 549 | |
| MS550290-033 | DOHERTY JR., ELVIN | SN TMS, LLC | 09/09/2014 | 220 | 156 | |
| MS550290-034 | HICKMAN, JOSEPH L. | SN TMS, LLC | 09/18/2014 | 222 | 644 | |
| MS550290-035 | MCFARLAND, IRENE | SN TMS, LLC | 10/13/2014 | 224 | 447 | |
| MS550290-036 | MCFARLAND, CASIDELL | SN TMS, LLC | 10/13/2014 | 224 | 455 | |
| MS550290-037 | SPILLER, KANTRELL | SN TMS, LLC | 10/13/2014 | 224 | 483 | |
| MS550290-038 | BROWN, DOUGLAS | SN TMS, LLC | 09/15/2014 | 224 | 491 | |
| MS550290-039 | BROWN, SHAFT | SN TMS, LLC | 09/15/2014 | 224 | 501 | |
| MS550290-040 | BROWN, WILLIAM, JR. | SN TMS, LLC | 09/15/2014 | 224 | 496 | |
| MS550290-041 | EVANS, DIANE MCFARLAND | SN TMS, LLC | 09/24/2014 | 224 | 439 | |
| MS550290-042 | DOHERTY, ERICK | SN TMS, LLC | 09/27/2014 | 224 | 534 | |
| MS550290-043 | BROWN, CORNELIUS | SN TMS, LLC | 09/15/2014 | 225 | 569 | |

| Lease No. | Lessor | Lessee | Lease Date | Book | Page | S |
|-----------|--------|--------|-----------|------|------|---|
| MS550290-044 | BROWN, GREGORY | SN TMS, LLC | 09/15/2014 | 225 | 579 | |
| MS550290-045 | MCFARLAND, WILLARD, JR. | SN TMS, LLC | 09/24/2014 | 225 | 584 | |
| MS550290-046 | BROWN, ELOUISE | SN TMS, LLC | 09/15/2014 | 226 | 444 | |
| MS550290-047 | JOHNSON, LINDA | SN TMS, LLC | 09/15/2014 | 226 | 464 | |
| MS550290-048 | JONES-JEFFERSON, TAMMIE | SN TMS, LLC | 02/03/2015 | 226 | 449 | |
| MS550290-049 | CLARK, CHRISTINE | SN TMS, LLC | 02/03/2015 | 226 | 459 | |
| MS550290-050 | DORSEY, CAROLYN G. | SN TMS, LLC | 02/03/2015 | 226 | 454 | |
| MS550290-051 | PARKER, WILLIE | SN TMS, LLC | 02/03/2015 | 226 | 475 | |
| MS550290-052 | THOMAS, SHIRLEY | SN TMS, LLC | 02/03/2015 | 226 | 469 | |
| MS550290-053 | JONES, ALMA B. | SN TMS, LLC | 02/03/2015 | 226 | 486 | |
| MS550290-054 | OCTAVE, CATHERINE | SN TMS, LLC | 02/03/2015 | 227 | 64 | |
| MS550290-056 | BROWN, TONYA | SN TMS, LLC | 09/15/2014 | 224 | 506 | |
| MS550290-057 | JONES, KISER ARD | SN TMS, LLC | 02/03/2015 | 227 | 59 | |
| MS550290-058 | BROWN, JAMES | SN TMS, LLC | 03/31/2015 | 226 | 579 | |
| MS550290-059 | KELLY, SHERRY B | SN TMS, LLC | 12/30/2014 | 226 | 584 | |
| MS550290-060 | JONES, GERALDINE | SN TMS, LLC | 02/03/2015 | 227 | 542 | |
| MS550290-061 | JONES, SAM | SN TMS, LLC | 03/19/2015 | 227 | 53 | |
| MS550290-062 | HUNTER, DOROTHY J. | SN TMS, LLC | 03/19/2015 | 228 | 52 | |
| MS550290-063 | HICKMAN, MANUEL SR. | SN TMS, LLC | 09/18/2014 | 229 | 52 | |
| MS550290-064 | HICKMAN, CAROL E. | SN TMS, LLC | 09/18/2014 | 229 | 60 | |
| MS550290-065 | HICKMAN, CHARLES E. | SN TMS, LLC | 09/18/2014 | 229 | 28 | |
| MS550290-066 | HICKMAN, EMANUEL | SN TMS, LLC | 09/18/2014 | 229 | 36 | |

