

ENTERED
06/30/2020

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| SANCHEZ ENERGY CORPORATION, *et al.*,[1] | Case No. 19-34508 (MI) |
| Debtors. | (Jointly Administered) |

### ORDER (A) APPROVING A SETTLEMENT WITH CERTAIN MIDSTREAM COUNTERPARTIES AND (B) AUTHORIZING THE ASSUMPTION OF CERTAIN RELATED CONTRACTS, AS AMENDED

Upon consideration of the *Emergency Motion of the Debtors Pursuant to Section 365(A) of the Bankruptcy Code and Bankruptcy Rule 9019 for Entry of an Order (A) Approving a Settlement with Certain Midstream Counterparties and (B) Authorizing the Assumption of Certain Related Contracts, As Amended* [DKT. # 1309] (the "Motion")[2], seeking among other things:

(1) Authorization to enter into and perform under a Settlement Agreement with certain of the Debtors' existing midstream and marketing service providers;

(2) Approval of the Debtors' assumption, in accordance with the Settlement Agreement, of (a) the Carnero Agreements, as amended by the Carnero Agreement Amendment, and (b) the Catarina Gathering Agreement, as amended by the Catarina Gathering Amendment (collectively, the "***Assumed Agreements***");

(3) Authorization to enter into the New Seco Pipeline Agreements;

and upon consideration of the evidence admitted and representations made on the record at the hearing on the Motion held on June 29, 2020 (the "Hearing"); and all objections to the Motion

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Sanchez Energy Corporation (0102); SN Palmetto, LLC (3696); SN Marquis, LLC (0102); SN Cotulla Assets, LLC (0102); SN Operating, LLC (2143); SN TMS, LLC (0102); SN Catarina, LLC (0102); Rockin L Ranch Company, LLC (0102); SN EF Maverick, LLC (0102); SN Payables, LLC (0102); and SN UR Holdings, LLC (0102). The location of the Debtors' service address is 700 Milam, Suite 600, Houston, Texas 77002.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

1

having been withdrawn, resolved, or overruled on the merits; and this Court having considered the legal and factual bases for the relief requested in the Motion; and upon all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY FOUND AND DETERMINED THAT:**

    A.    The findings and conclusions set forth herein constitute this Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such. This Court's findings shall also include any oral findings of fact and conclusions of law made by this Court during or at the conclusion of the Hearing.

    B.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. The matters raised in the Motion are core proceedings pursuant to 28 U.S.C. § 157(b)(2).

    C.    Venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

    D.    Proper, sufficient, and adequate notice of the Motion and the Hearing have been given in accordance with the Bankruptcy Code and the Bankruptcy Rules, and no other or further notice is necessary.

    E.    The Settlement Agreement, a copy of which is attached hereto as **Exhibit 1**, and the transactions proposed in the Settlement Agreement are reasonable and appropriate under the circumstances, and the Debtors have demonstrated both (i) good, sufficient, and sound business purposes and justification for the transactions proposed by the Settlement Agreement and (ii)

compelling circumstances for approval of the transactions contemplated as part of the Settlement Agreement pursuant to sections 363 and 365 of the Bankruptcy Code and Bankruptcy Rule 9019. The terms of the Settlement Agreement are fair and reasonable, falling above the lowest point in the range of reasonableness, and are in the best interests of the Debtors' estates and their stakeholders as a whole.

      F.      Based upon the evidence and arguments made at the Hearing, this Court has weighed the probability of success in litigation, the complexity of the litigation involved, and the expense, inconvenience, and delay necessarily attending to it. This Court has also taken into account the paramount interest of creditors and, based on all of the foregoing, has determined that the relief requested in the Motion is fair and equitable, in the best interests of the Debtors and their estates as a whole, and should be approved in all respects.

      G.      In the absence of the Settlement Agreement, the Debtors and their estates face considerable litigation expense, risk, and delay. The disputes between the Settlement Parties involve numerous legal and factual issues, and judicial resolution of these disputes will require extensive and costly briefing and discovery. Even if the Debtors were successful in litigating their alleged claims against the other Settlement Parties, any judgment obtained may be subject to appeal with no guarantee as to the ultimate outcome. Moreover, there is no doubt that the Settlement Parties' combined legal spend during a protracted litigation process would be substantial and further forestall any return of value to the Debtors and their stakeholders. The Settlement Agreement, however, resolves the Settlement Parties' disputes now without the need for costly, uncertain litigation.

H. The Settlement Agreement and the transactions contemplated thereby were negotiated, proposed, and entered into by the Settlement Parties, each of whom were represented by competent counsel, in good faith, without collusion, and as a result of arm's-length bargaining.

**IT IS HEREBY FOUND AND DETERMINED THAT:**

1. The Settlement Agreement is approved in its entirety, and the Debtors are authorized to enter into and perform under the Settlement Agreement and take all actions necessary to effectuate the terms of the Settlement Agreement.

