UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: | § Chapter 11 |
| | § |
| SANCHEZ ENERGY CORPORATION, *et al.*,[1] | § Case No. 19-34508 (MI) |
| | § |
| Debtors. | § (Jointly Administered) |
| | § |

**OBJECTION OF ROYAL BANK OF CANADA TO EMERGENCY MOTION
PURSUANT TO 11 U.S.C. SECTIONS 105 AND 1142 TO
CARRY OUT PLAN PROVISION**
[Relates to Dkt. No. 1451]

Royal Bank of Canada, as administrative agent, as lender under the Revolving Credit Facility,[2] and as predecessor Collateral Trustee (in such capacities, "RBC"), files this objection (the "Objection") to the DIP Lenders' *Emergency Motion Pursuant to 11 U.S.C. Sections 105 and 1142 to Carry Out Plan Provision* [Dkt. No. 1451] (the "Motion") and respectfully states the following:

**Summary of Objection**

1.    The DIP Lenders' proposed Lien-Related Litigation procedures (the "Proposed Procedures") seek to unilaterally impose limitations on RBC's (and other parties') participation in Phase 1, without squarely presenting—through a pleading or otherwise—the actual issues to be determined.  As it pertains to Phase 1 of the Lien-Related Litigation, the Plan simply indicates the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Sanchez Energy Corporation (0102); SN Palmetto, LLC (3696); SN Marquis LLC (0102); SN Cotulla Assets, LLC (0102); SN Operating, LLC (2143); SN TMS, LLC (0102); SN Catarina, LLC (0102); Rockin L Ranch Company, LLC (0102); SN EF Maverick, LLC (0102); SN Payables, LLC (0102); and SN UR Holdings, LLC (0102).  The location of the Debtors' service address is 700 Milam St., Suite 600, Houston, Texas 77002.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Plan.

determination will involve the "interpretation of the Final DIP Order."[3]   Limiting RBC's participation without notice of the particular issues to be determined improperly infringes upon RBC's right to due process.  Because the DIP Lenders—in their initial pleading[4]—have not squarely presented the determination sought in Phase 1, RBC cannot reasonably prepare (or determine whether it is necessary to prepare) pleadings on issues that may affect RBC.  The Proposed Procedures must provide fair notice of the issues to be determined and an opportunity for parties-in-interest to be heard.

2.      Separately, the Phase 1 timeline of the Lien-Related Litigation was designed to determine whether the rights granted to the DIP Lenders under the DIP Order—in light of the Debtors' enterprise value as determined at confirmation—moots any challenge to the liens held by the successor Collateral Trustee.  RBC believes it is generally aligned with the DIP Lenders as it relates to this issue (as well as certain other issues).  However, RBC objects to the Proposed Procedures to the extent the procedures and the determinations sought by the DIP Lenders would preclude RBC, or other parties-in-interest, from raising other issues relating to the interpretation of the Final DIP Order and Confirmation Order in any later Phases of the Lien-Related Litigation.

**Relevant Background[5]**

3.      RBC is the owner and holder of certain First-Out Obligations, including indemnities and payment priorities that were preserved and protected from discharge under the Final DIP Order, the Plan, and the Confirmation Order.  Moreover, the Confirmation Order explicitly (i) preserved all claims, rights and defenses of RBC relating to the Lien-Related

---

[3]  Plan at p. 21.

[4]  *Id.*

[5]  For sake of brevity, RBC incorporates, as if fully set forth herein, the factual background of the *Objection of Royal Bank of Canada to Amended Joint Chapter 11 Plan of Reorganization of Sanchez Energy Corporation and Its Debtor Affiliates* [Dkt. No. 1152] (the "Plan Objection").

Litigation, (ii) preserved all rights of RBC under the Final DIP Order, (iii) and exempted from discharge all rights, claims, and obligations in favor of RBC in respect to any First-Out Obligations (as defined in the Final DIP Order), including any indemnification claims, and preserved the payment priority granted to RBC by the Final DIP Order.  Confirmation Order at ¶ 29.[6]

4.     RBC is a party-in-interest in the Lien-Related Litigation.[7]  The Plan defines the Lien-Related Litigation broadly, and includes a timeline for the anticipated litigation.[8]  The timeline generally states with respect to Phase 1, that the "phase shall be initiated by a pleading filed by the DIP Lenders or DIP Agent" in order "to determine the interpretation of the Final DIP Order."  Plan at p. 21.

