**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | § | Case No. 19-34508 (MI) |
| | § | |
| SANCHEZ ENERGY CORPORATION, *et al.*, | § | Chapter 11 |
| | § | |
| | § | (Jointly Administered) |
| Debtors. | § | |
| | § | |

**CREDITOR REPRESENTATIVE'S NOTICE PLEADING RAISING PHASE 3**
**LIEN-RELATED LITIGATION ISSUES PURSUANT TO CONFIRMED PLAN**
(Relates To ECF Nos. 1212, 1847 & 1848)

The Lien-Related Litigation Creditor Representative ("Creditor Representative") files this notice in connection with Phase 3 of the Lien-Related Litigation pursuant to Article IV.D of the Plan (ECF No. 1212) and the Court's *Order Resolving Phase 2 of the Lien-Related Litigation* (ECF No. 1848) and *Memorandum Opinion*, entered on March 10, 2021 (ECF No. 1847) (together, the "Phase 2 Ruling").[1]  Incorporated herein are the allegations of fact set forth in the:  Lien Challenge Complaint; the UCC Complaint; and the UCC Claim Objection (each as defined in the Phase 2 Pleading[2]); and the [Proposed] Complaints which were the subject of the *Motion of the Official Committee of Unsecured Creditors for Leave, Standing, and Authority to Prosecute Claims on Behalf of the Debtors Estates and for Related Relief* (ECF No. 1032, the "UCC SN Affiliate Complaint", and with the UCC Complaint, the "UCC Complaints")).

## JURISDICTION

On March 24, 2021, the Secured Notes Ad Hoc Group/DIP Lenders and, duplicatively, their DIP Agent, Wilmington Savings Fund Society, FSB, each filed Notices of Appeal with respect to the Phase 2 Ruling.  *See* ECF Nos. 1859, 1860.  Because an authorized notice of appeal may divest a court of jurisdiction, the Creditor Representative begins by analyzing jurisdiction. *See In re Nair*, 320 B.R. 119, 121 (Bankr. S.D. Tex. 2004) (*citing In re U.S. Abatement*, 39 F.3d 563, 568 (5th Cir. 1994)).

Although a notice of appeal can be an event of jurisdictional significance, that "presupposes that there is a final judgment from which to appeal." *U.S. Abatement*, 39 F.3d at 568 (citations omitted).  "As there is no right to appeal an interlocutory order," unauthorized appeals

---

[1]  Capitalized terms not otherwise defined herein have the meanings given them in the Phase 2 Ruling or the *Second Amended Joint Chapter 11 Plan Of Reorganization Of Sanchez Energy Corporation And Its Debtor Affiliates* (ECF No. 1212, the "Plan").

[2]  The "Phase 2 Pleading" is the *Initial Notice Pleading Raising Phase 2 Lien-Related Litigation Issues Pursuant to Confirmed Plan* (ECF No. 1607).

from interlocutory orders are "simply premature and of no effect."  *Id*.; *see also United States v. Hitchmon*, 602 F.2d 689, 694 (5th Cir. 1979) ("We are persuaded that filing a notice of appeal from a nonappealable order should not divest the district court of jurisdiction and that the reasoning of the cases that so hold is sound.  The contrary rule leaves the court powerless to prevent intentional dilatory tactics, forecloses without remedy the nonappealing party's right to continuing trial court jurisdiction, and inhibits the smooth and efficient functioning of the judicial process.").

The Phase 2 Ruling, as its name reflects, is interlocutory, and is thus only appealable with leave of the district court under 28 U.S.C. § 158(a)(3).  The Phase 2 Ruling did not result in the conclusion of the Lien-Related Litigation, which, under the Plan, spans over Phases 1-3 and is to culminate in the Post-Effective Date Equity Distribution.  *See* Plan § IV.D; *see also Oxley v. Watson (In re Watson)*, 884 F.2d 879, 880 (5th Cir. 1989) ("bankruptcy court orders that constitute only a preliminary step in some phase of the bankruptcy proceeding and that do not directly affect the disposition of the estate's assets [are] interlocutory and not appealable," *quoting Foster Secs., Inc. v. Sandoz (In re Delta Servs. Indus.)*, 782 F.2d 1267, 1270-71 (5th Cir. 1986)).  The Phase 2 Ruling did not grant any final relief and expressly reserved resolution of various consequential issues for Phase 3.

The Secured Notes Ad Hoc Group/DIP Lenders and Wilmington have neither sought nor obtained leave to bring an interlocutory appeal.  To the contrary, they have violated Bankruptcy Rule 8004(a)(2), which requires that a motion for leave to appeal an interlocutory order be filed contemporaneously with the notice of appeal.

Thus, the appellants' notices of appeal—in addition to being substantively meritless[3]—have no impact on this Court's pending jurisdiction.