| Lease No. | Lessor | Lessee | Lease Date | Book | Page | S |
|-----------|--------|--------|-----------|------|------|---|
| MS550290-067 | HICKMAN, JAMES D. | SN TMS, LLC | 09/18/2014 | 229 | 20 | |
| MS550290-068 | HICKMAN, LEON | SN TMS, LLC | 09/18/2014 | 229 | 44 | |
| MS550290-069 | JONES, RICHARD | SN TMS, LLC | 02/03/2015 | 229 | 15 | |
| MS550314-004 | BRANNAN, WILLIAM HAROLD | HAROLD J. ANDERSON, INC. | 05/20/2012 | 179 | 103 | |
| MS550314-005 | BRANNAN, DAVIS HINES | HAROLD J. ANDERSON, INC. | 05/20/2012 | 178 | 446 | |
| MS550316-001 | KIRTLAND, MARY BELLE | HAROLD J. ANDERSON, INC. | 05/29/2012 | 179 | 262 | |
| MS550316-002 | KIRTLAND, WALTER A., JR. | HAROLD J. ANDERSON, INC. | 05/29/2012 | 179 | 250 | |
| MS550316-003 | O'NEIL, KATHERINE HUFF | HAROLD J. ANDERSON, INC. | 05/29/2012 | 179 | 256 | |
| MS550316-004 | HUFF, LEONA ELIZABETH | HAROLD J. ANDERSON, INC. | 05/29/2012 | 179 | 244 | |
| MS550324-001 | CAMPBELL, ANNE MARIE | HAROLD J. ANDERSON, INC | 04/25/2012 | 179 | 226 | |

**END OF EXHIBIT "A"**

## EXHIBIT B

Attached to that certain Assignment and Bill of Sale dated effective June 1, 2020, by and between SN TMS, LLC, as Assignor, and White River SPV 2 LLC, as Assignee.

### Wells

| WELL NAME | WELL NO. | COUNTY/PARISH | STATE | API NUMBER |
|---|---|---|---|---|
| CMR "A" | 2 | WILKINSON | MISSISSIPPI | 23157216230000 |
| CREEK COTTAGE WEST 1H | 1 | WILKINSON | MISSISSIPPI | 23157221331000 |
| FASSMAN 9H | 1 | WILKINSON | MISSISSIPPI | 23157220671000 |

**END OF EXHIBIT "B"**

# EXHIBIT C

Attached to that certain Assignment and Bill of Sale dated effective June 1, 2020, by and
between SN TMS, LLC, as Assignor,
and White River SPV 2 LLC, as Assignee.

| Contract No. | Grantor / Operator | Grantee / Non-Operator | Type |
|---|---|---|---|
| MS550100-SWA | DENNIS GOTREAUX ET UX | AXIS ONSHORE LP | SALT WATER DISPOSAL |
| MS550AGMT-001 | COMSTOCK RESOURCES | SANCHEZ OIL & GAS CORPORATION | LETTER AGREEMENT |
| MS550AGMT-002 | SN TMS, LLC | ENCANA OIL & GAS (USA) INC | LETTER AGREEMENT |
| MS550AGMT-003 | SN TMS, LLC | GOODRICH PETROLEUM COMPANY LLC | LETTER AGREEMENT |
| MS550AGMT-004 | SM TMS, LLC | HALCON RESOURCES OPERATING INC | LETTER AGREEMENT |
| MS550JOA-001 | ENCANA OIL & GAS (USA), INC., ET AL | SANCHEZ OIL & GAS CORPORATION | JOINT OPERATING AGMT |
| MS550JOA-002 | SR ACQUISITION I, LLC, ET AL | GOODRICH PETROLEUM COMPANY LLC | JOINT OPERATING AGMT |
| MS550JOA-003 | SR ACQUISITION I, LLC, ET AL | GOODRICH PETROLEUM COMPANY LLC | JOINT OPERATING AGMT |
| MS550JOA-004 | HALCON ENERGY PROPERTIES, INC ET AL | HALCON OPERATING CO INC | JOINT OPERATING AGMT |
| MS550JOA-005 | HALCON ENERGY PROPERTIES, INC ET AL | HALCON OPERATING CO INC | JOINT OPERATING AGMT |
| MS550JOA-006 | HK TMS, LLC, ET AL | HALCON OPERATING CO INC | JOINT OPERATING AGMT |
| MS550JOA-007 | HALCON ENERGY PROPERTIES INC, ET AL | HALCON OPERATING CO INC | JOINT OPERATING AGMT |
| MS550JOA-008 | PRYME OIL & GAS, INC., ET AL | AXIS ONSHORE LP | JOINT OPERATING AGMT |
| MS550SUR-001 | V. J. PURPERA, JR. | SN TMS, LLC | PIPELINE EASEMENT O&G |
| MS580ROW-003 | UNITED STATES DEPARTMENT OF AGRC. | SANCHEZ OIL & GAS CORPORATION | ROAD RIGHT OF WAY |