2. In accordance with the Settlement Agreement, the Debtors hereby assume, pursuant to section 365 of the Bankruptcy Code, the Assumed Agreements. Effective as of the Closing Date, each of the Assumption Agreements will be deemed amended by the applicable Amendment Agreement and ratified for all purposes under the Plan. The Debtors are authorized to perform thereunder, in each case subject to and in accordance with the terms of the Settlement Agreement.

3. To the extent applicable, the Debtors are authorized, pursuant to section 363 of the Bankruptcy Code, to enter into and perform under the New Seco Pipeline Agreements.

4. The Settlement Parties are authorized to take such steps and actions as may be necessary or appropriate to implement the terms of the Settlement Agreement and this Order.

5. Notwithstanding any Bankruptcy Rule (including, but not limited to, Bankruptcy Rule 6004(h)), the terms and conditions of this Order shall be effective and enforceable upon its entry.

6. As part of the implementation and execution of the Plan, this Court shall retain jurisdiction with respect to all matters arising from or related to the Settlement Agreement or this Order.

7. Nothing in the Settlement Agreement or this Order requires any Other Comanche Working Interest Holder to deliver to and transport its hydrocarbons through the SECO Pipeline to the extent such Other Comanche Working Interest Holder's consent is necessary and such consent has not been obtained. This same principle applies to other matters related to the Settlement Agreement on which an Other Comanche Working Interest Holder's consent is necessary and consent has not been obtained.

8. Nothing in this Order impairs, modifies, prejudices, or otherwise affects rights of Venado Oil & Gas, LLC and each of its direct and indirect subsidiaries (including, without limitation, Venado EF L.P. and its subsidiaries), Eagle Ford TX LP, Mitsui E&P Texas LP, Gavilan Resources LLC, and GSO ST Holdings LP and each of its affiliates, GSO ST Holdings Associates LLC, SN EF UnSub GP, LLC, SN EF UnSub LP, SN EF UnSub Holdings, LLC and each of their respective affiliates (collectively, the "Comanche Non-Ops"), with respect to each of the Comanche Non-Ops' contracts, including, but not limited to, each of the Comanche Non-Ops' production marketing agreements with SN Maverick (as assignee of Anadarko E&P Onshore LLC) (the "PMAs"). For the avoidance of doubt and notwithstanding anything to the contrary in this Order, nothing in this Order shall constitute a finding that SN Maverick has or has not acted in a manner consistent with its obligations to act in good faith and in a commercially reasonable manner under the circumstances (as set forth in such PMAs) in its performance under the PMAs.

9. Notwithstanding anything to the contrary in this Order, this Order shall not waive, limit, impair, operate to preclude, or otherwise impact in any manner any claims or causes of action arising out of, in connection with, or related to (in any manner) the Settlement Agreement.

10. Any determination by SN Maverick as to whether to assume or reject a contract must be:

      a.      made by a fiduciary for SN Maverick;

      b.      made by the fiduciary after the fiduciary has exercised sufficient due diligence to determine whether the assumption or rejection is in the best interest of SN Maverick;

      c.      in the best interest of SN Maverick; and

      d.      considered after notice and hearing.

11.    If all or any portion of the $8,000,000 must be refunded, SN Maverick will be liable for the return only of that portion of the $8,000,000 actually received by SN Maverick.

12.    Any party-in-interest that has standing to object to the relief sough in ECF No. 1309 will continue to have standing to object to any motion by SN Maverick to assume or reject a contract that is filed in accordance with this order.

13.    Any rejection or termination of any material agreement affecting the Comanche Assets or any adoption of a material agreement affecting the Comanche Assets must be approved by either (i) the Operating Committee under the Comanche Joint Development Agreement, in accordance with its terms, if required under the terms of the Comanche Joint Development Agreement; or (ii) otherwise by Order of this Court.

14.    Notwithstanding anything to the contrary in this Order, the Motion, the Assumed Agreements, the New Seco Pipeline Agreements or the Settlement Agreement (including the Amendment to the Settlement Agreement), (i) the Debtors and Reorganized Debtors shall continue to comply with all executory contracts and unexpired leases until they are assumed or rejected as set forth in paragraphs 23 and 24 of the Confirmation Order and (ii) the Settlement Agreement (including the Amendment to the Settlement Agreement) and this Order does not modify or impact any rights or defenses of any Counterparty (as defined in the Confirmation Order) in connection with any objection to the assumption or rejection of any executory contracts or unexpired leases (and to prosecute any timely filed objection) under the Plan or Confirmation Order.

15. Nothing in this Order shall alter in any way the rights of the Lien-Related Litigation Creditor Representative (as defined in the Plan) under the terms of the Plan.

Signed: June 30, 2020

_____
Marvin Isgur
United States Bankruptcy Judge