---

[6]  The Final DIP Order recognized that certain First-Out Obligations remained outstanding and continued to accrue. The Final DIP Order also preserved the relative payment priority of these obligations in a position senior to, *inter alia*, the DIP Obligations, and granted RBC various rights and protections.  *See, e.g.*, Final DIP Order at ¶¶ H, 5(c), 7, 9, 9(a), 10, 13-14, 16-17, 19, 22, 23(a), and 34.

[7]  On April 10, 2020, RBC filed its *Answer and Counterclaims* [Adv. Pro. Dkt. No. 7] in the original lien challenge adversary proceeding (the "Adversary Proceeding") captioned *Sanchez Energy Corporation, et al. v. Royal Bank of Canada, Wilmington Savings Fund Society, FSB and Wilmington Trust, National Association* (Adv. Pro. No. 20-03057).  On April 14, 2020, the Court entered an Order abating the Adversary Proceeding [Adv. Dkt. No. 9].

[8]  The Lien-Related Litigation is defined as follows:

> all litigation related to challenges to the allowance, priority, scope or validity of the liens and/or Claims of the Prepetition Secured Parties (as defined in the Final DIP Order) or the priority or scope of the liens and/or Claims of the DIP Lenders, including any litigation regarding (i) the interpretation of the Final DIP Order and other matters regarding the scope of the collateral securing the DIP Claims, (ii) the amount and characterization of the DIP Claims (including the Final DIP Order's treatment of new-money DIP Claims and roll-up DIP Claims), (iii) the amount of any deficiency claim of the DIP Lenders, (iv) adequate protection claims pursuant to section 507(b) of the Bankruptcy Code (including issues regarding diminution in value, and any recharacterization or disgorgement of adequate protection payments made pursuant to the Final DIP Order, or any prior interim order), (v) the applicability of the equities of the case doctrine under section 552 of the Bankruptcy Code, (vi) all Causes of Action referenced and asserted in the Lien Challenge Complaint, (vii) the claim objections filed by the Creditors' Committee on March 10, 2020, at Docket No. 1027, (viii) the value of Causes of Action, and (ix) the relative value of encumbered and unencumbered assets. For purposes of clarification, nothing in the Plan or the Confirmation Order shall alter, amend, or otherwise limit any rights, claims, or defenses that may or could be asserted by the DIP Lenders, DIP Agent, Collateral Trustee, Secured Notes Indenture Trustee, or any Holders of DIP Claims or Senior Notes Claims in connection with or in defense of the Lien-Related Litigation, irrespective of whether such rights, claims, or defenses arose before or after the Petition Date and whether provided or arising under the Final DIP Order, applicable agreements, applicable law, or otherwise.

Plan at p. 7.  The timeline for the Lien-Related Litigation is set forth Article IV of the Plan at p. 21.

217569.000174 23735922.4

5.      On July 10, 2020, the DIP Lender filed the Motion, requesting the Court enter an order approving the Proposed Procedures.  However, the Motion does not present specific issues or seek a determination regarding any issue relating to the interpretation of the Final DIP Order. Notwithstanding this lack of notice, the Motion seeks to exclude RBC from participating in Phase 1, except for filing a two (2) page position statement.  *See* Motion at p. 3.

### Objection

I.      **Limiting RBC's Participation in Phase 1 Violates Due Process and Any Procedures Must Provide Notice and an Opportunity To Be Heard on the Specific "Interpretive" Determinations Sought by the DIP Lenders and the Lien-Related Litigation Creditor Representative**

6.      Based on the nature and scope of the issues that could be subject to interpretation under the Final DIP Order, RBC, as predecessor Collateral Trustee and holder of certain First-Out Obligations, must be in a position to review and appreciate the precise issues on which a determination is sought in order to determine whether any pleading by RBC is necessary in order to protect RBC's interests.  The Proposed Procedures make it impossible for RBC to assess those issues and meaningfully participate to the extent its interests may be adversely affected.