## PLEADING

In connection with Phase 3, the Creditor Representative asserts the following:

1.        The Creditor Representative may avoid, recover, and preserve any transfers of property to the Prepetition Secured Parties[4] that were made or perfected pursuant to the Correction Affidavits, or the value thereof, with respect to the Harrison, Hausser, and Koenning Leases, pursuant to sections 547, 550, & 551 of the Bankruptcy Code, the Final DIP Order, and applicable non-bankruptcy law.  Pursuant to the Phase 2 Ruling, the Correction Affidavits satisfy 11 U.S.C. § 547(b)(1), (2) and (4).  Phase 2 Order at 1.  In addition, at the time the Correction Affidavits were entered, the Debtors were presumed to be, and in fact were, insolvent.  11 U.S.C. § 547(b)(3) & (f); *see, e.g.,* 9/19/19 Tr. at 187:5-15 (Debtors' investment banker discussing 1L notes trading below par); 188:10-12 (discussing "value indications well within the first lien face value"); 199:1-201:9 (Debtors received two prepetition "third parties' indication of values" implying values "well within the 1L claim amounts…both values were substantial lower than $500 million"); B. Latif Dec. at ¶ 30 (same) (ECF No. 339); Berube Depo. Designations at 125:3-4.  And, the Prepetition

---

[3]  The Court's Phase 2 Ruling, which was grounded in significant precedential authority from the Fifth Circuit and the Supreme Court of Texas, is already supported by subsequent authority.  *See In re KrisJenn Ranch, LLC*, No. 20-50805-RBK, 2021 Bankr. LEXIS 754, *31-32 (Bankr. W.D. Tex. Mar. 24, 2021) (finding that assignment agreement recorded in Shelby County that did not include a legal description of real property, but referred to another document, the Longbranch Purchase Agreement "attached hereto as Exhibit 'A'" which was not attached, "would not satisfy the requirement of a sufficient legal description").

[4]  For the avoidance of doubt, and to the extent applicable, the phrase "Prepetition Secured Parties" as used herein includes, among others, Royal Bank of Canada in its capacities as (a) sole lender under the Revolving Credit Facility, and (b) administrative agent under the Revolving Credit Facility, (2) Wilmington Savings Fund Society, FBS in its capacity as successor notes trustee under the 7.25% Notes, and (3) Wilmington Trust, National Association in its capacity as successor collateral trustee.

Secured Parties significantly improved their position pursuant to the Correction Affidavits. 11 U.S.C. § 547(b)(5); *see, e.g.,* Phase 2 Mem. Op. at 40-41 ("transfers plainly benefited the Senior Noteholders"); 8/13/19 Tr. at 107:13-108:15; 9/19/19 Tr. at 257:23-258:25; 159:23-160:12; Berube Depo. Designations at 104:15-105:2; 122:20-123:8.

2.      The postpetition interest payments made to the Prepetition Secured Parties pursuant to Paragraph 19(c) of the Final DIP Order (*see* ECF No. 834 at 5, forecasting ~$36 million in such payments) should be avoided, disgorged, and/or otherwise recovered by the Creditor Representative. *See* 4/30/2020 Tr. at 97:8-19 (stipulated valuation less than the amount outstanding under postpetition financing).

3.      Pursuant to the Final DIP Order and the Court's August 14, 2020 ruling resolving Phase 1 ("Phase 1 Ruling"), the DIP Claims have no recourse to Avoidance Actions against the Prepetition Secured Parties and, with respect to Avoidance Actions against parties other than the Prepetition Secured Parties, recourse only to the Available Avoidance Proceeds. Thus, the entirety of the Post-Effective Date Equity Distribution should be issued and distributed to the Creditor Representative pursuant to the terms of the Plan, based on the value of the: (i) Harrison, Hausser, and Koenning Leases (including all associated well, royalty, and mineral interests); (ii) the Avoidance Actions (as defined in the Final DIP Order), the commercial tort claims (as defined in Uniform Commercial Code § 9-102(a)(13)), in each case, as asserted in the UCC Complaints and the Lien Challenge Complaint, as well as any claims that arise out of the same transactions and occurrences; (iii) the Avoidance Actions[5] which are described in the immediately-preceding paragraph (2); and (iv) all proceeds of the foregoing.

---

[5]   Pursuant to the Phase 1 Ruling, claims that seek disgorgement from the recipient creditor are Avoidance Actions under the Final DIP Order. *See* 8/14/20 Tr. at 7.

4.      The Creditor Representative reasserts its request for relief sought pursuant to the Phase 2 Pleading and associated briefing with respect to issues that have not yet been resolved by the Court, including with respect to disallowance of Proof of Claim No. 216.[6]

Respectfully submitted this 8th day of April, 2021.

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**

By: /s/ *Patricia B. Tomasco*
Patricia B. Tomasco (SBN 01797600)
Christopher Porter
Devin van der Hahn
711 Louisiana Street, Suite 500
Houston, TX 77002
Telephone: (713) 221-7000
Facsimile: (713) 221-7100

-and-

Benjamin I. Finestone (*pro hac vice*)
51 Madison Avenue, 22nd Floor
New York, New York 10010
Telephone:  (212) 849-7000
Facsimile:  (212) 849-7100

-and-

K. John Shaffer (*pro hac vice*)
Matthew Scheck (*pro hac vice*)
865 S Figueroa St., 10th Floor
Los Angeles, CA 90017
Telephone:  (213) 443-3000
Facsimile:  (212) 443-3100

**COUNSEL FOR THE LIEN-RELATED LITIGATION CREDITOR REPRESENTATIVE**

---

[6]  The Creditor Representative believes that the Reorganized Debtors, under the control of the DIP Lenders, may have violated the Plan, which provides that "Reorganized SN shall not declare, pay, or make any dividend *or other similar distribution* on account of the New Common Stock *or make any similar transfer with respect to the New Common Stock* until the Post-Effective Date Equity Distribution has occurred."  Plan at IV.D (emphases added).  All rights are reserved.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 8, 2021, a copy of the foregoing statement was served through the Court's CM/ECF notification system to all parties who have appeared in this case through counsel or who have submitted a request for service by CM/ECF and/or via first class mail, postage prepaid to the parties named on the Master Service List.

*/s/ Patricia B. Tomasco*
Patricia B. Tomasco