## END OF EXHIBIT "C"

## ASSIGNMENT AND BILL OF SALE

STATE OF LOUISIANA          §
                            §
PARISH OF CONCORDIA         §

This Assignment and Bill of Sale (this "Assignment") is by and between SN TMS, LLC (hereinafter referred to as "Assignor"), a wholly owned subsidiary of Sanchez Energy Corporation, whose address is 1000 Main Street, Suite 3000, Houston, Texas 77002, and White River SPV 2 LLC, whose address is 5899 Preston Road, Suite 505, Frisco, Texas 75034 (hereinafter referred to as "Assignee"). Assignor and Assignee referred to collectively as the "Parties".

### WITNESSETH:

WHEREAS, Assignor has agreed to assign to Assignee all of its interest in and to the Assets (as defined herein);

WHEREAS, Assignee has agreed to assume the Asset Related Liabilities (as defined herein);

NOW, THEREFORE, in consideration of the premises and of the mutual covenants and agreements hereinafter contained and performed by the Parties hereto, Assignor and Assignee hereby agree as follows:

### ARTICLE 1
### CONVEYANCE OF ASSETS

Section 1.1    Conveyance of Assets.    FOR AND IN CONSIDERATION of the assumption by Assignee of the Asset Related Liabilities (as defined herein) and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged by the Parties, Assignor does, subject to the reservations, covenants, terms and conditions of this Assignment, hereby GRANT, SELL, CONVEY, TRANSFER, ASSIGN, SET OVER and DELIVER to Assignee, and Assignee hereby accepts from Assignor, effective as of the Effective Date (as defined herein), one hundred percent (100%) of Assignor's interest in and to the following (the "Assets"):

(a)    the oil, gas, and mineral leases described in Exhibit "A" attached hereto ("Leases"), and all of Assignor's interest in the Leases and lands described in the Leases or pooled or unitized therewith, including, but not limited to, leasehold working interests, net revenue interests, royalty interests, non-participating royalty interests, overriding royalty interests, net profits interests, reversionary interests, participation rights and any and all other interests owned by Assignor in and to the Leases and the lands described in the Leases and pooled or unitized therewith;

(b) any wells in which Assignor own an interest (including all oil, gas, water, disposal or injection wells) located on any of the Leases or on any expired lease or lands with which any Lease has been unitized, whether such wells are producing, shut-in, abandoned or in any other condition ("Wells");

(c) any and all surface agreements, rights-of-way, saltwater disposal agreements, joint operating agreements, letter agreements, unit designations, unit agreements, participation agreements and any other contracts and instruments that are used for, or attributable to, the ownership or operation of any of the Leases or Wells ("Agreements"); and

(d) all files, records, maps, information and data that (i) relate to the ownership, operation or development of the Assets described above, (ii) that are in such Assignor's or its Affiliates' possession, and (iii) that are not subject to confidentiality obligations, including:  (A) land and title records (including abstracts of title, title opinions and title curative documents); (B) applicable contract files; (C) correspondence (to the extent not subject to attorney-client privilege or other similar privilege); (D) operations, environmental, health and safety, pipeline safety, production, accounting and asset tax records (other than to the extent relating to Assignor's business generally); and (E) production, facility and well records and data (including non-confidential logs).

TO HAVE AND TO HOLD the Assets, together with all rights, privileges and appurtenances thereto, unto Assignee and its successors and assigns forever, subject to the reservations, covenants, terms and conditions set forth in this Assignment.