7.      Under the Confirmation Order, all rights, claims, and obligations in favor of RBC in respect of the First-Out Obligations were preserved and unaffected by the Plan. *See* Confirmation Order at ¶ 29.  Further, any lien or security interests for the benefit of RBC, including liens, security interests, super-priority claims, or other elevated payment priorities granted for the benefit of RBC under the Final DIP Order, in respect of the First-Out Obligations, are enforceable by RBC against the Reorganized Debtors with the same priority and extent as such claims had under the Final DIP Order.  *Id*.  Accordingly, RBC has an acute interest in protecting its rights under the Final DIP Order and the Confirmation Order.

217569.000174 23735922.4

8.      RBC understands the primary issue to be determined through Phase 1 of the Lien-Related Litigation, is whether a challenge to the liens held by the successor Collateral Trustee has been rendered moot by the rights granted to the DIP Lenders under the Final DIP Order and the valuation of the Reorganized Debtors as determined at confirmation.  On this basis, RBC does not necessarily anticipate being involved in Phase 1 of the Lien-Related Litigation.  However, RBC cannot possibly know whether its rights and interests under the Final DIP Order may be adversely affected without seeing the actual determinations sought by the DIP Lenders and the Lien-Related Litigation Creditor Representative.

9.      As the Confirmation Order expressly preserved the rights, claims, or defenses of RBC in connection with the Lien-Related Litigation and under the Final DIP Order, the Proposed Procedures must not preclude RBC from protecting its rights.

10.     As such, the Proposed Procedures would improperly infringe upon RBC's due process rights by unilaterally establishing limitations on RBC's participation—now and in the future—without notice of the determinations being sought or the specific issues to be addressed.

**II.     Phase 1 of the Lien-Related Litigation Must Not Preclude RBC from Determining its Rights under the Final DIP Order and Confirmation Order in Later Phases of the Litigation**

11.     The Lien-Related Litigation timeline generally states, with respect to Phase 1, that the "phase shall be initiated by a pleading filed by the DIP Lenders or DIP Agent" in order "to determine the interpretation of the Final DIP Order."  Plan at p. 21.  Considering the generality of this provision, and the lack of clarity regarding what specific determination relating to "the interpretation of the Final DIP Order" the DIP Lenders will seek, any procedures order should clarify that RBC will not be precluded from seeking and obtaining a determination of its rights

under the Final DIP Order or Confirmation Order—subsequent to, or separate and apart from, Phase 1 of the Lien-Related Litigation.

12.     To the extent the Motion purports to require RBC to litigate *any and all* interpretive issues relating to the Final DIP Order in Phase 1 of the Lien-Related Litigation (which RBC vigorously denies), a robust scheduling order should be entered specifying each of the issues to be determined and setting appropriate briefing deadlines in connection with each issue.

## **Reservation of Rights**

13.     RBC reserves all rights to supplement or amend this objection, or to join any objections or other pleading filed in connection with the Motion.

*[concluded on the following page]*

217569.000174 23735922.4

**Conclusion**

WHEREFORE, RBC requests that the Court amend the Proposed Procedures to (i) provide RBC with notice of the Phase 1 issues and an opportunity to be heard and (ii) clarify that RBC's right to seek an interpretation of the Final DIP Order and Confirmation Order during the Lien-Related Litigation or at any future time is not impaired.

Houston, Texas
Dated: July 16, 2020

THOMPSON & KNIGHT LLP

By: /s/ Tye C. Hancock
Tye C. Hancock
Texas State Bar No. 24032271
Anthony F. Pirraglia
Texas State Bar No. 24103017
Cameron Rivers
Texas State Bar No. 24102846
811 Main Street, Suite 2500,
Houston, Texas 77002
Telephone: 713.654.8111
Fax: 713.654.1871
Tye.Hancock@tklaw.com
Anthony.Pirraglia@tklaw.com
Cameron.Rivers@tklaw.com

*Counsel for Royal Bank of Canada*

**Certificate of Service**

I certify that on July 16, 2020, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

/s/ Tye C. Hancock
Tye C. Hancock

217569.000174 23735922.4