Section 1.2    Excluded Assets.    Assignor hereby reserves and retains the following (the "Excluded Assets"):

(a) all of Assignor's corporate minute books and corporate financial records that relate to Assignor's business generally;

(b) all hydrocarbons produced from the Assets with respect to all periods prior to the Effective Date, other than those hydrocarbons produced from or allocated to the Assets and in storage or existing in stock tanks, pipelines or plants (including inventory) as of the Effective Date;

(c) all personal computers, network equipment and associated peripherals not including SCADA, measurement or communication equipment;

(d) all of Assignor's proprietary computer software, patents, trade secrets, copyrights, names, trademarks, logos and other intellectual property;

(e) all documents and instruments and other data or information of Assignor that may be protected by an attorney-client privilege, including all work product of and attorney-client communications with Assignor's legal counsel or any other documents or instruments that may be protected by an attorney-client privilege, but excluding any

title opinions covering, addressing or commenting on the Assets and/or other materials addressing the environmental or other condition of the Assets; and

(f)     all documents and instruments and other data or information that cannot be disclosed to Assignee as a result of confidentiality arrangements under agreements with third parties.

## ARTICLE 2
## DISCLAIMERS

Section 2.1    <u>Disclaimers of All Warranties and Representations</u>.

(a)     Assignor and Assignee acknowledge and agree that the Assets are being conveyed without warranty of title of any kind whether expressed or implied, at common law, by statute, or otherwise.  Without in any way limiting the generality of the foregoing, Assignee acknowledges and agrees that the Assets are being assigned subject to the following:

(i)     all matters of public record in the parish(es) where a particular Asset is located which are still in effect and affect such Asset;

(ii)     the terms and conditions of all Agreements, Leases (including with respect to (x) any Leases that have expired, or will expire, pursuant to their express terms, and (y) any portions of any Leases that are lost as the result of any vertical or horizontal "Pugh clauses" or other similar provisions contained therein);

(iii)     liens for taxes or assessments not yet due or delinquent;

(iv)     conventional rights of reassignment upon final intention to abandon or release the Assets, or any of them;

(v)     easements, conditions, covenants, restrictions, servitudes, permits, rights-of-way, surface leases and other similar rights for the purpose of surface or other operations, facilities, pipelines, transmission lines, transportation lines, distribution lines, power lines, telephone lines and other like purposes, or for the joint or common use of the lands, rights-of-way, facilities and equipment;

(vi)     vendors', carriers', warehousemens', repairmens', mechanics', workmens', materialmens', construction or other like liens arising by operation of law in the ordinary course of business or incident to the construction or improvement of any property in respect of obligations which are not yet due;

(vii)     liens created under Leases, permits, easements, rights-of-way or Agreements, or by operation of law;

(viii)     any encumbrance affecting the Assets that has been cured or remedied by applicable statutes of limitation or statutes of prescription;

(ix)     calls on production under existing Agreements;

(x)     defects arising out of lack of survey;

(xi)    defects arising out of lack of corporate or other entity authorization in the public records; and

(xii)   defects that affect only which person has the right to receive royalty payments (rather than the amount of the proper payment of such royalty payment).

(b)    IN ADDITION, ASSIGNOR MAKES NO WARRANTIES, EXPRESS, STATUTORY OR IMPLIED, OR REPRESENTATION OF ANY KIND AND ASSIGNOR EXPRESSLY DISCLAIMS ALL LIABILITY AND RESPONSIBILITY FOR ANY REPRESENTATION, WARRANTY, STATEMENT OR INFORMATION MADE OR COMMUNICATED (ORALLY OR IN WRITING) TO ASSIGNEE OR ANY ASSIGNEE REPRESENTATIVE (INCLUDING ANY OPINION, INFORMATION, PROJECTION OR ADVICE THAT MAY HAVE BEEN PROVIDED TO ASSIGNEE BY ASSIGNOR, ANY AFFILIATE OR SUBSIDIARY OF ASSIGNOR, OR ANY OF THEIR RESPECTIVE OFFICERS, DIRECTORS, MANAGERS, MEMBERS, PARTNERS, EMPLOYEES, AGENTS, ADVISORS, PROFESSIONALS OR REPRESENTATIVES). WITHOUT IN ANY WAY LIMITING THE GENERALITY OF THIS SECTION 2.1, ASSIGNOR EXPRESSLY DISCLAIMS ANY REPRESENTATION OR WARRANTY, EXPRESS, STATUTORY OR IMPLIED BY ASSIGNOR, ANY AFFILIATE OR SUBSIDIARY OF ASSIGNOR, OR ANY OF THEIR RESPECTIVE OFFICERS, DIRECTORS, MANAGERS, MEMBERS, PARTNERS, EMPLOYEES, AGENTS, ADVISORS, PROFESSIONALS OR REPRESENTATIVES, AS TO (I) TITLE TO ANY OF THE ASSETS, (II) THE CONTENTS, CHARACTER OR NATURE OF ANY REPORT OF ANY PETROLEUM ENGINEERING CONSULTANT, OR ANY ENGINEERING, GEOLOGICAL OR SEISMIC DATA OR INTERPRETATION, RELATING TO THE ASSETS, (III) THE QUANTITY, QUALITY OR RECOVERABILITY OF HYDROCARBONS IN OR FROM THE ASSETS, (IV) ANY ESTIMATES OF THE VALUE OF THE ASSETS OR FUTURE REVENUES GENERATED BY THE ASSETS, (V) THE PRODUCTION OF HYDROCARBONS FROM THE ASSETS, (VI) THE MAINTENANCE, REPAIR, CONDITION, QUALITY, SUITABILITY, DESIGN OR MARKETABILITY OF THE ASSETS, (VII) THE CONTENT, CHARACTER OR NATURE OF ANY INFORMATION MEMORANDUM, REPORTS, BROCHURES, CHARTS OR STATEMENTS PREPARED BY OR ON BEHALF OF ASSIGNOR OR THIRD PARTIES WITH RESPECT TO THE ASSETS, (VIII) ANY OTHER MATERIALS OR INFORMATION THAT MAY HAVE BEEN MADE AVAILABLE TO ASSIGNEE OR ANY ASSIGNEE REPRESENTATIVE IN CONNECTION WITH THE TRANSACTION EFFECTED BY THIS ASSIGNMENT OR ANY DISCUSSION OR PRESENTATION RELATING THERETO AND (IX) ANY IMPLIED OR EXPRESS WARRANTY OF FREEDOM FROM PATENT OR TRADEMARK INFRINGEMENT.

(c)    ASSIGNOR FURTHER DISCLAIMS ANY REPRESENTATION OR WARRANTY, EXPRESS, STATUTORY OR IMPLIED, OF MERCHANTABILITY, FREEDOM FROM LATENT VICES OR DEFECTS OR REDHIBITORY DEFECTS, FITNESS FOR A PARTICULAR PURPOSE OR CONFORMITY TO MODELS OR SAMPLES OF MATERIALS OF ANY ASSETS, RIGHTS OF A PURCHASER UNDER APPROPRIATE STATUTES TO CLAIM DIMINUTION OF CONSIDERATION OR RETURN OF THE PURCHASE PRICE OR CONSIDERATION, IT BEING EXPRESSLY UNDERSTOOD AND

AGREED BY THE PARTIES THAT, ASSIGNEE SHALL BE DEEMED TO BE ACQUIRING THE ASSETS IN THEIR PRESENT STATUS, CONDITION AND STATE OF REPAIR, "AS IS" AND "WHERE IS" WITH ALL FAULTS OR DEFECTS (KNOWN OR UNKNOWN, LATENT, DISCOVERABLE OR UNDISCOVERABLE), AND THAT ASSIGNEE HAS MADE OR CAUSED TO BE MADE SUCH INSPECTIONS AS ASSIGNEE DEEMS APPROPRIATE. WITHOUT LIMITING THE FOREGOING, ASSIGNOR FURTHER DISCLAIMS ANY REPRESENTATION OR WARRANTY, EXPRESS, STATUTORY OR IMPLIED, OF THE VALUE, QUALITY, QUANTITY OR DELIVERABILITY OF ANY OIL, GAS, OR OTHER MINERAL OR RESERVE, ATTRIBUTABLE OR RELATED TO THE ASSETS.

(d)     Assignee hereby (i) expressly waives all warranties relating to fitness for a particular purpose or guarantee against hidden or latent redhibitory vices under Louisiana law, including all rights in redhibition pursuant to Louisiana Civil Code Articles 2520, et. seq., and the warranty imposed by Louisiana Civil Code Article 2475; (ii) acknowledges that this express waiver of redhibition shall be considered a material and integral part of this Assignment and the good, valuable and sufficient consideration made part hereof; and (iii) acknowledges that this waiver of all rights of redhibition has been reviewed by Assignee or counsel of its choosing, has been knowingly and voluntarily consented to, is supported by adequate consideration, and is effective upon the execution hereof.

(e)     To the extent applicable to the Assets or any portion thereof, Assignee hereby waives the provisions and all protections of the Louisiana Unfair Trade Practices and Consumer Protection Law (La. R.S. 51:1402, et. seq.).  Assignee warrants and represents that it: (i) is experienced and knowledgeable with respect to the oil and gas exploration industry generally and with transactions and assignments of this type specifically; (ii) possesses more than sufficient knowledge, experience and expertise to evaluate independently the merits and risks of the transactions herein contemplated; and (iii) is not in a materially disparate bargaining position when compared to Assignor.

(f)     ASSIGNOR HAS NOT AND WILL NOT MAKE ANY REPRESENTATION OR WARRANTY REGARDING ANY MATTER OR CIRCUMSTANCE RELATING TO ENVIRONMENTAL LAWS, THE RELEASE OF HAZARDOUS MATERIALS OR OTHER MATERIALS INTO THE ENVIRONMENT OR THE PROTECTION OF HUMAN HEALTH, SAFETY, NATURAL RESOURCES OR THE ENVIRONMENT, OR ANY OTHER ENVIRONMENTAL CONDITION OF THE ASSETS, AND NOTHING IN THIS ASSIGNMENT OR OTHERWISE SHALL BE CONSTRUED AS SUCH A REPRESENTATION OR WARRANTY. ASSIGNEE SHALL BE DEEMED TO BE ACQUIRING THE ASSETS "AS IS – WHERE IS" WITHOUT ANY REPRESENTATION OR WARRANTY WHATSOEVER, WITH ALL FAULTS FOR PURPOSES OF THEIR ENVIRONMENTAL CONDITION, AND ASSIGNEE HAS MADE OR CAUSED TO BE MADE SUCH ENVIRONMENTAL INSPECTIONS AS ASSIGNEE DEEMS APPROPRIATE. ASSIGNEE SHALL RELY, AND HEREBY RELIES, UPON ASSIGNEE'S OWN INVESTIGATION AND DUE DILIGENCE OF THE PHYSICAL CONDITION OF THE ASSETS, INCLUDING ANY AND ALL ENVIRONMENTAL CONDITIONS, AND ASSIGNEE HEREBY ACCEPTS THE ASSETS INCLUSIVE OF ANY ADVERSE

ENVIRONMENTAL CONDITION PRESENTLY EXISTING, WHETHER KNOWN OR UNKNOWN.

(g)     ASSIGNEE ACCEPTS THIS ASSIGNMENT SUBJECT TO AND ON THE BASIS OF THE FOREGOING DISCLAIMERS, DISCLAIMS ANY RELIANCE ON ANY STATEMENTS OR INFORMATION MADE OR PROVIDED REGARDING ANY SUCH MATTERS, AND WAIVES ANY RIGHTS IT MAY OTHERWISE HAVE HAD TO RELY ON ANY SUCH STATEMENTS OR INFORMATION.  ASSIGNOR AND ASSIGNEE AGREE THAT, TO THE EXTENT REQUIRED BY APPLICABLE LAW TO BE EFFECTIVE, THE DISCLAIMERS OF CERTAIN REPRESENTATIONS AND WARRANTIES CONTAINED IN THIS SECTION 2.1 ARE CONSPICUOUS DISCLAIMERS.

Section 2.2     Except to the extent constituting Retained Liabilities, Assignee hereby assumes and agrees, by accepting this Assignment, the responsibility for the Assets and all the risk, cost, and expense of all Liabilities and operations related to the Assets, including without limitation (i) any ongoing operations related to any Asset, (ii) any and all repair and maintenance related to the Assets, (iii) the proper plugging and abandoning of any wells, (iv) any surface restoration or environmental obligations related to any of the Assets, (v) any release, discharge, or emission of hydrocarbons, hazardous substances, hazardous wastes, hazardous materials, solid wastes or pollutants into or onto the environment,  and (vi) all other Liabilities relating to, arising out of or arising in connection with the use, occupation, operation, ownership, maintenance or abandonment of the Assets whether arising prior to, on or after the Effective Date (all Liabilities set forth in this Section 2.2, collectively, the "Asset Related Liabilities"). As used in this Assignment, "Liability" or "Liabilities" means any debt, liability, loss, damage, claim, demand, cost, expense (including reasonable attorneys' and consultants' fees and expenses), interest, award, judgment, penalty, fine, commitment or obligation (whether direct or indirect, known or unknown, asserted or unasserted, absolute or contingent, accrued or unaccrued, matured or unmatured, determined or determinable, disputed or undisputed, liquidated or unliquidated, or due or to become due) of every kind and description (whether in contract, tort, strict liability or otherwise), including all costs and expenses related thereto (including all fees, disbursements and expenses of legal counsel, experts and advisors and costs of investigation), and including Liabilities arising under any law, regulation, lawsuit or other legal action, any order, writ, judgment, injunction, decree, stipulation, determination or award entered by or with any governmental, regulatory or administrative authority and Liabilities arising under any of the Agreements and whether arising prior to, on or after the Effective Date.  "Retained Liabilities" means the following obligations and Liabilities, known or unknown, arising from, based upon or associated with the Assets:  (a) personal injury, illness or death relating to the use, ownership or operation of the Assets prior to the Effective Date to the extent such injury, illness or death occurs both prior to the Effective Date and during Assignor's ownership of the Assets; (b) Hazardous Materials related or attributable to the Assets that, during Assignor's ownership of the Assets, were disposed of by Assignor or any of its affiliates at off-site commercial disposal facilities; and (c) any claim made by an employee of Assignor or any of its affiliates relating to such employment.

Section 2.3     Assignee agrees to defend, indemnify and hold harmless Assignor and Sanchez Oil & Gas Corporation ("SOG") (which acted as contract operator), their respective agents, employees and assigns (each an "Indemnified Party" and collectively, the "Indemnified Parties") from any and all Asset Related Liabilities and any and all obligations and Liabilities

relating to, arising out of or arising in connection with Assignee's and/or SOG's operation or use of the Assets, even if such Liabilities arose from conditions, actions or inactions occurring prior to, on or after to the Effective Date of this Assignment and even if such Liabilities are caused in whole or in part by, or contributed to by, the negligence (whether sole, joint or concurrent), strict liability or any other legal fault of an Indemnified Party, its affiliates, agents, employees or contractors, or any invitee or third party, and whether or not caused by a preexisting condition.

Section 2.4      Additionally, Assignee hereby agrees to indemnify and hold harmless Assignor and the Indemnified Parties from any and all claims arising from the production and sale of hydrocarbons from the Assets assigned hereunder, including the accounting or payment to third parties of monies attributable to their interests in such production, including any suspense funds, insofar as such claims relate to hydrocarbons produced from any wells. Assignee shall be subject to, responsible for and comply with, at its sole cost and expense, all duties and obligations of Assignor and any of the Indemnified Parties, express or implied, with respect to the Assets under or by virtue of any Lease, contract, agreement, document, permit, applicable statute or rule, regulation or order of any governmental authority or at common law, specifically including, but not limited to, any governmental request or requirement or contractual obligation to plug, re-plug and/or abandon any well of whatsoever type, status or classification, or take any clean-up, surface restoration, environmental abatement or remediation or other action with respect to the Assets.

## ARTICLE 3
## MISCELLANEOUS

Section 3.1      <u>Government Filings</u>. Assignee agrees and warrants that upon the execution of this Assignment either Assignee or its designated operator will satisfy all requirements to qualify under federal, state, and local laws, ordinance, regulations, and orders to operate any wells, including but not limited to, satisfying the financial security requirements under §104 of Statewide Order 29-B of the Louisiana Office of Conservation, Department of Natural Resources and will submit a change of operator form, Form MD-10-R-AO, and any required Surface Owner Contact Information forms, Form SOCI, to the Louisiana Office of Conservation, Department of Natural Resources, listing any and all wells.   In addition, Assignee agrees and warrants that upon the execution of this Assignment Assignee will notify the Louisiana State Mineral and Energy Board and Office of Mineral Resources of the transfer of each state Lease and submit the required Form B (Statement of Conveyance) and Form C for each state lease along with the requisite transfer payment at Assignee's sole cost and expense.

Section 3.2      <u>Sale Order</u>.  This Assignment is expressly made subject to the terms of that certain Sale Order dated June 18, 2020, issued by the United States Bankruptcy Court for the Southern District of Texas in Case No. 19-34508 (the "<u>Sale Order</u>").

Section 3.3      <u>Taxes</u>.  Assignee shall assume and pay all taxes, including ad-valorem taxes, production taxes, or any other taxes of any kind or character imposed on the Assets as of the Effective Date of this Assignment.

Section 3.4      <u>Successors and Assigns</u>. This Assignment shall be binding upon and inure to the benefit of the Parties and their respective successors and assigns. All references herein to either Assignors or Assignee shall include their respective successors and assigns.

Section 3.5     Incorporation of Exhibit "A".    The Exhibit "A" referred to in this Assignment constitutes a part of this Assignment.

Section 3.6     Counterparts.  This Assignment may be executed in counterparts, each of which shall be deemed an original instrument, but all such counterparts together shall constitute one instrument.  No Party shall be bound until such time as all of the Parties have executed counterparts of this Assignment. To facilitate recordation or filing of this Assignment, each counterpart must be filed with a parish or state agency or office that contain those portions of Exhibit "A" to this Assignment that describe Leases in that parish or under the jurisdiction of that agency or office. Complete copies of this Assignment containing the entire Exhibit "A" have been retained by Assignor and Assignee.

**IN WITNESS WHEREOF**, this Assignment has been executed by each of the Parties as of the dates of the acknowledgments below but shall be effective for all purposes as of June 1, 2020 (the "Effective Date").

[*Signature Page Follows*]

**ASSIGNOR:**

**SN TMS, LLC**

By: _____
Name:
Title:


1._____ WITNESS

(print name)_____


2._____ WITNESS

(print name)_____

STATE OF _____

COUNTY OF _____


       Personally appeared before me, the undersigned authority for the State and County aforesaid, _____, as _____ of SN TMS, LLC , who after being by me first duly sworn, stated under oath that he signed the above Assignment freely and voluntarily with full knowledge of the facts and matters contained therein, and that he was duly and properly authorized by SN TMS, LLC to execute this document on behalf of the limited liability company and bind the company to the terms and conditions of this Assignment.

       SWORN TO AND SUBSCRIBED before me this the_____day of_____, 2020.

                               _____

                               NOTARY

_____

My commission expires

*Signature Page to Assignment and Bill of Sale*

**ASSIGNEE:**

**WHITE RIVER SPV 2 LLC,**
a Texas limited liability company


By: _____
Name: Jason Puchir
Title: Chief Financial Officer



1._____ WITNESS

(print name)_____


2._____ WITNESS

(print name)_____

STATE OF _____

COUNTY OF _____


      Personally appeared before me, the undersigned authority for the State and County aforesaid, **JASON PUCHIR**, as Chief Financial Officer of White River SPV 2 LLC, who after being by me first duly sworn, stated under oath that he signed the above Assignment freely and voluntarily with full knowledge of the facts and matters contained therein, and that he was duly and properly authorized by White River SPV 2 LLC to execute this document on behalf of the limited liability company and bind the company to the terms and conditions of this Assignment.

      SWORN TO AND SUBSCRIBED before me this the_____day of_____, 2020.

_____
NOTARY

_____
My commission expires

*Signature Page to Assignment and Bill of Sale*

## EXHIBIT A

Attached to that certain Assignment and Bill of Sale dated effective June 1, 2020, by and between SN TMS, LLC, as Assignor, and White River SPV 2 LLC, as Assignee.

### Leases

| Lease No. | Lessor | Lessee | Lease Date | Book | Page | File No. | State | Parish |
|---|---|---|---|---|---|---|---|---|
| LA532001-001 | PEABODY, ANDREW L., ET AL | RESURGENCE ENERGY PARTNERS LTD | 07/14/2006 | 418 | 830 | 258597 | LA | Concordia |
| LA532001-002 | BAXTER, KELLY H. | RESURGENCE ENERGY PARTNERS LTD | 08/15/2006 | 421 | 737 | 260824 | LA | Concordia |
| LA532001-003 | DORBANDT, KENNETH T. | RESURGENCE ENERGY PARTNERS LTD | 08/15/2006 | 419 | 961 | 259394 | LA | Concordia |
| LA532001-004 | SMITH, CAROL PORTER | TRIDIMENSION ENERGY LP | 10/14/2008 | 431 | 281 | 269537 | LA | Concordia |
| LA532001-005 | RICCI JR., ARMADO T., ET AL | RESURGENCE ENERGY PARTNERS LTD | 07/28/2006 | 419 | 425 | 259056 | LA | Concordia |

## END OF EXHIBIT "A"